Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Abbas S. Kazerounian, Esq. (SBN: 24903)
ak@kazlg.com
**Kazerouni Law Group**
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Other Attorneys on Signature Page

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Patricia Connor**, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br>v.<br><br>**JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae,**<br><br>                    Defendants. | Case Number: 10 CV 1284 DMS BGS<br><br>**CLASS ACTION**<br><br>**First Amended Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Patricia Connor ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of JPMorgan Chase Bank and its related entities, subsidiaries and agents ("Chase") and Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae") or collectively as "Defendants", in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiff also seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants do business within the State of California and the County of San Diego.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

5. Plaintiff is informed and believed, and thereon alleges, that Defendant JP Morgan Chase & Co. is, and at all times mentioned herein was, a corporation whose primary corporate address is 270 Park Avenue, New York, NY 10017. JP Morgan Chase & Co. is a financial holding company and was incorporated under Delaware law in 1968. JP Morgan Chase's principal bank subsidiaries are JP Morgan Chase Bank, N.A. and Chase Bank U.S.A., N.A. Chase is one of the country's largest home mortgage providers and loan servicing agencies, including providing loan modifications to borrowers caught in the recent home loan crisis and real estate valuation crisis. Chase's home loans were insured by government agencies, including Fannie Mae, in the amounts of $1.4 billion for 2007, $3.5 billion for 2008, and $9.7 billion for 2009. Especially relevant for this action, Chase services loans for third-parties as part of its core business, generating substantial revenues, and included over $1 billion dollars in mortgage loans in 2009 that were serviced for third-parties, including Fannie Mae, with Chase's percentage of third-party loan servicing revenue increasing in 2009 over the prior two years.

6. Fannie Mae's primary corporate address is 3900 Wisconsin Avenue NW, Washington, DC 20016. Fannie Mae is a government-sponsored enterprise established by Congress in 1938 and chartered by Congress in 1968 as a private shareholder-owned corporation. Its stock is traded on the Over the Counter market. Fannie Mae assists homebuyers by providing capital for funding mortgage loans and operates in the U.S. secondary mortgage market. Rather than making home loans directly to consumers, Fannie Mae works with mortgage bankers, brokers and other primary mortgage market partners

to help ensure they have funds to lend to home buyers at affordable rates. Fannie Mae funds its mortgage investments primarily by issuing debt securities in the domestic and and international capital markets. On information and belief, Fannie Mae relies upon other lenders, such as Chase, to service its mortgages and to engage in collection practices when the borrowers fall behind in their payments.

## FACTUAL ALLEGATIONS

7. Defendants are, and at all times mentioned herein were, corporations and "persons," as defined by 47 U.S.C. § 153 (10). Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, both Defendants were the agents and employees of their codefendants, and in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

8. At all times relevant, Plaintiff was an individual residing within the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiff obtained home mortgages in the late 2005 – early 2006 time-frame for her real property through Chase's home financing entity Chase Bank U.S.A., N.A. Those included loan no. 1096734380. On information and belief, once the loan had closed, Chase sold Plaintiff's mortgages to Fannie Mae, and they have been owned by Fannie Mae throughout the relevant period herein. Plaintiff's loan is owned by Fannie Mae and that loan has been serviced by Chase for Fannie Mae for all of the relevant time period. The Fannie Mae website responds to an inquiry as to whether Plaintiff's loan is a Fannie Mae loan in the affirmative, and furthermore, Plaintiff was told directly by Chase employee "Lynn", employee number 6745695, in approximately October, 2008, that her loan was in fact owned by Fannie Mae

1  during the relevant time period Plainitff received the calls complained of herein.

2  10. This lawsuit seeks statutory damages for the TCPA violations committed by Defendant Chase, both from Chase and from the creditor Defendant Fannie Mae, for violations made by Chase, its related entities, subsidiaries and agents while servicing Fannie Mae loans. Even though Plaintiff's mortgage loans were owned by Defendant Fannie Mae, Chase and its related entities, subsidiaries and agents have serviced the loan throughout the relevant time period, engaged in collection efforts and while doing so, committed the TCPA violations while acting in such capacity for Defendant Fannie Mae. In addition to servicing Plaintiff's loans, through agreements with Fannie Mae, Chase services many thousands, or tens of thousands, of mortgages for and on behalf of Fannie Mae, including loans not originally placed by Chase but placed by other lenders but serviced by Chase for Fannie Mae. Chase also services mortgages originally placed by Chase but sold by Chase to Fannie Mae, including Plaintiff's mortgages. Thus, Chase has or had loan servicing agreements for many thousands of borrowers whose loans are or were owned by Fannie Mae loans during the relevant period whereby Fannie Mae is the creditor or owner of the loan and Chase is the entity servicing the loans for Fannie Mae. In that capacity, for all the Fannie Mae loans it services, Chase collects payments and engages in collection efforts when the borrowers are behind in their payments. As alleged herein, Chase, its related entities, subsidiaries and agents repeatedly violated the TCPA, 47 U.S.C. § 227 *et seq.*, by negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone. Fannie Mae is also liable for such TCPA violations, pursuant to both agency theories and the Federal Communication Commission's Declaratory Ruling FCC 07-232 (December 28, 2007) ("FCC Ruling") holding a creditor to be liable for the TCPA violations of its agent.

