# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Connor, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae,<br><br>                    Defendants. | Case No.: 10-CV-1284 DMS BGS<br><br>**CLASS ACTION**<br><br>**ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**<br><br>Judge:     Hon. Dana M. Sabraw<br>Courtroom:     10 |

WHEREAS, a putative class action is pending in this Court entitled *Patricia Connor, Individually and on Behalf of All Others Similarly Situated, v. JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae*, Case No. 10 CV 1284 DMS BGS (the "Action");

WHEREAS, a putative class action is pending in the United States District Court for the Northern District of California, San Francisco/Oakland Division, entitled *Sheri L. Bywater, on behalf of herself and all others similarly situated vs. JPMorgan Chase Bank, N.A. and Chase Bank USA, N.A.*, Case No. CV 11 2257 (the "Bywater Action");

WHEREAS, the parties to the Action and to the Bywater Action have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 2 below) and a hearing, to settle this Action upon the terms and conditions set forth in the Settlement Agreement lodged with this Court (the "Agreement"), and the Parties now request preliminary certification of a Fed. R. Civ. P. 23(b)(3) settlement class and preliminary approval of the proposed class action settlement;

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, and the Bywater Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the Agreement and settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

The Court has read and considered the Agreement, Preliminary Approval Motion and the record.

NOW, THEREFORE IT IS HEREBY ORDERED:

1. Preliminary Approval of Proposed Settlement

The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that:  (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2. Class Certification For Settlement Purposes Only
Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced by JPMCB or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class

1
2
3
4

are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any members of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

5
6

In connection with this conditional certification, the Court makes the following preliminary findings:

7
8

(a)     The Settlement Class appears to be so numerous that joinder of all members is impracticable;

9

(b)     There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

10
11

(c)     Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

12

(d)     Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

13
14
15
16

(e)     For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

17
18

(f)     For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

19
20
21

3.  Class Representatives
     Plaintiffs Patricia Connor and Sheri L. Bywater are designated as class representatives for the Settlement Class.

22
23
24
25
26

4.  Class Counsel
     The Court appoints Hyde & Swigart, The Kazerouni Law Group, APC, the Law Offices of Douglas J. Campion, Lieff Cabraser Heimann & Bernstein, LLP, and David P. Meyer & Associates Co., LPA, as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

27
28

5. Settlement Hearing

A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Dana M. Sabraw, at the U.S. District Court, 940 Front Street, Courtroom 10, San Diego, CA 92101, on August 3, 2012, at 1:30 p.m., as set forth in the notice to the Settlement Class, to determine whether the Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive award to Plaintiffs and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 14 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

6. Class Notice

Class Notice shall be sent within thirty (30) days following entry of this Order. The Court approves the form and substance of the proposed notice procedure set forth in the Agreement. As provided in that Agreement, Defendant JPMorgan Chase Bank, N.A. ("JPMCB") provided the Settlement Class List to Class Counsel who provided it to the Claims Administrator, Gilardi & Co. Gilardi & Co. shall mail a short form Postcard Notice to each Class Member at their last known address as provided on the Settlement Class List. The Claims Administrator will check each address against the United States Post Office National Change of Address Database, will conduct reasonable research to locate valid address information for Class Members whose Notices were returned as undeliverable, will update addresses based on forwarding information received from the United States Post Office, and will update the addresses based on any requests to do so received from Settlement Class members. The mailed notice will reference the dedicated settlement website ( www.connorTCPAsettlement.com) containing the full details of the Settlement and allowing claim submission. The Settlement web page will be established prior to the mailing of any Notice and shall remain active at least thirty (30) days after the Effective Date of the Final Approval Order. The mailed notice will also contain the Claims Administrator's toll-free telephone number for telephonic inquiries about the Settlement.

7. Declaration to be Filed Regarding Notice

At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Agreement.

8. Findings Concerning Class Notice

1

2

3

4

5

6

7

The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class.  The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

8

9

10

11

12

13

14

9.  Approval Of Claims Process, Settlement Fund and Cy Pres Procedure

The claims submission process described in the Agreement is hereby approved.  The Court preliminarily approves the process set forth in the Agreement for submitting, reviewing, approving and paying all claims from the Settlement Fund, which Fund shall be either in the amount of $9,000,000 or $7,000,000, with the Agreement stipulating the $7,000,000 will be the minimum amount paid under the Settlement by JPMCB and the $9,000,000 will be the maximum amount paid under the Settlement by JPMCB. The Court also approves the process for paying the costs of notice and claims administration, Incentive Payments and the Class Counsel's attorneys' fees and litigation costs and any *cy pres* amounts from that Settlement Fund.

