# EXHIBIT D

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN LEMIEUX, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED**,<br><br>Plaintiffs,<br><br>vs.<br><br>**GLOBAL CREDIT & COLLECTION CORP.**,<br><br>Defendant. | **CASE NO: 08-CV-1012-IEG (POR)**<br><br>**ORDER GRANTING (1) FINAL APPROVAL TO CLASS ACTION SETTLEMENT; (2) AWARD OF ATTORNEY'S FEES; AND (3) JUDGMENT OF DISMISSAL**<br><br>[Doc. Nos. 40 & 41] |

Presently before the Court are (1) a joint motion for final approval of the proposed settlement filed March 11, 2011 [Doc. No. 41], and (2) Plaintiff's motion for costs, attorneys' fees, and an incentive payment for named Plaintiff Kevin Lemieux [Doc. No. 40].

On September 7, 2010, at the Parties' request, the Court appointed Judge Herbert B. Hoffman (Ret.) to serve as a Special Master per Fed. R. Civ. P. 53. Judge Hoffman was appointed to assist with all settlement issues, including issuing necessary reports and recommendations on proposed findings and orders in this case.

On January 26, 2011, after extensive arms-length negotiations, and an all day mediation before Special Master Hoffman, Plaintiff and Global (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is

subject to review under Fed. R. Civ. P. 23. Further, Global agreed to an 18-month Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction").

On March 11, 2011, the Parties filed the Agreement, along with their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, on June 2, 2011, Global served written notice of the proposed class settlement on the United States Attorney General and the attorney general of each state.

On April 12, 2011, upon consideration of the Agreement, Preliminary Approval Motion, Special Master Hoffman's Report and Recommendation, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement and Stipulated Injunction; (iii) appointed Plaintiff Kevin Lemieux as the Class Representative; (iv) appointed HYDE & SWIGART and the LAW OFFICES OF DOUGLAS J. CAMPION as Class Counsel; and, (v) set the date and time of the Final Approval Hearing.

On August 15, 2011, the Parties filed their Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Parties request final certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and (b)(3) and final approval of the proposed class action settlement.

On September 12, 2011, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. <u>JURISDICTION:</u>

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. <u>SETTLEMENT CLASS MEMBERS:</u>

Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> "Settlement Class" shall mean all persons with unique cell phone numbers within the United States who were called by GLOBAL as identified in GLOBAL's records, between June 5, 2004 and June 30, 2008, without prior express consent, on their paging service, cellular telephone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(b)(1)(A)(iii) or artificial prerecorded voice, which resulted in a contact, i.e., a live connection or prerecorded voice message, identified by GLOBAL from their records in discovery and confirmatory discovery as one of the approximately 27,844 unique cell phones they called, and as will be identified in GLOBAL's records to be provided to the Claims Administrator (hereinafter referred to as the "Settlement Class"). The Settlement Class shall not include any officer, director, attorney, or heir or assign of Global. Further, the Settlement Class shall not include any judicial officer or juror who may consider this case.

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT:</u>

Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Kevin Lemieux as the Class Representative and HYDE & SWIGART and the LAW OFFICES OF DOUGLAS J. CAMPION as Class Counsel.

4. <u>NOTICE AND CLAIMS PROCESS:</u>

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process, as confirmed in its declaration filed with the Court. Global mailed the summary notice to each of the 26,331 Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions conformed with the Court's Preliminary Approval Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.

///

3

5. <u>FINAL CLASS CERTIFICATION:</u>

The Court again finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

B. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Settlement Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the risk of collecting any judgment obtained on behalf of the class.

7. <u>SETTLEMENT TERMS:</u>

The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A. Global shall pay each of the 546 Class Members who made a timely and/or accepted claim the amount of $70.00;

B. Global shall pay a total *cy pres* award of $111,360.00 to one or more mutually agreed upon organizations, subject to court approval;

4

    C. Global shall comply with the Stipulated Injunction filed with the Court and entered along herewith; and

    D. Global shall pay Plaintiff the sum of $5,000.00 as an incentive payment for brining and participating in this action;

    E. Global shall pay to Class Counsel $193,883.62 as attorneys' fees, and $5,827.45 in costs, and expenses, for a total of $199,711.07.

