# EXHIBIT E

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. BELLOWS ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>V.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>DEFENDANT. | Case No.: 07-CV-1413 W (AJB)<br><br>ORDER APPROVING PLAINTIFFF'S ATTORNEY FEES AND COSTS |

On August 2, 2007, plaintiff, Douglas E. Bellows (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO"). Plaintiff asserted class claims against NCO under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleged that NCO violated the TCPA by calling his cellular telephone, without "prior express consent," using an "automatic telephone dialing system" and using an "artificial or prerecorded voice."

On December 27, 2007, at the Parties' request, the Court appointed Judge Herbert B. Hoffman (Ret.) to serve as a Special Master per Fed. R.

Civ. P. 53. Judge Hoffman was appointed to assist with all settlement issues, including issuing necessary reports and recommendations on proposed findings and orders in this case.

On August 14, 2008, Plaintiff and NCO (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. Further, NCO agreed to a 12-month Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction").

On August 29, 2008, the Parties filed their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as "Motion for Preliminary Approval"), along with the Agreement.

On September 5, 2008, the undersigned Special Master filed his first Report and Recommendation, recommending that the Court grant the Parties' Motion for Preliminary Approval and enter the requested Preliminary Approval Order.

On September 10, 2008, based upon the Parties' Motion for Preliminary Approval and the undersigned's first Report and Recommendation, the Court entered the Preliminary Approval Order.

Per the Preliminary Approval Order, the undersigned was also required to submit this second Report and Recommendation. On November 24, 2008, the Parties filed their Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as "Motion for Final Approval"). In that Settlement Agreement, the Defendant agreed to pay attorneys fees and costs to Plaintiff's counsel in an amount not to exceed $300,000, and agreed not to object to any amount requested up to that amount.

As required by the Preliminary Approval Order, a Fairness Hearing was held by the undersigned Special Master on December 2, 2008 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

On December 2, 2008 the Special Master found the Lawsuit satisfied the applicable prerequisites and entered his Report and Recommendation, requesting the Court enter the Final Order and Judgment as well as the stipulated injunction.

Special Master Hoffman has issued another Report and Recommendation, recommending that the Court approve Plaintiff's request for attorney fees and costs in the amount of $300,000.

Based upon Plaintiff's Amended Memorandum in Support of Fee and Cost Approval Request, the papers filed in support thereof, and in consideration of Special Master Hoffman's Report and Recommendation, and the record;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. HOURLY RATES – The Court finds the following hourly rates reasonable based on Plaintiff's counsel's prior experience and taking into account market rates:

    a. The Law Offices of Douglas J. Campion

    Douglas J. Campion    $450.00

    b. Hyde & Swigart

    Partners    $355

    Associates    $195

    Law clerks/Paralegals    $95

2. REASONABLENESSS OF THE NUMBER OF HOURS – The Court finds that the 246.65 hours expended by Hyde & Swigart and the 183.70 hours expended by the Law Offices of Douglas J. Campion are reasonable.

3. LODESTAR – The Court finds the **$166,897.75** lodestar, i.e., the number of hours times the hourly rates, is reasonable.

4. MULTIPLIER -- The Court further finds, based on the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975), that based on the novelty and difficulty of the issues involved; the skill required to perform the legal services properly; the preclusion of other employment; the fact the fee is contingent; the results obtained; and the experience, reputation, and ability of the attorneys warrants a multiplier in the amount of 1.793 %.

5. ADJUSTED LODESTAR – The Court finds, based on the lodestar in this matter adjusted by the reasonable multiplier, a fee award of $299,253.50 is GRANTED.

6. LITIGATION COSTS – The Court, having analyzed Plaintiff's costs associated with litigating this case, finds that costs incurred in the amount of $746.50 were reasonable and recoverable. Therefore the Court GRANTS Plaintiff's request for costs in the amount of $746.50.

7. Such fees and costs shall be paid by Defendant at the time and in the manner as set forth in the Settlement Agreement.

Dated: 1/5/09

THE HONORABLE THOMAS J. WHELAN
UNITED STATES DISTRICT COURT JUDGE