# EXHIBIT G

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY DILLON, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED PROCESSING, INC, <br><br> Defendant. | CASE NO. 08 CV 1235 JM (NLS) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ATTORNEY'S FEES** <br><br> Doc. No. 10 |

**Introduction**

On July 9, 2008, Plaintiff Sandy Dillon ("Plaintiff") filed an action in Federal Court for the Southern District of San Diego alleging that Defendant United Processing, Inc. ("Defendant") violated the Fair Debt Collection Practices Act, 15 USC § 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32 ("RFDCPA"). (Doc. No. 1, "Compl.") The complaint stems from Defendant's attempts to collect a debt Plaintiff allegedly owed to a third party. (Compl. at 4:24-25, 6:9.)

On December 12, 2008, the court issued an Order to Show Cause because Plaintiff had not provided proof of service of the summons and complaint. (Doc. No. 3.) On January 14, 2009, Plaintiff's attorney filed the executed summons showing service had been effected and the Order to Show Cause was vacated. Clerk's default was entered on January 15, 2009. (Doc. No. 8.)

On April 6, 2009, the court again issued an Order to Show Cause as to why the case should

not be dismissed for Plaintiff's failure to timely move for default judgment. (Doc. No. 9.) On May 6, 2009, Plaintiff filed a Motion for Default Judgment, requesting that the court award actual and statutory damages, as well as attorney's fees and costs. (Doc. No. 10.) On May 7, 2009, Plaintiff filed a Response to the Order to Show Cause. (Doc. No. 11.)

//

**Background**

On February 8, 2008, Defendant's agent, Travis, allegedly telephoned Plaintiff's mother and asked to speak to Plaintiff. (Compl. at 4:24-25.) Travis stated that if Plaintiff did not contact him that day, he would turn over Plaintiff's bad check to the police and that Plaintiff would be arrested. (Compl. at 5:4-7.) Later that day, Plaintiff called Defendant back, and was informed she had one last chance to pay, or she would be arrested. (Compl. at 7:1-6.) Plaintiff then called Defendant again and spoke to a different agent. She was again threatened with arrest and informed that Defendant had "surveillance footage of Plaintiff coming into the business, and Plaintiff's thumb print to use in her prosecution." (Complaint at 7:25-28.) Defendant instructed Plaintiff to send payment via money gram in the amount of $132.65. Defendant never provided Plaintiff any legal notification of the debt. (Compl. at 6:16-26.)

//

**Legal Standard**

Fed. R. Civ. P. 55(b) allows for entry of default judgment at the discretion of the court. Although policy considerations weigh in favor of resolving cases on their merits, the decision to grant or deny a request for default judgment falls within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 925 (9th Cir. 1986). Ordinarily, the default itself establishes the defendant's liability. Upon default, the well-pled allegations of the complaint are taken as true. TeleVideo Systems v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1994). However, allegations as to the amounts are damages are not. Id. In addition, where plaintiff is entitled to reasonable attorney's fees either by statute or contract, the court will determine the amount to be awarded. James v. Frame, 6 F.3d 307, 311 (5th Cir. 1993). In determining whether default should be granted, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim,

(3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the F favoring decisions on the merits. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

//

**Analysis**

### 1. Plaintiff is Entitled to Relief under the FDCPA and the RFDCPA

Plaintiff has adequately pled a claim entitled to relief under both the FDCPA and the RFDCPA and is entitled to default judgment. Plaintiff's complaint describes violations of 15 U.S.C. §§ 1692c(b), 1692e, 1692f, and 1692g. These are also violations of the RFDCPA under Cal. Civ. Code § 1788.17, which requires debt collectors to abide by the terms of 15 U.S.C. §§ 1692b-1692j.

Plaintiff alleges that she is a "consumer" as defined under 15 U.S.C. § 1692a(3) and a "debtor" under Cal. Civ. Code. § 1788.2(h). Plaintiff also alleges that Defendant is a "debt collector" engaged in debt collection as defined under both 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c). Defendant's phone calls to Plaintiff and Plaintiff's mother were "communications" as defined under 15 U.S.C. § 1692a(2) and were regarding a "debt" as defined under both 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

First, 15 U.S.C. § 1692c(b) forbids debt collectors from contacting parties other than the debtor unless given permission by the debtor or a court, or reasonably necessary to effectuate a post-judgment remedy. The February 8, 2008 telephone call from Defendant to Plaintiff's mother without Plaintiff's consent violates this section. (Compl. at 4:24.) Second, 15 U.S.C. § 1692e(4) forbids debt collectors from threatening arrest, 15 U.S.C. § 1692e(5) forbids debt collectors from threatening action they cannot legally take or do not intend to take, and 15 U.S.C. § 1692e(10) forbids the use of false or deceptive measures to collect debt. Defendant's repeated threats to turn Plaintiff's bad check over to the police and thereby cause Plaintiff's arrest violate these sections. In addition, 15 U.S.C. § 1692g requires that debt collectors supply written notification regarding the debt within five days after its initial communication. Defendant did not provide this information, and is thus in violation of this section. (Compl. at 6:16-26.) Finally, 15 U.S.C. § 1692f forbids debt collectors from using unfair or

unconscionable means to collect an alleged debt. Defendant's actions violate this section as well.

The RFDCPA forbids debt collectors from violating the terms of 15 U.S.C. §§ 1692b- 1692j and subjects them to the remedies of 15 U.S.C. § 1692k for violations. Cal. Civ. Code § 1788.17. Thus, the conduct discussed above with respect to violations of the FDCPA also violates the RFDCPA.

