# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACI SATTERFIELD, CARMELLA MILLER and CHARLENE KOUF, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SIMON & SCHUSTER, INC., a New York corporation, and IPSH!NET, INC., a Delaware corporation, <br><br> Defendants. | Case No. C06 2893 CW <br><br> FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE <br><br> **FILED** <br> AUG 0 6 2010 <br> RICHARD W. WIEKING <br> CLERK, U.S. DISTRICT COURT <br> NORTHERN DISTRICT OF CALIFORNIA <br> OAKLAND |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, this action having been filed in this Court as a class action ("the Action");

WHEREAS, the parties have entered into a Settlement Agreement dated as of January 15, 2010 ("the Settlement Agreement");

WHEREAS, Defendants deny that they have committed any wrongful acts or breached any duties as alleged in the Action, and the settlement of the Action does not constitute any such admission; and

WHEREAS, this matter having come before the Court for hearing, pursuant to the Order of this Court, dated March 3, 2010 ("the Preliminary Approval Order"), on the application of the parties for approval of the settlement set forth in the Settlement Agreement, and due and adequate notice having been given to the Settlement Class defined below as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises, and good cause appearing, it is therefore

---

Final Judgment and Order of
Dismissal with Prejudice                                Case No. CV 06 02893 CW

ORDERED, ADJUDGED AND DECREED THAT:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3. This Court previously gave its preliminary approval to the Settlement Agreement. The Court hereby gives its final approval to the settlement set forth in the Settlement Agreement, finds that said Settlement Agreement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class, and hereby directs that it shall be effectuated in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

4. The notice of the settlement pursuant to the Preliminary Approval Order and the Settlement Agreement was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class whose addresses could be obtained from reverse directory searching, email notice sent to the email addresses obtained from the former head of Nextones.com, newspaper publication and the maintenance of a settlement website by the Settlement Administrator. Said notice provided valid, due and sufficient notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and of Due Process.

5. The Court finds that the Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the Defendants' notices and finds that they complied with any applicable requirements of CAFA.

---

**Final Judgment and Order of Dismissal with Prejudice**

2

Case No. CV 06 02893 CW

6. The Settlement Class certified for settlement purposes was defined as all persons who in January of 2006 were sent the Text Message, as set forth in the Settlement Agreement. Excluded from the Settlement Class is the one person who has submitted a valid and timely request for exclusion pursuant to the Preliminary Approval Order and the notice provided to Settlement Class Members in accordance with the provisions of the Preliminary Approval Order, Clifton Miller of Hartley, Texas.

7. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice.

8. Upon the Effective Date of this settlement, the Class Representatives and each and every Settlement Class Member who has not timely filed a request to be excluded from the Settlement Class or who has rescinded a previous opt-out request pursuant to the Settlement Agreement, their respective present or past heirs, executors, estates, administrators, representatives, agents, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, officers, directors, managing directors, principals, partners, members, employers, employees, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, controlled and controlling persons and any other representatives of the foregoing (the "Releasing Parties") shall be deemed to have released and forever discharged Defendants Simon & Schuster, Inc. and ipsh!net, Inc., and any and all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which Simon & Schuster, Inc. or ipsh!net, Inc. has a controlling interest or

---

Final Judgment and Order of Dismissal with Prejudice

3

Case No. CV 06 02893 CW

which is related to or affiliated with any of them, or any other representatives of any of these Persons and entities, of and from any and all manner of claims (including "Unknown Claims" as defined in the Settlement Agreement), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties (as defined in the Settlement Agreement), or any of them, arising out of or connected to the transmission of the Text Message.

9. The Court approves the payments from the Settlement Fund of attorneys' fees in the amount of $2,500,000 and expenses in the amount of $71,361.17. Such payments shall be sent by wire transfer in accordance with the provisions of Paragraph 8.1 of the Settlement Agreement.

10. The Court approves the payment by Defendants of $5,000 to representative plaintiff Carmella Miller, $5,000 to representative plaintiff Charlene Kouf and $20,000 to representative plaintiff Laci Satterfield as incentive awards for taking on the risks of litigation and helping to achieve the results to be made available to the Settlement Class, in accordance with the provisions of paragraph 8.4 of the Settlement Agreement. Such payment shall be sent by check to Class Counsel in accordance with the provisions of paragraph 8.4 of the Settlement Agreement.

11. Pursuant to paragraph 2.2 of the Settlement Agreement, the parties propose DonorsChoose.org, the Blessed Sacrament Youth Center (BSYC) and the International Center for Cooperation and Conflict Resolution (ICCCR) as organizations to receive cy pres awards from the Settlement Fund. The Court approves of DonorsChoose.org and ICCCR as recipients, but disapproves of BSYC and directs the parties to donate the funds earmarked for BSYC to DonorsChoose.org.

Final Judgment and Order of Dismissal with Prejudice

4

Case No. CV 06 02893 CW

12. The Parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

13. This Court hereby directs the entry of this Final Judgment and Order of Dismissal With Prejudice based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment and Order of Dismissal With Prejudice notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

14. This Final Judgment and Order of Dismissal With Prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault, wrongdoing, or liability on any Defendant's part, or of the validity of any Claim or of the existence or amount of damages.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, <u>inter alia</u>, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement.

Dated: August 6, 2010

Enter:

_____
United States District Judge

Final Judgment and Order of Dismissal with Prejudice

5

Case No. CV 06 02893 CW