# EXHIBIT M

Case 3:10-cv-01284-GPC-BGS Document 60-15 Filed 06/20/12 PageID.549 Page 2 of 8
Case: 1:06-cv-00484 Document #: 93 Filed: 12/18/08 Page 1 of 7 PageID #:1082

HHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY WEINSTEIN and LEI SHEN, individually and on behalf of a class of similarly situated individuals, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 06 C 0484 |
| v. | ) Judge Wayne R. Andersen |
| AIRIT2ME, INC., a Florida Corporation, GSI COMMERCE, INC., a Delaware Corporation, and THE TIMBERLAND COMPANY, a Delaware Corporation, | )<br>)<br>)<br>) |
| Defendants. | ) |
| GSI COMMERCE, INC., | ) |
| Third-Party Plaintiff | ) |
| v. | ) |
| MOBILE INFORMATION ACCESS CORPORATION d/b/a MOBILE INTERACTIVE AGENCY, | )<br>)<br>) |
| Third-Party Defendant. | ) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, this action having been filed in this Court as a class action ("the Action");

WHEREAS, the parties have entered into a Stipulation of Settlement dated as of September 4, 2008 ("the Stipulation of Settlement");

WHEREAS, Defendants deny that they have committed any wrongful acts or breached any duties as alleged in the Action, and the settlement of the Action does not constitute any such admission; and

WHEREAS, this matter having come before the Court for hearing, pursuant to the Order of this Court, dated September 11, 2008 ("the Preliminary Approval Order"), on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement,

and due and adequate notice having been given to the Settlement Class defined below as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises, and good cause appearing, it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3. This Court previously gave its preliminary approval to the Stipulation of Settlement. The Court hereby gives its final approval to the settlement set forth in the Stipulation of Settlement, finds that said Stipulation of Settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class, and hereby directs that it shall be effectuated in accordance with its terms. The Stipulation of Settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

4. The notice of the settlement pursuant to the Preliminary Approval Order and the Stipulation of Settlement was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class whose addresses could be obtained from reverse directory searching, newspaper publication and the maintenance of a settlement website by the Settlement Administrator. Said notice provided valid, due and sufficient notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation of Settlement, to all persons entitled to such notice, and

said notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and of Due Process.

5. The Court finds that the Settling Defendants properly and timely notified the appropriate state and federal officials of the Stipulation of Settlement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the Settling Defendants' notices and accompanying materials, and finds that they complied with any applicable requirements of CAFA.

6. The Settlement Class certified for settlement purposes was defined as all persons residing in the United States who, between January 1, 2003 and August 1, 2008, received a text message advertising the sale of goods on Timberland.com. Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Class Notice sent to Settlement Class Members. Annexed hereto as Appendix 1 is a schedule of all such persons excluded from the Settlement Class.

7. Subject to the terms and conditions of the Stipulation of Settlement, this Court hereby dismisses the Action on the merits and with prejudice.

8. Upon the Effective Date of this settlement, the Class Representatives and each and every Settlement Class Member who has not timely filed a request to be excluded from the Settlement Class or who has rescinded a previous opt-out request pursuant to the Stipulation of Settlement, their respective present or past heirs, executors, estates, administrators, representatives, agents, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, officers, directors, managing directors, principals, partners, members, employers, employees, agents, consultants, independent contractors, insurers, attorneys,

- 3 -

accountants, financial and other advisors, investment bankers, underwriters, lenders, controlled and controlling persons and any other representatives of the foregoing (the "Releasing Parties") shall be deemed to have released and forever discharged Defendants, of and from any and all manner of claims (including "Unknown Claims" as defined in the Stipulation of Settlement), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties (as defined in the Stipulation of Settlement), or any of them, arising out of any actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding the transmission of text messages to the Settlement Class advertising the sale of goods at Timberland.com that were or could have been alleged or asserted in the Action relating to such text messages, belonging to the Releasing Parties that relate in any way to any actual or alleged violation of law, any misstatement or omission, any breach of duty, any negligence or fraud or any other actual or alleged wrongdoing or misconduct.

9. The Court approves the payment by Defendants of attorneys' fees and expenses in the amount of $1,625,000. Such payment shall be sent by wire transfer to Class Counsel within ten days after the Effective Date as that term is defined in the Stipulation of Settlement.

10. The Court approves the payment by Defendants of $5,000 to representative plaintiff Jeffrey Weinstein and $10,000 to representative plaintiff Lei Shen as an incentive award for taking on the risks of litigation and helping to achieve the results to be made

available to the Settlement Class, in accordance with the provisions of paragraph 8.4 of the Stipulation of Settlement. Such payment shall be sent by wire transfer to Class Counsel within ten days after the Effective Date as that term is defined in the Stipulation of Settlement.

11. Prior to undertaking any future Mobile Marketing Campaign, as that term is defined in the Stipulation of Settlement, GSI shall circulate to its marketing personnel a copy of the July 15, 2008 Mobile Marketing Association's Consumer Best Practices Guidelines (or any subsequently updated version of said guidelines) and shall establish meaningful training and compliance checks in connection with such guidelines in an effort to prevent the sort of acts alleged in the Action.

12. The parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Stipulation of Settlement and this Order.

13. This Court hereby directs the entry of this Final Judgment and Order of Dismissal With Prejudice based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment and Order of Approval notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Stipulation of Settlement.

14. This Final Judgment and Order of Dismissal With Prejudice, the Stipulation of Settlement, the settlement which it reflects, and any and all acts, statements, documents, or proceedings relating to the Stipulation of Settlement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault, wrongdoing, or liability on any Defendant's part, or of the validity of any Claim or of the existence or amount of damages.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, inter alia, (a) implementation, enforcement, and administration of the Stipulation of Settlement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Stipulation of Settlement; and (c) all parties hereto, for the purpose of enforcing and administering the Stipulation of Settlement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Stipulation of Settlement.

Dated: Dec. 18, 2008

Enter:

_____
United States District Court Judge

## Appendix 1 to the Final Judgment And Order Of Dismissal

PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

*NONE*  *W. C.*

It is so ordered, this  *15*  day of  *Dec* , 2008.

Enter:

*[signature]*
United States District Court Judge

- 7 -