# EXHIBIT N

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ramon Gutierrez and Clariza Gutierrez, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br>v.<br><br>Barclays Group, d.b.a., Barclaycard, d.b.a., Barclays Bank, d.b.a., Barclays Bank Delaware, d.b.a., Barclays Bank of Delaware, N.A., Barclaycard Funding, PLC a Delaware Corporation.<br><br>Defendant. | **Case No: 10-cv-1012 DMS BGS**<br><br>**ORDER ON MOTION FOR ATTORNEYS FEES AND COSTS AND SERVICE AWARDS TO THE NAMED PLAINTIFFS**<br><br>**The Honorable Dana M. Sabraw** |

Presently before the Court is Plaintiffs' Motion for Attorneys Fees, Costs, and Service Awards to the Named Plaintiffs. Hyde & Swigart (Class Counsel) negotiated a settlement on behalf of the Class consisting of approximately $8,262,500.00 in monetary relief. For its efforts in achieving this result, Class Counsel seeks a fee of 18.73% of the Settlement Fund, plus reimbursement of out-of-pocket expenses of $32,610.06. On January 11, 2012 Class Counsel submitted a Motion for Attorneys Fees, Costs, and a Service Awards for the named Plaintiffs'. Plaintiffs' counsel's seeks an award of $1.58 million in attorneys' fees and out-of-pocket costs,

HYDE & SWIGART
San Diego, California

1 and a $10,000 service award for each of the two named Plaintiffs for services rendered in this action.

The Court must examine the fee provision in relation to the Agreement as a whole. *In re Bluetooth Headset Prods. Liability Litig.*, --- F.3d ---, 2011 WL 3632604, at *10-12 (9th Cir. Aug. 19, 2011) ("Even when technically funded separately, the class recovery and the agreement on attorneys' fees should be viewed as a 'package deal.'" (*citing Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 245-46 (8th Cir. 1996)). Where a settlement produces a common fund for the benefit of a class, the Court has discretion to calculate attorneys' fees using either the lodestar or the percentage-of-recovery method, but that "discretion must be exercised so as to achieve a reasonable result." Id. at *4-5 (citations omitted). To "guard against an unreasonable result," the Ninth Circuit has encouraged district courts to cross-check their calculations under either method against the other. See id. at *7.

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* at *4 (*citing Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)). Counsel's lodestar calculation is presumptively reasonable, though the Court has discretion to consider an upward or downward adjustment. *Id*. Under the percentage-of-recovery method, district courts "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *Id*. (*citing Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).

Here, the requested attorneys' fees were calculated using the common fund method. Class Counsel's declarations and billing statements indicate Counsel expended more than $340,428.25 in fees based on billing rates ranging from $295 to $495 per hour. Counsel also seeks a positive multiplier of 4.55 and $32,610.06 in costs, for a total of $1,580,000 in attorney fees and costs.

Using the percentage-of-recovery method as a cross-check, the total value of the Agreement is $8,262,500.00 the maximum amount Barclays agreed to pay to the Settlement Class, the requested fees and costs equal approximately 18.73% of the total settlement value and

1 are comparable to the 25% benchmark.

2     Under the facts presented in this case, the Court finds the amount of hours expended, Counsel's billing rates, and the positive multiplier of 4.55, to be reasonable. Accordingly, the record justifies payment of $1,580,000 in attorneys' fees and costs.

    In addition, Class Counsel asks the Court to award incentive payments to the named Plaintiffs in the amount of $10,000 each. Barclays Group has agreed to pay these awards. Plaintiffs came forward to serve as proposed class representatives, kept abreast of the litigation, and assisted Class Counsel in responding to written discovery. Both Plaintiffs also had their depositions taken and made essential contributions to the Opposition to Defendant's Motion for Summary Judgment, approved the proposed settlement terms after reviewing them, and consulting with Class Counsel.

    A $10,000 incentive award to each Plaintiff is warranted under the circumstances, and well in line with awards approved by other federal courts. *See Pelletz*, 592 F. Supp. 2d at 1329-30 & n.9 (approving $7,500 incentive awards where named plaintiffs assisted Class Counsel, responded to discovery, and reviewed settlement terms, and collecting decisions approving awards ranging from $5,000 to $40,000); *Grays Harbor*, 2008 WL 1901988, at *6 (approving $3,500 awards).

    The Court grants Plaintiffs request for an incentive payment of $10,000 each, as well as the request for attorneys fees and costs in the amount of $1,580,000.

    IT IS SO ORDERED.

    DATED: March 12, 2012



THE HON. DANA M. SABRAW
U.S. DISTRICT COURT JUDGE

---

3

Order on Attorneys Fees, Costs and Incentive Awards     10-cv-1012   DMS BGS