# Exhibit D

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br><br>OXNARD EUROPEAN MOTORS, LLC and OXNARD MB, LLC,<br><br>　　　　　　　　　　　　　　　Defendants. | CASE NO. 11CV1009 JLS (MDD)<br><br>**ORDER (1) GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND SERVICE AWARD TO NAMED PLAINTIFF**<br><br>(ECF Nos. 28, 31) |

　　　　Presently before the Court are the parties' Joint Motion for Final Approval of Class Action Settlement, (Mot. Final Approval Class Settlement, ECF No. 31), and Plaintiff's Motion for Attorney's Fees and Costs and Service Award to Named Plaintiff, (Mot. Att'y Fees, ECF No. 28). This case arises out of Defendant Oxnard European Motors's ("Defendant") allegedly negligent and willful violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, by sending advertising and other commercial text messages to Plaintiff's cellular telephone without first obtaining Plaintiff's "prior express consent." The parties reached a settlement, and now move for final approval of their settlement agreement and for approval of Plaintiff's request for attorney's fees, costs, and for a $1,500 service award to the named class representative. Having considered the parties' arguments and the law, the Court **GRANTS** both motions.

//

**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On November 28, 2011, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement Agreement, (Mot. Prelim. Approval Class Settlement, ECF No. 23), which the Court granted on December 15, 2011, (Order, Dec. 15, 2011, ECF No. 27). This Order incorporates by reference the summary of the proposed settlement agreement and the settlement class certification and fairness determination analyses as set forth in the Court's Preliminary Approval Order. (Order, Dec. 15, 2011, at 2–10, ECF No. 27) Pursuant to the Preliminary Approval Order, the Court preliminarily certified the class for settlement purposes only, preliminarily approved the proposed settlement, appointed Plaintiff Brandon Lo as class representative, appointed Hyde & Swigart, the Law Offices of Douglas J. Campion and the Kazerouni Law Group, PC as class counsel, and set the final approval hearing for May 25, 2012, at 2:00pm.

Shortly after the Court preliminarily approved the class action settlement on December 15, 2011, the claims administrator, CPT Group, Inc., sent individual notices to the 203 settlement class members by mailing postcard-type notices providing a summary of the terms of the settlement, instructions for making a claim, and a Web address and toll-free telephone number by which settlement class members could receive information about the settlement. The full notice and complete text of the settlement agreement was also posted on the Website.

Pursuant to the above notice procedures, settlement class members were advised that in order to receive a portion of the settlement funds, they needed to submit a claim via phone, online, or mail on or before March 20, 2012. They were further advised that the deadline to be excluded from or to object to the settlement was March 30, 2012. No objections were filed before the March 30, 2012, deadline, nor have any been filed as of the date this Order is electronically docketed. There were no requests for exclusions. A total of twenty-two claims were timely made, entitling each claimant to $1,331.23.[1]

---

[1] The amount Defendant will pay into the settlement fund is $49,100. After the requisite deductions for attorneys' fees, costs (including the costs of notice and claims administration), and the incentive payment to the class representative, the amount remaining in the fund will total $29,287.66. Pursuant to the settlement agreement, this amount is divided amongst the settlement

1    The Court held a fairness hearing on Friday, May 25, 2012. At the hearing, the Court
2 addressed whether there were any updates since the filing of the motion for final approval and
3 declarations in support, the planned distribution of settlement checks to settlement class members,
4 whether the low percentage (10.84%) of eligible settlement class members filing claims reflects on
5 the fairness of the settlement or the adequacy of the notice procedure, as well as the
6 reasonableness of the requested attorneys' fees and service award, among other things.

7    As to the low percentage of claims filed, the Court notes that regardless of the number of
8 settlement class members who file claims, Defendants submit the same amount into the settlement
9 fund. Thus, Defendants are sufficiently deterred from future (alleged) TCPA violations no matter
10 the number of claimants. *See Goodrich Mgmt. Corp. v. Afgo Mech. Servs., Inc.*, 2009 WL
11 2602200, at *5 (D.N.J. Aug. 24, 2009) ("Although actual out-of-pocket monetary loss to the
12 recipient . . . is slight . . . the TCPA provides for a recovery of $500 per violation or $1500 if the
13 conduct was wilful or knowing. Therefore, the TCPA contains a punitive element to deter such
14 conduct and motivate private lawsuits."). Moreover, given the pro rata payment structure and the
15 low number of claimants, each claimant will receive over $1,000, which—according to the
16 parties—constitutes a settlement amount much greater than is typically obtained in other TCPA
17 settlements. *See, e.g.*, *Bellows v. NCO Fin. Sys.,* 2008 U.S. Dist. LECIS 103525 (S.D. Cal. 2008)
18 (Hoffman, Special Master) (noting that each settlement class member "is entitled to receive a $70
19 settlement check"). The amount also constitutes a high percentage of what each class member
20 might have recovered had they ultimately been successful in this lawsuit. Given this payment
21 structure, the Court is less troubled by the low percentage of claims filed.

22    In addition, the fairness of the terms of the settlement is bolstered by the fact that no
23 objections were made. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal.
24 2007) ("It is established that the absence of a large number of objections to a proposed class action
25 settlement raises a strong presumption that the terms of a proposed class settlement action are
26 favorable to the class members." (internal quotation marks omitted)); *see also Churchill Vill, LLC*
27
28 class members who file a timely claim on a pro rata basis. Thus, because only twenty-two claims were made, each claimant is entitled to a settlement check in the amount of $1,331.23.

