Abbas Kazerounian Esq, (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Other Attorneys on Signature Page

Attorneys for the Plaintiffs and Proposed Settlement Class

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CONNOR, AND SHERI L. BYWATER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>PLAINTIFFS,<br>V.<br><br>JPMORGAN CHASE BANK AND FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE,<br><br>DEFENDANTS. | Case No: 10-CV-1284 DMS(BGS)<br><br>CLASS ACTION<br><br>DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>DATE: AUGUST 3, 2012<br>TIME: 1:30 P.M.<br>CTRM: 10<br><br>THE HON. DANA M. SABRAW |

1. I, Joshua B. Swigart, hereby declare I am one of the attorneys for the Plaintiffs in this action, and named as Class Counsel for the Settlement Class in the Court's March 12, 2012 Order preliminarily approving the settlement. I submit this declaration in support of the Joint Motion for Final Approval of the Class Action Settlement. I am licensed to practice law before this court and all California state courts and all federal courts located in the State of California. If called as a witness, I would competently testify to the matters herein from personal knowledge.

2. I am a partner of the law firm of Hyde and Swigart and a counsel of record for Plaintiffs in this matter, appointed as Class Counsel in the Court's Preliminary Approval Order. I am admitted to this Court and am a member of the State Bar of California in good standing.

### SUMMARY OF CASE HISTORY AND SETTLEMENT

3. I have been involved in every aspect of this case from inception through the present. I submit this declaration in support of the Plaintiffs' Motion for Final Approval of Class Action Settlement in which Plaintiffs seeks to have the Court approve the agreed-upon settlement payment of a maximum amount of $9,000,000.00 and a minimum amount of $7,000,000.00 ("common fund"). It appears that based upon the number of claims received, approximately 55,872, that the minimum payment of $7,000,000 will not be exceeded. This common fund will be used to compensate Class Members. It will also be used to pay attorneys' fees and litigation costs to Class Counsel, provide an incentive payment to the named Class Representatives, and recoup the costs of notice and claims administration, collectively the "Settlement Costs". Class Counsel are seeking in the previously filed motion for fees and costs attorneys' fees of only 25% of the $9,000,000 common fund, not the 1/3 of the common fund as set forth in the Settlement Agreement, which this Court has already preliminarily approved. Thus, Class Counsel is seeking $2,250,000 as fees, and $835,616.97 in costs, including $23,878.58 in litigation costs and $811,738.39 in notice and claims administration costs for Gilardi & Co., LLP, ("Gilardi"), the Claims Administrator. A total of $5,000 in incentive payments is also sought for the Class Representatives.

4. This matter was brought to the attention of Class Counsel by Patricia Connor, and a Complaint was filed in this Court on June 16, 2010 and an Amended Complaint was filed in this Court on September 10, 2010. Thereafter, Class Counsel initiated a thorough investigation, and conducted relevant factual and legal research. The information learned through this investigation was invaluable during settlement negotiations. Sheri L. Bywater filed a separate case at about the time this case was settled, and it was consolidated with this case for settlement, and her counsel were also made Class Counsel.

5. After filing this action, Class Counsel and JPMorgan Chase Bank ("JPMCB" or "Defendant") engaged in extensive negotiations including an exchange of letters, emails, and telephone conversations that thoroughly analyzed the relevant legal, social, and factual issues at issue, and explored the parties' respective positions on the merits of the action and viability of class certification.

6. Subsequently, both parties exchanged correspondence, including the exchange of relevant information and documents, lists of phone numbers that received the calls to their cell phones, off-site data used during the class period, and argued their respective positions. Discovery was drafted and the case was settled just as depositions by both sides were scheduled to commence around the country.

7. This case was settled fairly early in the litigation process, a few months after an Early Neutral Evaluation Conference conducted by U.S. Magistrate Judge Skomal. It was learned that that number of number of cell phone numbers called was large, creating a class of 1,718,866 persons. It turned out that after cleaning the Class Member list of duplicates and other matters related to account borrowers and co-borrowers, only 1,381,406 separate persons were in the larger Class that received the direct mail notice. However, of those class members, only those whose cell phone numbers were actually called will receive monetary compensation, a total of 1,181,441 persons. A Memorandum of Understanding was entered and a Settlement Agreement was then negotiated. At all times, these activities were non-collusive, and conducted at arm's length.

