1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 PATRICIA CONNOR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK and FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE,<br><br>Defendants. | Case No. 3:10-cv-1284-GPC-BGS<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS FOR SETTLEMENT CLASS MEMBERS IN GROUP 2**<br><br>**(ECF NO. 100)** |

24      WHEREAS, the instant putative class action ("Action") was commenced on

25 June 16, 2010, (ECF No. 1);

26      WHEREAS, a putative class action in the United States District Court for the

27 Northern District of California, San Francisco/Oakland Division, entitled <u>Bywater</u>

28 <u>vs. JPMorgan Chase Bank, N.A.</u>, case no. CV 11 2257, was voluntarily dismissed

in favor of the plaintiff in that action joining as a plaintiff in this Action;

WHEREAS, Plaintiff filed an Unopposed Motion for Settlement and Approval of Class Action Settlement and Conditional Class Certification on January 17, 2012, (ECF No. 50);

WHEREAS, pursuant to a class action settlement agreement, dated January 13, 2012, ("Agreement"), the Court entered an order certifying a conditional Settlement Class and preliminarily approving the Agreement on March 13, 2012, ("First Preliminary Approval Order"), (ECF No. 55);

WHEREAS, notice was sent to the then-identified Settlement Class Members pursuant to the First Preliminary Approval Order;

WHEREAS, the final approval hearing set by the First Preliminary Approval Order for August 3, 2012, was continued to allow the parties to determine whether Defendants failed to identify all potential members of the Settlement Class;

WHEREAS, through further investigation, additional Class Members were identified, as addressed in the Amendment to Settlement Agreement and Release ("Amendment"), attached to the instant Motion for Preliminary Approval of Amendment to Class Action Settlement ("Motion"), (ECF No. 100), and collectively referred to as the "Group 2 Settlement Class Members" or "Newly Identified Settlement Class Members" in the papers filed in support of the Motion;

WHEREAS, the Court's First Preliminary Approval Order, (ECF No. 55), remains in effect;

NOW, THEREFORE, based on this Court's review of the Amendment, the Motion, and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Amendment appears fair, reasonable, adequate, and within the range of reasonableness for preliminary settlement approval, and notice should be sent to the Group 2 Settlement Class Members and a final approval hearing held to confirm that the initial Settlement and Amendment reflected in the Agreement (together, "Settlement") are fair, reasonable, and

adequate and to determine whether the Settlement should be finally approved and final judgment entered in the Action.

NOW, THEREFORE IT IS HEREBY ORDERED:

1.   Preliminary Approval of Proposed Settlement Amendment

The Amendment, including all corresponding documents thereto, is preliminarily approved as fair, reasonable, adequate, and within the range of reasonableness for preliminary approval.  The Court finds that: (a) the Amendment resulted from extensive arm's length negotiations; and (b) the Amendment is sufficient to warrant notice to the persons identified in the Amendment as the Group 2 Settlement Class Members and a full hearing on the approval of the Settlement.

2.   Class to Remain Certified for Settlement Purposes Only

The Class, as conditionally certified on March 12, 2012, pursuant to Federal Rule of Civil Procedure 23(c), shall remain conditionally certified for settlement purposes only.  The Settlement Class shall remain defined as follows:

> All present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced by JPMCB or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any members of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the

Settlement Class.

Because the Group 2 Settlement Class merely expands, and does not substantively change, the already conditionally certified class, the Court continues to find, as set forth in the First Preliminary Approval Order, that the Group 2 Settlement Class meets the requirements for conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3).

3.   Class Representatives

Plaintiffs Patricia Connor and Sheri L. Bywater were previously designated as class representatives, (ECF No. 55), and shall remain class representatives for the Settlement Class.

