Abbas Kazerounian Esq, (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Other Attorneys on Signature Page

Attorneys for the Plaintiffs and Proposed Settlement Class

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICIA CONNOR, AND SHERI L. BYWATER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**<br><br>**PLAINTIFFS,**<br><br>V.<br><br>**JPMORGAN CHASE BANK AND FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE,**<br><br>**DEFENDANTS.** | Case No: 10-CV-1284 GPC (BGS)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DATE: DECEMBER 4, 2014<br>TIME: 1:30 P.M.<br><br>THE HON. GONZALO P. CURIEL |

HYDE & SWIGART
San Diego, California

1. I, Joshua B. Swigart, hereby declare I am one of the attorneys for the Plaintiffs in this action, and named as Class Counsel for the Settlement Class in the Court's March 12, 2012 Order preliminarily approving the settlement. I submit this declaration in support of the Joint Motion for Final Approval of the Class Action Settlement. I am licensed to practice law before this court and all California state courts and all federal courts located in the State of California. If called as a witness, I would competently testify to the matters herein from personal knowledge.

2. I am a partner of the law firm of Hyde and Swigart and a counsel of record for Plaintiffs in this matter, appointed as Class Counsel in the Court's Preliminary Approval Order. I am admitted to this Court and am a member of the State Bar of California in good standing.

### SUMMARY OF CASE HISTORY AND SETTLEMENT

3. I have been involved in every aspect of this case from inception through the present. I submit this declaration in support of the Plaintiffs' Motion for Final Approval of Class Action Settlement in which Plaintiffs seeks to have the Court approve the agreed-upon settlement payment of a maximum amount of $11,268,058.00 and a minimum amount of $7,000,000.00 ("common fund").

4. Patricia Connor brought this matter to the attention of Class Counsel. A Complaint was filed in this Court on June 16, 2010 and an Amended Complaint was filed in this Court on September 10, 2010. Thereafter, Class Counsel initiated a thorough investigation, and conducted relevant factual and legal research. The information learned through this investigation was invaluable during settlement negotiations. Sheri L. Bywater filed a separate case at about the time this case was settled, and it was consolidated with this case for settlement, and her counsel were also made Class Counsel.

5. After filing this action, Class Counsel and JPMorgan Chase Bank ("Chase" or "Defendant") engaged in extensive negotiations including an exchange of

letters, emails, and telephone conversations that thoroughly analyzed the relevant legal, social, and factual issues at issue, and explored the parties' respective positions on the merits of the action and viability of class certification.

6. Subsequently, both parties exchanged correspondence, including the exchange of relevant information and documents, lists of phone numbers that received the calls to their cell phones, off-site data used during the class period, and argued their respective positions.

7. This case was settled fairly early in the litigation process, a few months after an Early Neutral Evaluation Conference conducted by U.S. Magistrate Judge Skomal. It was learned that that number of number of cell phone numbers called was large, creating a class of 1,718,866 persons. After cleaning the Class Member list of duplicates and other matters related to account borrowers and co-borrowers, only 1,381,406 separate persons were in the larger Class that received the direct mail notice. A Memorandum of Understanding was entered and a Settlement Agreement was then negotiated. At all times, these activities were non-collusive, and conducted at arm's length.

8. The original Settlement created a Settlement Fund to be paid by Defendants in a maximum amount of $9,000,000.00 and a minimum amount of $7,000,000.00. That original Settlement Fund was to be used to fund: 1) the settlement payments to Class Members, 2) any incentive payments awarded to the named Plaintiffs, 3) any attorneys' fees and costs awarded to Class Counsel, and 4) certain expenses, including notice and claims administration expenses. If a small number of claims were received, a *cy pres* distribution of any amounts remaining - between the "floor" of $7,000,000.00 and the amounts paid to 1) claimants, 2) the named Plaintiffs, 3) attorneys' fees and costs, or 4) notice and claims administration - would be paid to one or more

charitable organizations. However, a sufficient number of claims were filed to make the *cy pres* unnecessary. For Group 1, there was a sliding scale of possible settlement claim payments depending on the number of claims made, with a maximum payment of $500.00 and a minimum payment of $25.00; unless, so many claims were submitted to exceed the maximum $9,000,000.00 less settlement costs, then each claimant would receive a pro rata award. In return for the Settlement Fund, Plaintiffs, on behalf of the proposed Settlement Class (the "Class"), agreed to dismiss the Litigation and unconditionally release and discharge Defendants and other Released Parties from all claims relating to the Litigation.

9. As set forth in the Final Approval Memo at pp.7, 9, the claims period for the Group 1 Class Members expired on July 10, 2012. There were 55,629 valid claims filed, resulting in payments of $69.97 to each claimant, after deducting the actual settlement costs of notice, claims administration and requested attorneys' fees. The $7,000,000 minimum "floor" was not exceeded.

10. After the case was preliminarily approved by the Court in the Order and after notice was given to Group 1, but prior to a Final Approval hearing the Parties learned through a filed objection to the Settlement that notice was not given to all persons that should have been included in the Settlement Class. The Parties then withdrew their pending motion for Final Approval until it could be determined whether all Class Members had been properly identified through Defendant's records. After an investigation by Defendant Chase, it was determined that not all Class Members had been identified and given notice of the Settlement. Consequently, a lengthy investigation and data retrieval project conducted over more than a year's time determined that a substantial number of persons, the Group 2 Settlement Class previously not identified but consisting of 1,653,559 individuals, were also members of the defined Settlement Class and were entitled to be included in the Settlement.

