# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CONNOR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>PLAINTIFFS,<br><br>V.<br><br>JPMORGAN CHASE BANK AND FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE,<br><br>DEFENDANTS. | Case No.: 10-cv-1284 GPC (BGS)<br><br>CLASS ACTION<br><br>DECLARATION OF KENNETH JUE IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Date:  December 4, 2014<br>Time:  1:30 p.m.<br>Courtroom: 2D<br><br>THE HON. GONZALO P. CURIEL |

I, Kenneth Jue, hereby declare as follows:

1. I am employed as a case manager by Gilardi & Co. LLC ("Gilardi"), located at 3301 Kerner Boulevard, San Rafael, California. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. Over the course of the 30 years since its inception, Gilardi has provided settlement administration services in thousands of class action cases, including more than 25 years of experience administering settlements on behalf of the Federal Trade Commission.

3. Gilardi was retained to, among other tasks, prepare and execute the approved Notice plan in this matter, which includes: (i) establishing the Settlement Website, (ii) delivering the Notice to Settlement Class members via U.S. mail, and (iii) providing call center support. Gilardi was also retained to provide claims administration, including receiving and paying claims.

4. Gilardi was not retained to send the Class Action Fairness Act ("CAFA") notices to the fifty attorneys general and the U.S. Attorney General in this matter. That was handled by counsel for JPMorgan Chase.

5. I oversaw the settlement administration services Gilardi provided in this matter. True and correct copies of the Group 1 and Group 2 Settlement Notice, Postcard Notice, and Claim Form are attached hereto as Exhibits A, B, and C, respectively. In doing so, I reviewed the Court's Preliminary Approval Order entered March 12, 2012 and May 30, 2014 and the Settlement Agreement and Release and Amendment to Settlement Agreement and Release entered into by the Parties. The notice procedures engaged in by Gilardi complied with those documents.

6. Gilardi received 1,718,866 Group 1 records from the Defendants containing the names and addresses of Settlement Class members. From this data,

HYDE & SWIGART
San Diego, California

Gilardi created a master mailing list. Prior to mailing of the Postcard Notices, the names and addresses on the master mailing list were processed through the National Change of Address ("NCOA") database to update any change of address on file with the United States Postal Service ("USPS"). In addition, Gilardi removed 337,316 duplicate records so that each potential Class member received only one notice, and further removed 144 incomplete address records from the master mailing list. On April 11, 2012 Gilardi mailed 1,381,406 Postcard Notices to Group 1 Settlement Class Members on the master mailing list.

7. Gilardi received 4,481,332 Group 2 records from the Defendants containing the names and addresses of Settlement Class members. From this data, Gilardi created a Group 2 master mailing list. Prior to mailing of the Postcard Notices, the names and addresses on the master mailing list were processed through the National Change of Address ("NCOA") database to update any change of address on file with the United States Postal Service ("USPS"). In addition, Gilardi removed 2,295,984 records that were noticed in Group 1, identified and removed 471,142 duplicate records, and further removed 60,647 incomplete address records from the master mailing list. The 1,653,559 records were comprised of 1,169,049 households. On June 27, 2014 Gilardi mailed 1,169,049 Postcard Notices to Group 2 Settlement Class Members.

8. On April 11, 2012, Gilardi caused a copy of the Notice and Claim Form to be posted on the Internet at the following URL: www.connorTCPAsettlement.com (the "Settlement Website"). On June 27, 2014, Gilardi caused the Group 2 Notice and Claim Form to be posted on the Settlement Website. The Settlement Website has remained active and accessible and will continue to do so until all Valid Claims are paid in this action. On the Settlement Website, Settlement Class members may view and

print copies of the Group 1 and Group 2 versions of the Postcard Notice, Long Form Notice and Frequently Asked Questions, Claim Form, Preliminary Approval Order, Settlement Agreement, and court documents relating to the Fee Motion. In addition to viewing these documents, Settlement Class members may electronically file a Claim.

9. As of September 29, 2014, Gilardi has received 45,863 electronically filed Group 1 Claims and 41,597 electronically filed Group 2 Claims via the Settlement Website.

10. On April 11, 2012, Gilardi established a toll free telephone number, (877) 265-2018, that Settlement Class members may call to listen to answers to Frequently Asked Questions, request that a Claim Form or Notice packet be mailed to them, or file a Claim over the phone.