**HYDE & SWIGART**
San Diego, California

11. Here Defendant Chase and its related entities, subsidiaries and agents had direct communication with Plaintiff in the commission of the TCPA violations alleged herein.  However, in engaging in such violations, Chase was acting on behalf of the creditor Fannie Mae, who communicated with Plaintiff only through Chase, without Fannie Mae's direct involvement with Plaintiff.  Chase never specifically advised Plaintiff about the sale of Plaintiff's loans to Fannie Mae and the resulting Chase loan servicing agreement with Fannie Mae for several years, until approximately October, 2008 when Chase employee "Lynn", employee number 6745695, informed Plaintiff that her loan had been sold by Chase to Fannie Mae and owned all along by Fannie Mae.

12. On multiple occasions beginning in approximately May, 2007 when Plaintiff experienced financial difficulties, and continuing on many occasions over the following 10 to 12 months, Defendant Chase, through its related entities, subsidiaries and agents, including Chase Bank USA, N.A., and Chase Home Finance, LLC, contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1) and used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).  Such calls requested that Plaintiff make payments on her home mortgages and bring her accounts current, and such calls were made repeatedly to Plaintiff's cell phone in that 10 to 12 month time period.  Those calls by Chase were received by Plaintiff on her cell phone at least several times a week, in the May, 2007 time-frame, and much more frequently in the next 10 to 12 months.  At a minimum, Plaintiff received dozens of calls to her cell phone from May, 2007 through April, 2008 made by Chase or its related entities, subsidiaries or agents.

13. On information and belief, Chase made such calls to Plaintiff's cellular telephone pursuant to its agreement with Fannie Mae to service and collect

Plaintiff's loan payments and arrearages for Fannie Mae, and in carrying out its duties as the loan servicing agency working on behalf of Defendant Fannie Mae, the entity that owned Plaintiff's home mortgages. On information and belief, such calls were made by Chase, its related entities, subsidiaries and its agents on behalf of and for the benefit of Defendant Fannie Mae, as well as for Chase's own financial benefit as the loan servicing agency for Fannie Mae. Defendant Chase also made calls to other proposed Class members' cell phones while servicing their loans on behalf of creditor Fannie Mae during the relevant time period, all while performing Fannie Mae's loan servicing on behalf of and for the benefit of the creditor Defendant Fannie Mae.

14. Some of the numbers from which Chase and its agents called Plaintiff are as follows: 866-998-2500; 210-614-1167; 888-609-2379; 800-723-3004; 909-484-2356; and 877-881-2182.

15. Due to renewed and continuing financial difficulties, Plaintiff fell behind in making the payments for the original adjustable rate loans and in 2008 sought to modify the original loans obtained through Chase. For over six months in 2008 Plaintiff sought to modify her loans with Chase and in or about January, 2009, new agreements were put in place to modify Plaintiff's original loan payments. However, Plaintiff had further problems in making timely payments on those modified mortgage obligations serviced by Chase. As a result, again Chase, through its subsidiaries, related entities and agents, and through at least one of its entities Chase Home Finance LLC, and on behalf of creditor Defendant Fannie Mae, made additional calls to Plaintiff's cell phone beginning again in March, 2009 via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1) and / or by a prerecorded voice message during the relevant period, and continuing thereafter. At a

minimum, Plaintiff received dozens of calls after March, 2009 made to her cell phone from Chase.

16. During these telephone calls made after March, 2009 Defendant Chase and its related entities, subsidiaries and agents used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

17. The telephone number Defendant Chase and its related entities, subsidiaries and agents called Plaintiff was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

18. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

19. Plaintiff did not provide prior express consent at any time to Fannie Mae to receive calls made to her cell phone with an autodialer and / or with prerecorded voice messages, pursuant to 47 U.S.C. § 227 (b)(1)(A). Plaintiff did not provide prior express consent at any time to Chase or any of its entities, subsidiaries or agents to receive calls made to her cell phone with an autodialer and / or with prerecorded voice messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

20. Pursuant to the Federal Communication Commission's Declaratory Ruling FCC 07-232 (December 28, 2007) ("FCC Ruling") promulgated pursuant to the instructions of Congress to make such rules as necessary to implement the TCPA, the creditor -- here Fannie Mae -- is also responsible for the TCPA violations committed by its agents – here Chase -- collecting on the account for the creditor. That FCC Ruling states: ". . . a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls made by a third party collector in behalf of that creditor are treated as if the creditor itself placed the call." *Id*. at paragraph 10. Thus, both under that

FCC Ruling, and pursuant to agency theories of liability and *respondeat superior*, Defendant Fannie Mae is also liable to Plaintiff and the Class for the TCPA violations alleged herein.