15

16

17

18

19

20

10. Exclusion From The Settlement Class

(a)     Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address within ninety (90) days after entry of this Order.  All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

21

22

23

24

25

26

(b)     Exclusion requests must:  (i) be signed; (ii) include the full name, address and cell phone number of the person(s) requesting exclusion; and (iii) include a statement to the effect that they wish to be excluded from this settlement. No request for exclusion will be valid unless all of the information described above is included.   .  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

27

(c)     The Claims Administrator will retain a copy of all requests for

28

exclusion.  Not later than ten (10) days before the Final Approval Hearing, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

(d)     If 10% (ten percent) or more persons in the Settlement Class opt out of the Settlement, then JPMCB, in its sole discretion, will have the right to terminate the Settlement and the Agreement.  In the event that the Settlement is terminated pursuant to this Paragraph, the parties will be returned to the status quo ante pursuant to the terms of the Settlement Agreement.

11. Objections And Appearances

(a)     Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiffs.

(b)     In order to be heard at the hearing, the person must make any objection in writing and file it with the Court not later than ten (10) after the end of the Claims Period.  The objection must also be mailed to each of the following, postmarked not later than ten (10) after the end of the Claims Period:  (i) Connor Counsel:  Douglas J. Campion, 409 Camino Del Rio South, Suite 303, San Diego, CA 92108;  (ii) Bywater Counsel:  Daniel M. Hutchinson, Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111; (iii) JPMCB Counsel: LeAnn Pedersen Pope, Burke, Warren, MacKay & Serritella, P.C., 330 North Wabash Avenue, 22nd Floor, Chicago, IL 60611; and (iv)  Fannie Mae Counsel:  Christopher Yoo, AlvaradoSmith, 1 MacArthur Place, Suite 200, Santa Ana, CA 92707.

(c)     A Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must:  (a) file a notice of appearance with the Court no later than ten (10) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance by mail on both Counsel for Defendants and Class Counsel within the same time period at the addresses set forth directly above. Any Class Member who fails to comply with these provisions shall waive and forfeit any and all rights the Class Member may have to appear separately and/or to object, and shall be bound by all the terms of this Stipulation of Settlement and the Settlement, and by all proceedings, orders, and judgments in the Litigation.

1 Any objections that are not timely filed and mailed shall be forever barred.

2

3    12. Further Papers In Support Of Settlement And Fee Application

Any responses to objections to the Agreement shall be filed with the Court on or before

4 the date of the Final Approval Hearing.  Any general briefing in support of final approval of the

5 Settlement not specifically directed to objections shall be filed fourteen (14) days before the

6 Final Approval Hearing.  Any application for attorneys' fees and costs shall be filed no later than

thirty (30) days prior to the last date for objecting to the Settlement.  Supplemental papers in

7 support of such fees and costs application, including objections to such fees and costs, may be

8 filed on or before the date of the Final Approval Hearing.

9

10    13. Effect of Failure to Approve the Agreement

In the event the Agreement is not approved by the Court, or for any reason the parties fail

11 to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated

12 pursuant to its terms for any reason, then the following shall apply:

13    (a)    All orders and findings entered in connection with the Agreement shall become

14 null and void and have no further force and effect except as to payment of notice and claims

administration costs to  date, shall not be used or referred to for any purposes whatsoever, and

15 shall not be admissible or discoverable in any other proceeding;

16    (b)    The conditional certification of the Settlement Class pursuant to this Order shall

17 be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted

18 in any litigated certification proceedings in the Action; and the Agreement and its existence shall

be inadmissible to establish any fact relevant to class certification or any alleged liability of

19 JPMCB or Fannie Mae for the matters alleged in the Actions or for any other purpose;

20    (c)    Nothing contained in this Order is, or may be construed as, any admission or

21 concession by or against JPMCB, Fannie Mae or Plaintiffs on any point or fact of law; and

22    (d)    Neither the settlement terms nor any publicly disseminated information regarding

the settlement, including, without limitation, the class notices, court filings, orders and public

23 statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of,

24 nor any documents relating to JPMCB or Fannie Mae's withdrawal from the settlement, any

25 failure of the Court to approve the settlement and/or any objections or interventions may be used

26 as evidence for any purpose whatsoever.

27

28

14. Stay/Bar Of Other Proceedings

All proceedings in his Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

15. Continuing Jurisdiction

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

Dated: March 12, 2012

The Honorable Dana M. Sabraw
U.S. District Court Judge