8.   STIPULATED INJUNCTION:

The Court finally approves and hereby enters the Stipulated Injunction. Pursuant to the Stipulated Injunction, Defendant shall use procedures now and in the future to verify before calling whether the telephone numbers to be called are cell phone numbers. That shall be done by "scrubbing" such lists of potential numbers, that is comparing such numbers to be called to commercially available lists of known cell phone numbers, or by any such other commercially feasible manner to achieve the same result. If any such telephone number is determined to be a call phone number, Defendant shall not call such number by an automatic telephone dialing system or with a prerecorded voice message, as prohibited by 47 U.S.C. Section 227 *et seq*. The stipulated Injunction will lapse and expire 18 (eighteen) months after the Effective Date. The details of the Stipulated Injunction are set forth in the Stipulated Injunction signed and filed herewith.

9.   EXCLUSIONS AND OBJECTIONS:

    A total of 5 (five) exclusions were timely submitted. Global has not objected to any of these exclusions. The names of the persons requesting exclusion from the settlement are Dara K. Anderson, Shawana Hinderliter, Heather N. Ellis, Jacque Bridgeman, and Jane M. McClure. This Order is binding on all Settlement Class members, except those individuals named who validly and timely excluded themselves from the Class.

The Class members were given an opportunity to object to the settlement. No objections were received by the Court.

10.   ATTORNEYS' FEES AND COSTS:

    Although the Agreement technically provides separate funds for attorneys' fees and costs and the award to the Class, the Court must examine the fee provision in relation to the Agreement as a

whole. *In re Bluetooth Headset Prods. Liability Litig.*, --- F.3d ---, 2011 WL 3632604, at *10-12 (9th Cir. Aug. 19, 2011) ("Even when technically funded separately, the class recovery and the agreement on attorneys' fees should be viewed as a 'package deal.'" (citing *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 245-46 (8th Cir. 1996)). Where a settlement produces a common fund for the benefit of a class, the Court has discretion to calculate attorneys' fees using either the lodestar or the percentage-of-recovery method, but that "discretion must be exercised so as to achieve a reasonable result." *Id.* at *4-5 (citations omitted). To "guard against an unreasonable result," the Ninth Circuit has encouraged district courts to cross-check their calculations under either method against the other. *See id.* at *7.

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at *4 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)). Counsel's lodestar calculation is presumptively reasonable, though the Court has discretion to consider an upward or downward adjustment. *Id.* Under the percentage-of-recovery method, district courts "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *Id.* (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).

Here, the requested attorneys' fees were calculated using the lodestar method. Class Counsel's declarations and billing statements indicate Counsel expended a total of 315.5 hours in billable time at rates ranging from $255 to $450 per hour. Hyde & Swigart expended 153.4 hours at a rate of $395 for partners, and 3.8 hours at a rate of $255 for associates, for a firm total of $61,562. The Law Offices of Douglas J. Campion expended 158.3 hours at a rate of $450, for a total of $71,235. Thus, the total lodestar is $132,797.00. Counsel also seeks a positive multiplier of 1.46 and $5,827.45 in costs, for a total of $199,711.07.

Using the percentage-of-recovery method as a cross-check, the total value of the Agreement is $705,000—the maximum amount Global agreed to pay for claims filed by Class Members, an incentive payment for named Plaintiff Kevin Lemieux, and attorneys' fees and costs. The requested

6

1  fees and costs equal approximately 28% of the total settlement value and are comparable to the 25%
2  benchmark.
3       Under the facts presented in this case, the Court finds the amount of hours expended, Counsel's
4  billing rates, and the positive multiplier of 1.46 to be reasonable.  Accordingly, the record justifies
5  payment of $199,711.07 in attorneys' fees and costs.
6  11.    <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT:</u>
7       The Class Representative, Settlement Class Members, and their successors and assigns are
8  permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in
9  any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the
10 Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised,
11 settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this
12 order.
13 12.    The Lawsuit is hereby dismissed with prejudice in all respects.
14 13.    This order is not, and shall not be construed as, an admission by Defendant of any liability or
15 wrongdoing in this or in any other proceeding.
16 14.    Without affecting the finality of this Final Judgment and Order of Dismissal With Prejudice in
17 anyway, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters
18 relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction,
19 effectuation, enforcement, and consummation of the settlement and this order.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

7

## CONCLUSION

For the reasons stated above, the Parties' joint motion for final approval of the proposed settlement filed March 11, 2011, is **GRANTED**. [Doc. No. 41.] Plaintiff's motion for attorneys' fees and costs and an incentive payment to Plaintiff Kevin Lemieux is also **GRANTED**. [Doc. No. 40.] Class Counsel is awarded $199,711.07 in attorneys' fees and costs, and Plaintiff is awarded a $5,000.00 incentive payment.

**IT IS SO ORDERED.**

**DATED:** 9/20/11

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

8