//

### 2. Actual Damages

Plaintiff has requested $15,000 in actual damages to compensate Plaintiff for "emotional distress, embarrassment, humiliation, invasion of privacy, harassment, stress and anxiety, and sleeplessness." (Mot. Pl. Decl. at 3:3-5.) Both the FDCPA and the RFDCPA allow for an award of damages for emotional distress, personal humiliation, or embarrassment. Fausto v. Credigy Serv. Corp., 598 F. Supp. 2d 1049, 1054 (N.D. Cal. 2009); Myers v. LHR, 543 F. Supp. 2d 1215, 1218 (S.D. Cal. 2008); Panahiasl v. Gurney, 2007 U.S. Dist. LEXIS 17269, at *1 (N.D. Cal. Mar. 8, 2007). The court finds that an award of $15,000 is reasonable in this case.

In Myers, 543 F.Supp.2d at 1215, this court awarded $90,000 in actual damages when a collection agency harassed plaintiff over a series of weeks, threatening to call plaintiff every day and to take her to court. The collection agency also harmed plaintiff's credit by placing an already paid debt on her credit report. Id. at 1218. The court found the amount reasonable to compensate the plaintiff for economic harm and emotional distress, including sleeplessness, embarrassment, and physical pain that required medical care. Id. In Panahiasl, the plaintiff was awarded a default judgment of $60,000 when a collection agency made repeated and continuous abusive calls at plaintiff's place of employment and sent several letters to plaintiff's employer. 2007 U.S. Dist. LEXIS 17269 at *6. The court found the amount reasonable to compensate for invasion of privacy and emotional distress, including embarrassment, humiliation, harassment, anger, anxiety, and stress. Id. at *5.

In this case, Plaintiff asserts that she has suffered humiliation and distress. (Mot. Pl. Decl. at 3:3-5.) Similar to the plaintiffs in Myers and Panahiasl, Plaintiff was anxious over being threatened with prosecution and imprisonment. Plaintiff was also embarrassed in front of her family as a result

- 4 - 08cv1235

of Defendant's call to her mother. Unlike <u>Myers</u>, however, Plaintiff did not suffer any economic harm nor any physical manifestations of distress other than sleeplessness. Also, unlike the plaintiff in <u>Panahiasl</u>, Plaintiff did not receive any calls at her place of business. In addition, Defendant only communicated with the Plaintiff or Plaintiff's mother three times over a period of two days, which is likely less than the contact in either <u>Myers</u> or <u>Panahiasl</u> (the exact number of calls in these cases is unknown). However, the smaller award prayed for here reflects a reasonable amount to compensate Plaintiff in light of Defendant's numerous violations.

//

### 3. Statutory Damages

Plaintiff has requested $1,000 in statutory damages under the FDCPA and $1,000 under the RFDCPA. The FDCPA provides for statutory damages up to $1,000, and the RFDCPA provides for damages between $100 and $1,000. 15 U.S.C. § 1692k(a)(2)(A); Cal. Civ. Code § 1788.30(b). These statutory damages serve as a penalty against a debt collector for noncompliance with the terms of the statute. See <u>Bartlett v. Heibl</u>, 128 F.3d 497, 499 (7th Cir. 1997); <u>Voris v. Resurgent Capital Servs.</u>, 494 F. Supp. 2d 1156, 1164 (S.D. Cal. 2007). In determining the amount to be awarded, the court should consider, among other factors: (1) the frequency and persistence of noncompliance by the debt collector, (2) the nature of the noncompliance, and (3) the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1).

In this case, the maximum award of $2,000 is appropriate as Defendant has egregiously violated numerous sections of both statutes.

//

### 4. Attorney's Fees and Costs

Plaintiff requests $5,176 in attorney's fees. Both the FDCPA and the RFDCPA provide for the mandatory award of attorney's fees to the prevailing party. 15 U.S.C. § 1692k(a)(3); Cal. Civ. Code § 1788.30(c). In an FDCPA case, the court must calculate awards for attorney's fees using the lodestar method. <u>Ferland v. Conrad Credit Corp.</u>, 244 F.3d 1145, 1149 fn. 2 (9th Cir. 2001). The lodestar figure represents the number of hours reasonably expended by the attorney multiplied by the reasonable hourly rate. <u>Id.</u> The lodestar figure is presumptively a reasonable fee award. However,

if the circumstances call for it a district court may adjust the figure to account for other factors not subsumed within it. Id. The determination of the allowable hours and hourly rate may be adjusted at the discretion of the trial court. Id. at 1148.

Plaintiff alleges that counsel spent a total of 19.1 hours on the case, representing 3.2 hours billed at a partner rate of $355 per hour, 15.9 hours billed at an associate rate of $255 per hour, and 3.7 hours billed at a paralegal/law clerk rate of $125 per hour.

The court approves Plaintiff's request for attorney's fees, but with some exceptions. Plaintiff's counsel billed roughly 0.1 hours of partner time at $355 an hour and 1.6 hours of associate time at $225.00 per hour relating to the Orders to Show Cause issued by this court. (Ex. B). This time, representing $395.50 of the total fee, was spent correcting errors made by Plaintiff's counsel and should not be attributed to Defendant. Thus, Plaintiff is hereby awarded an adjusted amount of $4,780.50.

Plaintiff also alleges and is hereby granted $505.50 in costs expended by Plaintiff's counsel.

//

## Conclusion

In sum, the court **GRANTS** the motion for default judgment (Doc. No. 10), and awards judgment in favor of Plaintiff in the amount of $22,286, representing:

- $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A);
- $1,000 in statutory damages under Cal. Civ. Code § 1788.30(b);
- $15,000 in actual damages;
- $4,780.50 in attorney's fees; and
- $505.50 in costs.

**IT IS SO ORDERED.**

DATED: July 7, 2009

Hon. Jeffrey T. Miller
United States District Judge