- 3 -                                                                                                  11cv1009

1  *v. Gen. Elec. Co.*, 361 F.3d 566, 567 (9th Cir. 2004). The lack of objections suggests to the Court
2  that the settlement class members found the terms of the settlement favorable.

3  Finally, having reviewed the declarations of Julie Green on behalf of the claims
4  administrator filed in support of the motion for final approval, the Court finds that the procedures
5  used by the claims administrator to identify the most up-to-date mailing addresses for settlement
6  class members was extremely thorough. (Green Decl., ECF No. 29); (Green Decl., ECF No. 31-6)
7  Thus, the Court is not concerned that the low percentage of claims is in any way due to an
8  inadequacy in the notice procedures.

## ATTORNEYS' FEES AND COSTS[2]

10  In the Court's Order granting the parties' joint motion for preliminary approval of the class
11  action settlement agreement, the Court expressed concern over awarding attorneys' fees in excess
12  of twenty-five percent of the settlement fund given the short duration of the action and the fact that
13  the complaint appears to be a boilerplate complaint that Plaintiff's counsel need only amend
14  slightly in each case it files alleging a TCPA violation, of which there are many. (Order, Dec. 15,
15  2011, at 11, ECF No. 27) Perhaps in light of the Court's concern, counsel now seeks just twenty-
16  five percent of the settlement fund in attorneys' fees, though the settlement agreement permits
17  them to seek up to thirty-three percent. Thus, the attorneys' fee request is for $12,275.00, plus
18  $6,037.34 in costs (including costs of notice and claims administration), for a total of $18,312.34.

19  The fee request here is based on the "common fund doctrine," whereby "a reasonable fee is
20  based on a percentage of the fund bestowed on the class." *Blum v. Stenson*, 465 U.S. 886, 900
21  n.16 (1984). The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a

---

[2] The Preliminary Approval Order set the date for class counsel to file an application for attorneys' fees as May 10, 2012, though the deadline for settlement class members to file any objections was March 30, 2012. Pursuant to Federal Rule of Civil Procedure 23(h), however, "the deadline for objections to counsel's fee request [must be set] on a date after the motion and documents supporting it have been filed." *Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988, 993 (9th Cir. 2011). Notwithstanding the Court's error in setting the deadline to file a motion for attorneys' fees, the motion was filed well in advance of the objection deadline, on March 9, 2012. Thus, the Court believes that the settlement class members had an adequate opportunity to object to the motion, especially in light of the fact that settlement class members had ample opportunity to review the settlement agreement in its entirety, which set forth the proposed attorneys' fee request (and, in fact, suggested that class counsel could obtain far more in fees than they have ultimately sought).

1  twenty-five percent of the common fund recovery. *Paul, Johnson, Alston & Hunt v. Graulty*, 886
2  F.2d 268, 272 (9th Cir. 1989). This benchmark may be adjusted upward or downward when
3  appropriate, at the Court's discretion. *See id.* In assessing the reasonableness of counsel's fee
4  request, the Court considers "relevant factors [such as] early settlement, achievement of an
5  excellent result, risk, and a showing of standard fees for similar litigation." *Wright v. Linkus*
6  *Enters.*, 259 F.R.D. 468, 476 (E.D. Cal. 2009) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043,
7  1048–50 (9th Cir. 2003)).

8       Here, the case settled within a very short period of time—just over two months. Counsel
9  represents that the settlement is exceptionally favorable to the settlement class members. Indeed,
10 the amount that each settlement class member who made a claim is entitled to appears to be
11 significantly more than class members typically receive in settlements of like actions, and
12 constitutes a significant percentage of what each class member might have received had they
13 ultimately been successful in this litigation. *See In re Omnivision*, 559 F. Supp. 2d at 1046 (noting
14 that "[t]he overall result and benefit to the class from the litigation is the most critical factor in
15 granting a fee award" and finding a "substantial achievement on behalf of the class" when the
16 settlement award constituted "approximately 9% of the possible damages, which is more than
17 triple the average recovery [in these types of] settlements"). Further, counsel asserts a substantial
18 risk of nonpayment in taking on this case, as Defendant denies liability for the claims asserted.
19 Taken together, these factors favor the Court's approval of the requested twenty-five percent of the
20 settlement fund attorneys' fees award.

21      Having fully considered the request for attorneys' fees, reviewed the declarations and
22 exhibits detailing the time spent and work done in this action, and weighed the various factors
23 relevant to the Court's ultimate fee award determination, the Court finds the requested fees and
24 costs reasonable.

25                **SERVICE AWARD TO NAMED PLAINTIFF**

26      There is an additional request for the award of an incentive payment to Brandon Lo, the
27 class representative, in the amount of $1,500. As the Court already determined in the Preliminary
28 Approval Order, this incentive award is appropriate and appears to be on par with class

- 5 -            11cv1009

1  representative awards in similar class action settlements.  *See, e.g. Bellows*, 2008 U.S. Dist. LEXIS
2  103525, at *15.  Thus, the Court **GRANTS** this request and approves the incentive payment of
3  $1,500 to the named plaintiff.

**CONCLUSION**

Having considered the terms of the settlement agreement, adequacy of the notice provided to the class members, the joint motion for final approval of the class action settlement, the supporting declarations, and counsels' comments at oral argument, the Court concludes that the settlement agreement is fair, reasonable, and adequate, and accordingly **GRANTS** the motion for final approval of the settlement.  The Court likewise **GRANTS** the motion for attorneys' fees, costs, and incentive payment award, for the reasons stated above.

**IT IS SO ORDERED**.

DATED:  May 29, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

- 6 -                                                              11cv1009