8. Class Counsel and Defendant propounded discovery, prepared responses, and Class Counsel prepared and reviewed confirmatory discovery responses which satisfactorily confirmed the parameters of the Class, the damages agreed upon, and other information informally exchanged prior to, during and following the mediation process. Class Counsel was able to reaffirm the adequacy, appropriateness, and reasonableness of the settlement. In addition, Class Counsel hired an information technology consultant, Hansen & Levey Forensics, Inc. to assist in the evaluation of the data production and discovery requests and responses. Mr. Hansen reviewed the data, participated in telephone communications with opposing counsel and their information technology persons, and confirmed the accuracy of the processes used and the numbers provided by Chase. *See* the previously filed Declaration of Jeff Hansen in Support of Preliminary Approval, ¶¶ 4-5. The Parties filed their Motion for Preliminary Approval of Class Action Settlement on January 17, 2012, and the Court granted preliminary approval in an order dated March 12, 2012.

9. The settlement consists of the following:

   a. Defendants shall establish a settlement fund with the maximum amount of $9,000,000.00 and a minimum amount of $7,000,000.00 ("Settlement Fund"). Any of the 1,181,441 Subclass A Members that make a timely claim within the time period provided in the notice to Class Members each shall share, pro rata, in the Settlement Fund up to a maximum of $500 and a minimum of $25, after deducting the Settlement Costs: 1) reasonable attorney's fees ($2,250,000) and litigation costs ($23,878.58) as approved and awarded by the Court; 2) the costs of notice and claims administration of $811,738.39; and 3) the proposed Incentive Award of $5,000.00 to be divided evenly between the two Plaintiffs for their efforts in litigating this case. After deducting those Settlement Costs totaling $3,090,616.97, the remaining fund based upon the $7,000,000 payment is $3,909,383.03. Assuming valid claims of 55,872, , each claimant will receive a pro rata payment of approximately $69.97.

   b. Plaintiffs Patricia Connor and Sheri L. Bywater have applied to the Court by separate motion for an incentive award of $5,000.00, to be divided evenly, for their service as

    Class Representatives in this action. Any incentive awards approved by the Court will be paid from within the Settlement Fund.

  c. The costs of notice by mail and claims administration will be deducted from the Settlement Fund. Those costs have recently been calculated to be $811,738.39 for all Gilardi's costs necessary to see the case through the end of claims administration. A true and correct copy of that invoice is attached hereto as Exhibit 1. Gilardi's costs were originally estimated to be $916,523, which is the amount of the invoice attached to my previously filed declaration in support of fees and costs.

  d. Class Counsel has previously filed a motion to be heard at the same time as the Final Approval hearing for an award of reasonable attorney's fees and costs, in an amount of 25% of the maximum Settlement Fund as attorneys' fees, $2,250,000, and for $23,878.58 in litigation costs, other than the Gilardi costs.

10. Taking into account the burdens, uncertainty and risks inherent in this litigation, the Parties have concluded that further prosecution and defense of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

11. The Named Plaintiffs and all of their counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, we believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. We have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action. I strongly believe, as does each Plaintiff's attorney, that the Settlement should be given final approval.

12. Therefore, Class Counsel is requesting that the Court grant Final Approval of the Settlement.

Decl. of Swigart in Support of Final Approval - 5 of 6 - 10-CV-1284 DMS(BGS)

**ADEQUACY OF SETTLEMENT:**

13. This is a statutory damages case. No Class member has lost any money as a result of the Defendants' actions, other than their carrier's billing them for the cost of Defendants' one confirmatory text messages. Therefore, the deterrent effect of statutory damages has been met, and the proceeds will be divided among the persons called. In other words, the Class members are not getting a percentage of money they have expended; they are receiving money as statutory damages for cell phone calls made. Therefore, obtaining a $9,000,000 or a minimum $7,000,000 settlement for the Class to divide is an exemplary settlement. Each of the 55,872 claimants will get approximately $69.97, totaling approximately $3,909,383.03. As a result, in my opinion, based upon my thirty-five years of experience in civil litigation and twenty-three years of experience in litigating class actions, and based upon the facts of this case, the number of class members, and the other circumstances, I believe this settlement is fair and reasonable. Therefore, I believe the settlement merits Court approval.

**CLASS COUNSEL EXPERIENCE:**

14. I have outlined my experience in both the Declaration of Joshua B. Swigart in Support of Preliminary Approval of Class Action Settlement Agreement and Declaration of Joshua B. Swigart in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs to be heard at the same time as this motion, and I am not repeating it here, for sake of brevity, if the Court is inclined to review my credentials relating to the Final Approval issues.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2012 at San Diego, California, pursuant to the laws of the United States.

/s/ Joshua B. Swigart
Joshua B. Swigart

HYDE & SWIGART
San Diego, California