4.   Class Counsel

The Court previously appointed Hyde & Swigart; The Kazerouni Law Group, APC; the Law Offices of Douglas J. Campion; Lieff Cabraser Heimann & Bernstein, LLP; and David P. Meyer & Associates Co., LPA, as Class Counsel. (ECF No. 55.)  Previously appointed Class Counsel shall remain as Class Counsel for the Settlement Class.   The Court continues to find that Class Counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

5.   Settlement Hearing

A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Gonzalo P. Curiel, at the U.S. District Court, 221 West Broadway, Courtroom 2D, San Diego, CA 92101, on **Friday, November 14, 2014, at 1:30 p.m.**, and notice of such hearing will be included in any future notice being provided to the Settlement Class, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  Papers in support of final approval of the Settlement, including the Amendment, the incentive award to Plaintiffs and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court at least **forty-five**

**(45) days prior to the Settlement Hearing**.   The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.   After the Settlement Hearing, the Court may enter a final approval order and final judgment in accordance with the Settlement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

6.   <u>Additional Class Notice</u>

Additional Class Notice shall be sent to the Group 2 Settlement Class Members, as specified in the Amendment, within **thirty (30) days following entry of this Order**.   The Court approves and renews the form and substance of the proposed notice procedure set forth in the Agreement.   Defendant JPMorgan Chase Bank, N.A. ("JPMCB") will provide the list of Group 2 Settlement Class Members to the Claims Administrator selected by the parties, Gilardi & Co. LLC.   The Claims Administrator shall mail a Postcard Notice (as set forth at ECF No. 108-1 at 2-4[1]) to each Group 2 Settlement Class Member at his or her last known address as provided on the list of Group 2 Settlement Class Members.   The Claims Administrator will check each address against the United States Post Office National Change of Address Database, will conduct reasonable research to locate valid address information for Group 2 Settlement Class Members whose Notices are returned as undeliverable, will update addresses based on forwarding information received from the United States Post Office, and will update addresses based on any requests to do so by Group 2 Settlement Class Members.   The mailed notice will reference the dedicated settlement website (www.connorTCPAsettlement.com) containing the full details of the Settlement and allowing claim submission. The Settlement website will be updated to reflect the Amendment before the additional Class Notice is

---

[1] The Court notes a typographical error at the top of page 1 of the Postcard Notice, to wit, in the use of the abbreviated Latin phrase, "et al."

mailed and shall remain active **at least thirty (30) days after the Effective Date of the Final Approval Order**. Additional Class Notice need not be provided to any Settlement Class Member previously identified and provided notice as part of the Group 1 Notice process.

7.  Declaration to be Filed Regarding Notice

At least **fifteen (15) days prior to the Settlement Hearing**, the Claims Administrator shall file a declaration of compliance with the notice procedures set forth in the Agreement and this Court's orders.

8.  Findings Concerning Class Notice

The Court finds the foregoing program of additional Class Notice, directed to the Group 2 Settlement Class Members, and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Newly Identified Settlement Class Members of the pendency of this Action and their right to object to the Settlement or exclude themselves from the Settlement Class.  The Court further finds the additional Class Notice program set forth herein is reasonable; that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

9.  Approval Of Claims Process

The claims submission process described in the Agreement, as modified by the Amendment as to Group 2 Settlement Class Members, is hereby approved.  The Court previously approved the claims process set forth in the Agreement and hereby adopts the same procedure as it relates to claims submitted by Group 2 Settlement Class Members.  As set forth in the Amendment, subject to final approval of the Settlement, the maximum total Settlement Costs are increased from $9,000,000 to $11,268,058.  Claims by Group 2 Settlement Class Members are capped at $69.97.  Because the Settlement contemplates a finite fund, the total amount that Group 1 and Group 2 Settlement Class Members will be paid may be

6

reduced on a pro rata basis if the Group 2 claim rate is higher than anticipated.  Any reduction will apply equally to Group 1 and Group 2 Settlement Class Members, such that members from both groups will receive the same amount.