11. Subsequently, the parties engaged in an additional mediation session with Magistrate Judge Edward A. Infante Ret., of Jams to resolve the issue of additional compensation for the Group 2 Settlement Class. The Parties then entered into an Amended Settlement Agreement.

12. The Group 2 Settlement resulted in: (1) an increase in the maximum from 9,000,000 to 11,268,058 (2) an additional $125,000 in attorneys' fees, subject to Court approval; and (3) up to $580,500 in additional incremental notice and administration costs.

13. This increase in settlement funds for Group 2 allows for each Group 2 Class Member to receive the same $69.97 cash settlement as Class Members in Group 1.

14. As of the time of filing this Declaration, 112,226 valid claims have been received in total for both Group 1 and Group 2, and the estimated pro rata distribution is $69.97 per class member.

15. On March 20, 2014, Plaintiffs filed a Motion for Preliminary Approval for Group 2 which was approved on May 30, 2014, by the Honorable Gonzalo P. Curiel.

16. In addition, Class Counsel hired an information technology consultant, Hansen & Levey Forensics, Inc. to assist in the evaluation of the data production and discovery requests and responses. Mr. Hansen reviewed the data, participated in telephone communications with opposing counsel and their information technology persons, and confirmed the accuracy of the processes used and the numbers provided by Chase. *See* the previously filed Declaration of Jeff Hansen in Support of Preliminary Approval, ¶¶ 4-5.

17. In the Preliminary Approval Order for Group 2, the Court set the Fairness Hearing for November 14, 2014, which was continued to December 4, 2014, at 1:30 p.m., at the United States District Court for the Southern District of

1  California, located at 940 Front Street, San Diego, California, 92101 [Dkt
2  Nos. 113, 119].

3  18. Notice that a fairness hearing would be held was provided to Groups 1 and 2.
4  Group 2 received direct mail notice of the date and time of the hearing. After
5  Group 1 received notice of the first fairness hearing, the continued dart was
6  posted on the class settlement website.

7  19. Accordingly, the current settlement consists of the following:

8  a. Defendants shall establish a settlement fund with the maximum amount of
9  $11,268,058.00 ("Settlement Fund"). Any Class Member, including
10 members in both Group 1 and Group 2, that make a timely claim within
11 the time period provided in the notice to Class Members, shall share, pro
12 rata, in the Settlement Fund an approximate amount of $69.97. This
13 amount is calculated after deducting the Settlement Costs (i.e. 1)
14 reasonable attorney's fees ($2,375,000) and litigation costs ($23,878.58)
15 as approved and awarded by the Court; 2) the costs of notice and claims
16 administration of $811,738.39 for Group 1 and up to $580,500 for Group
17 2; and 3) the proposed Incentive Award of $5,000.00 to be divided evenly
18 between the two Plaintiffs for their efforts in litigating this case).

19 b. Plaintiffs Patricia Connor and Sheri L. Bywater have applied to the Court
20 by separate motion for an incentive award of $5,000.00, to be divided
21 evenly, for their service as Class Representatives in this action. Any
22 incentive awards approved by the Court will be paid from within the
23 Settlement Fund.

24 c. The costs of notice by mail and claims administration will be deducted
25 from the Settlement Fund. Those costs have recently been calculated to be
26 $811,738.39 for Group 1 and up to $580,500 for Group 2.

27 d. Class Counsel has also filed a motion to be heard at the same time as the
28 Final Approval hearing for an award of reasonable attorney's fees and

|   |   |   |
|---|---|---|
| 1 |   | costs, in an amount of $2,250,000 in attorneys' fees, and for $23,878.58 in litigation costs from the settlement fund. Class counsel seeks an additional $125,000 in attorneys' fees and litigation costs for group 2. The combined request for attorneys' fees and and litigation costs is |
| 5 | 20. | Taking into account the burdens, uncertainty and risks inherent in this litigation, the Parties have concluded that further prosecution and defense of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement. |
| 11 | 21. | The Named Plaintiffs and all of their counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, we believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. We have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.  I strongly believe, as does each Plaintiff's attorney, that the Settlement should be given final approval. |
| 22 | 22. | Therefore, Class Counsel is requesting that the Court grant Final Approval of the Settlement. |

### ADEQUACY OF SETTLEMENT:

23. This is a statutory damages case. No Class member has lost any money as a result of the Defendants' actions, other than their carrier's billing them for the cost of Defendants' calls. Therefore, the deterrent effect of statutory damages has been met, and the proceeds will be divided among the persons called. In

other words, the Class members are not getting a percentage of money they have expended; they are receiving money as statutory damages for cell phone calls made. Therefore, obtaining an $11,268,058.00 settlement for the Class to divide is an exemplary settlement. As a result, in my opinion, based upon my experience in civil litigation and in litigating class actions, and based upon the facts of this case, the number of class members, and the other circumstances, I believe this settlement is fair and reasonable. Therefore, I believe the settlement merits Court approval.

### CLASS COUNSEL EXPERIENCE:

24. I have outlined my experience in both the Declaration of Joshua B. Swigart in Support of Preliminary Approval of Class Action Settlement Agreement and Declaration of Joshua B. Swigart in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs to be heard at the same time as this motion, and I am not repeating it here, for sake of brevity, if the Court is inclined to review my credentials relating to the Final Approval issues.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2014 at San Diego, California, pursuant to the laws of the United States.

/s/ Joshua B. Swigart
Joshua B. Swigart