11. As of September 29, 2014, Gilardi has received 14,816 Group 1 Claims and 13,420 Group 2 Claims filed over the phone.

12. Since mailing the Group 1 and Group 2 Postcard Notices, Gilardi has received 4,588 Postcard Notices returned by the USPS with updated addresses. Gilardi promptly re-mailed these Postcard Notices to the updated addresses supplied by the USPS. Since mailing the Postcard Notice to the Settlement Class Members, Gilardi has received 367,089 Notices returned by the USPS with undeliverable addresses. Gilardi performed a "skip trace" search for these Class members and found 299,232 new addresses. Gilardi then re-mailed Postcard Notices to the updated addresses. The total number of Postcard Notices Gilardi re-mailed is 299,232. Of the 299,232 re-mailed, 41,219 were again returned as undeliverable. Therefore, a total of 109,076 Class Members did not successfully receive a Postcard Notice. Gilardi estimates 95.7% of the Settlement Class received notice (2,550,455 initial notices subtracted by 109,076 ultimately undeliverable = 2,441,379 successfully delivered. 2,441,379/2,550,455 initial notices mailed = 95.7%).

13. The Group 1 post-mark deadline for Settlement Class members to submit a Claim was July 10, 2012. As of July 17, 2012, Gilardi had received 3,756 Group 1 Claims filed by mail. The Group 2 post-mark deadline for Settlement Class members to submit a Claim was September 28, 2014. As of September 29, 2014, Gilardi had received 1,580 Group 2 Claims filed by mail.

14. There were a total of 64,435 Group 1 Claims received either by mail, phone, or online filing. After removing duplicates, rejected claims and other ineligible claims, the number of valid Group 1 claims is 55,629. As of September 29, 2014, a total of 56,597 Group 2 claims have been received either by mail, phone, or online filing. Gilardi is currently reviewing claims for duplicates and deficiencies. Currently there are 59 unresolved claims, timely filed but to whom deficiency letters were sent asking for additional curing information.

15. The Group 1 post-mark deadline for submitting a Request for Exclusion was June 10, 2012. To date, Gilardi has received 146 timely Requests for Exclusion and 15 untimely Requests for Exclusion. A list of the timely Group 1 Requests for Exclusion is attached hereto as Exhibit D.

16. Additionally, Gilardi received 64 bankruptcy trustee exclusions filed by five separate bankruptcy trustees. These appear to comply with the Court's Preliminary Approval Order and therefore Gilardi considers these to be valid exclusions. Of the 64 bankruptcy trustee exclusions received, 50 cannot be identified as class members in this settlement. A list of the 64 bankruptcy trustee exclusions are attached hereto as Exhibit E. The total of Group 1 opt outs as set forth on the lists in Exhibit D and E is 210. A list of all 210 Group 1 Requests for Exclusion is attached hereto as Exhibit F.

17. The Group 2 post-mark deadline for submitting a Request for Exclusion was August 28, 2014. To date, Gilardi has received 56 Group 2 timely Requests

for Exclusion and 1 untimely Requests for Exclusion. A list of the timely Group 2 Requests for Exclusions is attached hereto as Exhibit G.

18. The deadline to file Group 1 objections with the Court was July 20, 2012. Gilardi has received six letters which purport to be Group 1 "objections" to the Settlement. However, none of those have been filed with the Court by the persons signing them and they do not appear to otherwise comply with the Preliminary Approval Order's requirements for true objections. However, I submit them to the Court for the Court's review, as deemed to be necessary. The deadline to file Group 2 objections with the Court is October 15, 2014. To date, Gilardi has received two Group 2 objections to the Settlement. True and correct copies of all purported Group 1 and Group 2 objections to the Settlement are attached hereto as Exhibit H and I, respectively.

19. Gilardi previously submitted an invoice to Class Counsel for Gilardi's total services rendered in Group 1 through the completion of the claims administration, including all of our estimated Group 1 costs. That amount was $811,738.39. Gilardi has agreed to cap its additional fees and costs to $580,500.00 for the administration of Group 2 for a total of $1,391,738.39. To date, Gilardi has received payment of $1,081,306.52.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of September, at San Rafael, California.

_Kenneth Jue_
KENNETH JUE