21. These telephone calls by Defendant Chase and its agents, and on behalf of the creditor Defendant Fannie Mae, violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("The Class").

23. Plaintiff represents, and is a member of, The Class defined as follows:
    "All persons within the United States whose loan was owned or guaranteed by Defendant Fannie Mae and also serviced by Chase within the relevant time period, and who received any telephone call from Defendant Chase, its related entities, subsidiaries or agents to that person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, and without the called party giving prior express consent to be called in that manner, within the four years prior to the filing of the original Complaint in this action."

24. Defendants, their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class Members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25. Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendant Chase, acting on behalf of and for the benefit for creditor Defendant Fannie Mae, illegally contacted Plaintiff and The Class members via their cellular telephones for a number of reasons, including in order to request and pressure such Class members to bring current the mortgage payments on the mortgages owned by Fannie Mae and

serviced by Chase. As a result, Plaintiff and The Class members incurred certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and The Class members previously paid, by having to retrieve or administer messages left by Defendant Chase during those illegal calls, and invading the privacy of said Plaintiff and The Class members. Plaintiff and The Class were damaged thereby.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of the original Complaint in this action, Defendant Chase, through its subsidiaries, entities and agents, made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

   b. Whether, within the four years prior to the filing of the original Complaint in this action, Defendant Chase, through its subsidiaries, entities and

agents, made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service while servicing loans for which Defendant Fannie Mae was the owner and creditor, and for Fannie Mae's benefit, while collecting payments on those loans, thereby making Fannie Mae liable for the TCPA violations as well as Chase.

c. Whether Defendant Fannie Mae owned the mortgage loan for which Defendant Chase was making the calls to Plaintiff that violated the TCPA, and whether Defendant Chase and Defendant Fannie Mae were acting as principal or agent, one for the other, in making the cell phone calls to Plaintiff and The Class members, and whether one is liable for the acts of the other.

d. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

29. Plaintiff is asserting claims that are typical of The Class because she is a person that received numerous calls from Chase, its related entities, subsidiaries and agents, calls that were made on behalf of Fannie Mae as the creditor on the loans, using an automatic telephone dialing system or an artificial or prerecorded voice, and without her prior express consent before receiving such calls. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interests antagonistic to any member of The Class.

30. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class

action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendants have acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant Chase, through its related entities, subsidiaries and agents, including but not limited to Chase Bank U.S.A., and Chase Home Finance, LLC, in making the calls to the cell phones of Plaintiff and The Class, constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every

one of the above-cited provisions of 47 U.S.C. § 227 *et seq*. Defendant Chase serviced and collected on those loans on behalf of Defendant Fannie Mae, the creditor that owned the Class members' loans, and Fannie Mae as creditor hired Chase to act as its agent in servicing and collecting on its loans, and Fannie Mae participated in, consented to, and accepted funds from, the efforts of its agent Chase in collecting on such Fannie Mae loans. As a result, Defendant Fannie Mae is also liable for the TCPA violations alleged herein, by Chase in making the calls to the cell phones of Plaintiff and The Class, under the Federal Communication Commission's Declaratory Ruling, FCC 07-232 (December 28, 2007) and 47 U.S.C. § 227 *et seq*.

36. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

38. Plaintiff incorporates by reference the above paragraphs 1 through 33, inclusive, of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant Chase, through its related entities, subsidiaries and agents, including but not limited to Chase Bank U.S.A., and Chase Home Finance, LLC, in making the calls to the cell phones of Plaintiff and The Class, constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*. Defendant Chase serviced and collected on those loans on behalf of Defendant Fannie Mae, the creditor that owned The Class members' loans,

and Fannie Mae as creditor hired Chase to act as its agent in servicing and collecting on its loans, and Fannie Mae participated in, consented to, and accepted funds from, the efforts of its agent Chase in collecting on such Fannie Mae loans. As a result, Defendant Fannie Mae is also liable for the TCPA violations alleged herein, by Chase in making the calls to the cell phones of Plaintiff and The Class, under the Federal Communication Commission's Declaratory Ruling, FCC 07-232 (December 28, 2007) and 47 U.S.C. § 227 *et seq*.

40. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and for each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: September 10, 2010

**Law Offices of Douglas J. Campion**

By: /s Douglas J. Campion
Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

**HYDE & SWIGART**

By: /s Joshua B. Swigart
Joshua B. Swigart

**Kazerouni Law Group**

By: /s Abbas Kazerouni
Abbas S. Kazerouni

Attorneys for Plaintiff