10.   Exclusion From The Settlement Class

(a)   Group 2 Settlement Class Members may opt out of the Settlement Class by sending a written request to the address designated in the approved Class Notice forms within **ninety (90) days after entry of this Order**. All Group 2 Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

(b)   Exclusion requests must: (i) be signed; (ii) include the full name, address and cell phone number of the person(s) requesting exclusion; and (iii) include a statement to the effect that the person(s) requesting exclusion wish to be excluded from the Settlement.  No request for exclusion will be valid unless all of the information described above is included.  No Group 2 Settlement Class Member, or any person acting on behalf of or in concert or participation with that Group 2 Settlement Class Member, may exclude any other Group 2 Settlement Class Member from the Settlement Class.

(c)   The Claims Administrator will retain a copy of all requests for exclusion. Not later than **fifteen (15) days** before the Final Approval Hearing, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.  The list shall be publicly filed with any redactions required by Federal Rule of Civil Procedure 5.2.  The list shall also be lodged with the Court in either Word or WordPerfect format via the Court's email address (efile_curiel@casd.uscourts.gov) so that it may be appended to any final approval order.

/ / /

7

10cv1284

(d) If ten percent (10%) or more persons in the Group 2 Settlement Class opt out of the Settlement, then JPMCB, in its sole discretion, will have the right to terminate the Amendment.   If the Amendment is terminated pursuant to this paragraph, the parties will be returned to the status quo ante pursuant to the terms of the Agreement.

(e)  Settlement Class Members previously provided notice as part of the Group 1 Settlement Class Member Notice program and an opportunity to opt out shall not be provided an additional opportunity to opt out.

9.   Objections and Appearances

(a) Any Group 2 Settlement Class Member who has not timely submitted a valid request for exclusion from the Settlement may appear at the Settlement Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to Plaintiffs.

(b) To be heard at the Settlement Hearing, a Group 2 Settlement Class Member must make any objection in writing and file it with the Court no later than **thirty (30) days before the Settlement Hearing**.   The objection must also be mailed to each of the following, postmarked no later than **thirty (30) days before the Settlement Hearing**: (i) Connor Counsel:  Douglas J. Campion, 409 Camino Del Rio South, Suite 303, San Diego, CA 92108;  (ii) Bywater Counsel:  Daniel M. Hutchinson, Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111; (iii) JPMCB Counsel: Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, CA 90067; and (iv)  Fannie Mae Counsel:  Christopher Yoo, AlvaradoSmith, 1 MacArthur Place, Suite 200, Santa Ana, CA 92707.

(c)  A Group 2 Settlement Class Member or his or her attorney intending to make an appearance at the Settlement Hearing must: (i) file a notice of appearance with the Court no later than **fifteen (15) days prior to the Settlement Hearing** or as the Court may otherwise direct and (ii) within the same time period, serve a copy of such notice of appearance by mail on both Counsel for Defendants and Class Counsel at the addresses set forth directly above. Except as described in the following sentence, any Group 2 Settlement Class Member who fails to comply with these provisions shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement, and shall be bound by all the terms of the Settlement, and by all proceedings, orders, and judgments in the Action. Any objections that are not timely filed and served shall be barred, except for good cause shown as determined by the Court.

(d)  Any response to any objections to the Settlement, including the Amendment, shall be filed with the Court no later than **ten (10) days before the Settlement Hearing**.

10.  <u>Effect of Failure to Approve the Agreement</u>

In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Agreement or Amendment, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)  All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect except as to payment of notice and claims administration costs to date, shall not be used or referred to for any purposes whatsoever in the Action, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order and the First Preliminary Approval Order, (ECF No. 55), shall automatically be vacated and deemed void; no doctrine of waiver, estoppel, or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement, including the Amendment, and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of Defendants for the matters alleged in the Action or for any other purpose;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Parties on any point or fact of law; and

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to JPMCB or Fannie Mae's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

11.     <u>Stay/Bar Of Other Proceedings</u>

All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.  Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class (inclusive of Class Members identified in the Agreement, including the Amendment) and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

10cv1284

12.     <u>Continuing Jurisdiction</u>

The Court retains continuing and exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Agreement, including the Amendment.

**IT IS SO ORDERED.**

DATED:  May 30, 2014

HON. GONZALO P. CURIEL
United States District Judge

11

10cv1284