# Exhibit A

# Group 1

*Patricia Connor, Shari L. Bywater, individually and on behalf of themselves and all others similarly situated, v. JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae;* Case No. 10 CV 1284 DMS BGS.

*A court authorized this notice. This is not a solicitation from a lawyer.*

**TO: All present or former borrowers or co-borrowers whose residential mortgage loan(s) or home equity line(s) of credit are or were serviced or subserviced by JPMorgan Chase Bank, N.A. or Chase Home Finance LLC ("Chase") and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by Chase through the use of an automated dialer system and/or an artificial or pre-recorded voice between June 16, 2006 to June 15, 2011, except the time period for former EMC Mortgage Corp. customers whose loans were or are serviced or subserviced by Chase is June 16, 2006 to July 7, 2011.**

The purpose of this Notice is: (a) to advise you of a proposed settlement (the "Settlement") of the civil action entitled *Patricia Connor, Shari L. Bywater, individually and on behalf of themselves and all others similarly situated, vs. JP Morgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae,* Case No. 10 CV 1284 DMS BGS (S.D. Cal.) (the "Action") between Plaintiffs, Chase and the National Federal National Mortgage Association ("Fannie Mae") (collectively, the "Defendants"); (b) to summarize your rights under the Settlement, including the possibility that you may receive a Settlement check; (c) to inform you of a court hearing to consider the final approval of the Settlement (the "Fairness or Final Approval Hearing"); (d) to advise you how to make a claim for a portion of the Settlement Fund; and (e) to advise as to how you can obtain additional information.

Patricia Connor and Shari L. Bywater, the persons who sued, are the Plaintiffs in the Action, and the companies they sued, Chase and Fannie Mae, are the Defendants. Plaintiffs allege the Defendants violated a provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227(b)(1)(A)(iii), by calling borrowers or co-borrowers on their cellular phones with autodialers or with a prerecorded voice message without prior express consent ("calls to cell phones").

Chase will fund a Settlement Fund of at least $7,000,000 and no greater than $9,000,000 to settle the claims alleged in this Action.

**Settlement Class:** Those persons in the Settlement Class are defined in the Settlement Agreement as:
All present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMCB or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

Chase's records indicate a cell phone number was called that was associated with a home mortgage or home equity line of credit (the "account"). Chase's records do not indicate the name of the person called on the cell phone, which could have been the borrower or co-borrower listed in the account records. Receiving the postcard notice of this Settlement does not necessarily mean you will have a claim for payment under the Settlement, but it does mean that you are a Settlement Class Member. Only those class members whose cell phone numbers actually were called are entitled to receive a monetary payment. If you submit a claim and identify your cell phone number, the Claims Administrator will then confirm if your cell phone number matches the number in Chase's records as the cell phone number called, and you are entitled to monetary compensation in this action as a result. If the Claims Administrator determines your cell phone number was not called, you will benefit from the Settlement by the enhancements Chase made to its servicing system designed to prohibit the calling of a cell phone number unless the borrower's loan servicing record is systematically coded to reflect the borrower's prior express consent to call his/her cell phone.

Under the Settlement, and subject to final Court approval, Chase will establish a Settlement Fund with a minimum

amount of $7,000,000 and a maximum amount of $9,000,000 in Settlement of the claims alleged in this Action. The Claims Administrator will pay an amount between $25.00 and $500.00 (or perhaps less than $25.00 depending on the number of claims made) to each person that Chase called on his or her cell phone number. The amount paid per approved claim will be the same for each approved claimant, and the amount paid per claim will depend only upon 1) the number of claims filed and approved ("Approved Claim"), and 2) the amount of the Settlement Fund allocated to payment of those claims, after costs of litigation, incentive payments, costs of notice and claims administration, and attorneys' fees (collectively "Settlement Costs") are deducted from the Settlement Fund. If the number of claims to be paid exceeds the number that would permit each claimant to be paid $25.00 from the $9,000,000 maximum Settlement Fund after the Settlement Costs are paid, then the Approved Claims will be paid on a *pro rata* basis, in an amount less than $25.00. However, if the number of claims received are so few in number that even after paying all Approved Claims the $500 maximum amount permissible under the Settlement Agreement, and after paying all Settlement Costs, funds still remain in the $7,000,000 minimum Settlement Fund, those remaining funds in the $7,000,000 minimum Settlement Fund shall be paid to a charity chosen by Class Counsel and approved by the Court, and not be retained by Chase or Defendants. Thus, Chase will pay a minimum of $7,000,000 to fund this Settlement.

Subject to Court approval, for their efforts in litigating this case, Class Counsel will seek to pay from the Settlement Fund a total of $5,000 in incentive payments to the named Plaintiffs, Patricia Connor and Shari L. Bywater.

Also subject to Court approval, the Parties have agreed that Class Counsel in this Action may apply to the Court to be awarded from the Settlement Fund attorneys' fees in an amount up to $3,000,000, which is one-third of the maximum $9,000,000 settlement amount that may be paid in the Action. Chase will not oppose any such attorneys' fees request so long as it does not exceed that amount. Class Counsel shall also seek to be reimbursed from the Settlement Fund their costs of litigation incurred in the Action, and to pay the costs of Notice and Claims Administration from the Settlement Fund.

As detailed below, to find out if your cell phone number was called by Chase, and if it was, to make a claim for monetary payment, you can either 1) call 1-877-265-2018; 2) go online to www.connorTCPAsettlement.com; or 3) send a written claim by mail to the third party Claims Administrator Gilardi & Co. at the address shown below. Even if you received this Notice, to receive a monetary payment, you must be the person associated with the account whose cell phone number was called by Chase. To make a claim, you must provide your cell phone number to the Claims Administrator that you believe may have been called by Chase. If Chase's records indicate your cell phone number was called, you may file a claim for monetary compensation. If you file a claim, you will be required to provide a current address for receiving settlement proceeds. Any information you provide in connection with your claim will not be provided to Defendants, and only will be used by the Claims Administrator for processing your claim.

Upon final approval of the Settlement, the Action will be dismissed with prejudice and the individual Plaintiffs and Class Members who do not request exclusion from the Class will be deemed to release and forever discharge Chase and Fannie Mae, and their predecessors and successors, parents companies, subsidiaries, and all affiliated companies from any and all claims arising from the facts alleged in the Action that they have and/or could assert against Defendants.

Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing** | Stay in the lawsuit. Receive no payment. |
| **File a Claim** | Make a claim **by July 10, 2020**, either online, by mail, or over the phone and receive payment if you are an eligible Class Member and the Settlement is finally approved. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Object** | Write to the Court and explain why you do not like the Settlement. |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever be part of another lawsuit involving the claims in this Action against Defendants. |

These rights and options – and the deadlines to exercise them – are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement.

# WHAT THIS NOTICE CONTAINS

SUMMARY OF LAWSUIT AND SETTLEMENT ................................................................................... 1

BASIC INFORMATION ................................................................................................................... 3
    1.   Why did I get a post card notice? ............................................................................... 3
    2.   What is this lawsuit about? .......................................................................................... 4
    3.   What is a class action? ................................................................................................. 4
    4.   Why is there a Settlement and what is it? .................................................................... 4
    5.   Am I eligible to be part of the Settlement? .................................................................. 4

THE SETTLEMENT BENEFITS – WHAT YOU GET ....................................................................... 5
    6.   What does the Settlement provide? .............................................................................. 5
    7.   How can I get a monetary payment? ............................................................................ 5
    8.   If I am a Class Member, will I be entitled to a cash payment? ..................................... 6
    9.   What if the Claims Administrator determines that my cell phone number wasn't called? Am I entitled to anything? ..................................................................................................................... 6
    10.  When would I get my payment? ................................................................................... 6
    11.  What am I giving up to get my monetary payment and staying in the Class? ................ 7

EXCLUDING YOURSELF FROM THE SETTLEMENT .................................................................... 7
    12.  How do I get out of the Settlement? ............................................................................ 7
    13.  If I don't exclude myself, can I sue the Defendants for the same thing later? ............... 7
    14.  If I exclude myself, can I get the monetary payment? .................................................. 7

THE LAWYERS REPRESENTING YOU ......................................................................................... 7
    15.  Do I have a lawyer in this case? .................................................................................. 7
    16.  How will the lawyer be paid and what other costs are there to be paid and by whom? .... 7

INCENTIVE PAYMENTS PAID TO THE CLASS REPRESENTATIVES ........................................ 8
    17.  Do the Class Representatives get paid anything for their services? .............................. 8

OBJECTING TO THE SETTLEMENT ............................................................................................ 8
    18.  If I want to object to the Settlement, how do I do so? ................................................... 8
    19.  What's the difference between "objecting" and "excluding yourself?" ........................... 8

THE COURT'S FAIRNESS HEARING ........................................................................................... 8
    20.  When and where will the Court decide whether to give final approval to the Settlement? ... 8
    21.  Do I have to come to the hearing? ............................................................................... 9
    22.  What if I want my own lawyer to attend the fairness hearing? ...................................... 9

IF YOU DO NOTHING .................................................................................................................. 9
    23.  What happens if I do nothing at all? ............................................................................ 9

GET MORE INFORMATION .......................................................................................................... 9
    24.  Are there more details about the Settlement? ............................................................... 9

APPENDIX ................................................................................................................................... 10

RELEASE OF CLAIMS ................................................................................................................. 10

## BASIC INFORMATION

**1.     Why did I get a post card notice?**

    Chase's records indicate you or a co-borrower were called on a cell phone by Chase between June 16, 2006 and June 15, 2011, or between June 16, 2006 to July 7, 2011 if you were a former EMC Mortgage customer whose loan(s) was serviced by Chase (the "Class Period"). You may be entitled to a cash payment under the Settlement of this Action. If your cell phone number matches the cell phone number called as determined by the Claims Administrator, you are entitled to a payment. Chase's records list the cell phone numbers called during the relevant time period, but do not include the names of the persons associated with the cell phone numbers called. Therefore, the postcard notice has been sent to all persons associated with accounts with cell numbers that were called during the Class Period, not just those persons who received a call on their cell numbers and are entitled to make a claim. If you believe you may have been called on your cell number by Chase during the Class Period, you may contact the Claims Administrator to confirm whether your cell number was called. If Chase's records show your cell phone number was called during the Class Period, you may make a claim. If your cell number was not called during the Class Period, you are *not* eligible to make a claim.

    The Parties have provided Notice of the Settlement to all Class Members. Potential claimants for monetary payments may submit a claim and provide their cell phone numbers on the claim, or prior to submitting a claim, may check with the Claims Administrator to determine whether their cell phone number actually was called by Chase. Not every

person who received Notice of Settlement is entitled to a monetary payment from the Settlement. Only those persons whose cell phone numbers actually were called by Chase may receive a monetary payment under the Settlement.

The Court has given a preliminary approval to this proposed Settlement and ordered the post card notice to be sent to persons whose names appeared in Chase's records associated with a home mortgage or home equity line of credit and a cell phone number called during the Class Period. The Court also ordered that this Notice to be placed on the Settlement website. As a Class Member, you have a right to know about a proposed Settlement of a class action lawsuit, and about all your options, before the Court decides whether to give final approval to the settlement. If the Court approves it, payments under the terms of the Settlement will be made.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2.    What is this lawsuit about?

Plaintiffs allege that Chase violated the TCPA by calling persons on their cell phone numbers with either an autodialer or by a prerecorded voice message, or both, without that person's prior express consent. Plaintiffs sought statutory damages of up to $500 for each call negligently made and up to $1,500 for each call made intentionally. Defendants deny they violated the TCPA.

## 3.    What is a class action?

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Patricia Connor and Shari L. Bywater), sue on behalf of people who have similar claims. All these people are a "Class" or, in other words, "Class Members." One court resolves the issues for all Class Members, except for those who ask to be excluded from the Class. U.S. District Court Judge Dana M. Sabraw is the judge assigned to this lawsuit. He will decide whether this Settlement should be approved.

## 4.    Why is there a Settlement and what is it?

The Court did not decide in favor of the Plaintiffs or the Defendants. Instead, both sides have voluntarily agreed to a settlement before any trial which provides for several benefits: (1) Chase will establish a Settlement Fund of a minimum of $7,000,000 and a maximum of $9,000,000, with the amount dependent upon the number of claims received. (2) The costs of Notice and claims administration will be paid from the Settlement Fund, as will Plaintiff's attorneys' fees and costs of litigation they have incurred. (3) The amount paid per claim will be the same for all claims paid, but will depend upon both the amount of claims made and the amount of all costs of Settlement that will have to be paid, including costs of Notice and claims adminsitration, and attorneys' fees and litigation costs ("Settlement Costs"), which will be deducted from the Settlement Fund before determining the amount available to pay the claims. (4) In any event, Chase will be required to pay a minimum of $7,000,000, even if the number of claims made will not justify that amount of payment, even at the maximum amount allowed of $500.00 per claim. If the number of claims is not sufficient to reach the $7,000,000 minimum payment amount after paying all the claims and the Settlement Costs, Chase shall pay the difference between (i) the amount necessary to pay all claims made, the Settlement Costs, and (ii) the minimum $7,000,000 payment to a charity chosen agreed upon by the Parties and approved by the Court. Upon taking all matters into consideration, the Class Representatives and their attorneys think the Settlement is in the best interests of all Class Members.

## 5.    Am I eligible to be part of the Settlement?

If you received the postcard notice by mail you are part of the Settlement Class as defined below. However, that does not guarantee you are entitled to a monetary payment. Your cell phone number must have been called by Chase for you to qualify for the monetary payment. If you were not called, you will benefit from the Settlement by the enhancements Chase made to its servicing system designed to prohibit the calling of a cell phone number unless the borrower's loan servicing record is systematically coded to reflect the borrower's prior express consent to call his/her cell phone.

Potential claimants for monetary payments may submit a claim and provide their cell phone numbers on the claim, or prior to submitting a claim, may check with the Claims Administrator to determine whether their cell phone number actually was called by Chase. Not every person who received Notice of Settlement is entitled to a payment from the Settlement. Only those persons whose cell phone numbers actually were called by Chase may receive a payment under the Settlement.

The Parties agreed and the Judge confirmed that the following persons should be included in the Settlement Class:

The "Settlement Class" or "Settlement Class Members" means all present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMCB or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.      What does the Settlement provide?**

The Settlement Agreement requires that Chase provide a Settlement Fund as follows:

(1)   Chase shall pay a maximum total settlement amount of $9,000,000, and a minimum settlement amount of $7,000,000. That Settlement Fund shall pay for all Approved Claims and Settlement Costs. Class members who were called on their cell phones will be paid a cash amount for their Approved Claims and that amount will be dependent upon the number of Approved Claims and the amount of Settlement Costs. The Settlement Agreement provides for the claims to be no more than $500.00 and no less than $25.00, unless the total number of claims and the Settlement Costs deducted from the $9,000,000 maximum settlement fund require a *pro rata* reduction of the $25.00 amount.

(2)   If the amount of submitted approved claims is such that no more than the minimum of the $7,000,000 floor is needed to pay all Approved Claims and Settlement Costs, the amount paid per approved claim shall be divided among the approved claimants on a *pro rat*a basis from the amount remaining after deducting the Settlement Costs from the $7,000,000, the "Minimum Claims Payment Fund", up to a maximum recovery of $500 per approved claim. If the Approved Claims and Settlement Costs are greater than $7,000,000, then Chase will pay the additional Approved Claims with an upper limit of $9,000,000 for all Approved Claims payments and Settlement Costs. If the total Approved Claims and Settlement Costs exceed $7,000,000, but are less than $9,000,000, Chase will not be required to pay any amounts greater than the Approved Claims and Settlement Costs amount, even if that amount is less than $9,000,000.

(3)   If a sufficient number of Approved Claims are submitted so as to reduce the amount paid per approved claim on a *pro rata* basis to $25.00, then the Approved Claims shall all be paid $25.00 until, and if, a sufficient number of Approved Claims are received to exceed the maximum payout amount of $9,000,000 after deducting the Settlement Costs. If that occurs, all Approved Claims shall be paid a *pro rata* amount of the funds remaining of the $9,000,000 after the Settlement Costs are paid from the $9,000,000. In other words, no approved claim shall be paid less than $25.00 unless the amount of total Approved Claims and Settlement Costs exceed $9,000,000.

(4)   If fewer claims are received to leave funds available in the $7,000,000 minimum payout amount after all such claims are paid capped at $500, and after Settlement Costs are paid, those remaining funds shall be paid to a *cy pres* recipient (a charity approved by the court), and designated by Plaintiff's counsel and approved by Chase's counsel, or if not so approved, the court will decide on the *cy pres* recipient. Chase's' responsibility to pay any amounts in settlement shall not exceed the $9,000,000, and if the total amount of Approved Claims and Settlement Costs exceeds $7,000,000 but does not exceed $9,000,000, Chase shall only be liable for such total amount.

**7.      How can I get a monetary payment?**

To determine if you are eligible for a monetary payment under the Settlement, first you must confirm if your cell phone number was called by Chase. You can do so in a number of ways:

(1)   Calling the Claims Administrator, Gilardi & Co. LLC, at its toll-free number, 1-877-265-2018, between the hours of 7:00 a.m. and 5:00 p.m. PT. You will provide your cell phone number and the Claims Administrator will check it against the list of cell phone numbers called. If your number is on the list, you can file a claim for payment at that time;

(2)    Submitting a request for cell phone confirmation online at the website www.connorTCPAsettlement.com; or

(3)  Submitting a a request for cell phone confirmation in writing to the Claims Administrator.  If in writing, you must include your name, your identfying claim number from the postcard you received informing you of the Settlement, and your cell phone number that you think may have been called.  You must also advise how the Claims Administrator can contact you (either by telephone, email or in writing) to advise you if your cell phone number is on the list of cell phone numbers called.  If the Claims Administrsotrs informs you your cell phone numbers is on the list, you then may submit a request for a monetary payment, either in writing, at the toll-free number above, or online.  Written requests must be submitted to the following address:

Connor Settlement
P.O. Box 8060
San Rafael, CA 94912-8060

In order to request confirmation of a call to your cell phone number, if you believe you may have been called by Chase on your cell phone number between June 16, 2006 and June 15, 2011 (or July 7, 2011 for former EMC Mortgage cusomters), you need to provide the following information:  (1) name; (2) claim number on the post card sent to you informing you about the Settlement; (3) cell phone number on which you may have been called; (4) if you believe you are entitled to a monetary payment, your current address for mailing the Settlement payment, if different from the postcard notice address; and (5) if necessary to confirm your identity, the last four digits of your social security number.  You may also provide a current telephone number if you agree to do so, in order to allow the Claims Administrator to contact you if there are any questions or problems.

**The deadline to submit a claim is July 10, 2012**.  All calls or online claims must be made on or before close of business on that date.  If you submit your claim by mail, your claim must be **postmarked** on or before that date.

**The Settlement Agreement incorporated in the Court's Order provides that none of the information you give to the Claims Administrator is going to be given to Defendants, including any updated addresses or telephone numbers**.

This Settlement does not resolve, waive or dispose of any obligation or debt that you may owe to Defendants.

**8.    If I am a Class Member, will I be entitled to a cash payment?**

Only those class members whose cell phone numbers actually were called are entitled to receive a monetary payment.  If you submit a claim and identify your cell phone number, the Claims Administrator will then confirm if your cell phone number matches the number in Chase's records as the cell phone number called, and you are entitled to monetary compensation in this action as a result.  If the Claims Administrator determines your cell phone number was not called, you will benefit from the Settlement by the enhancements JPMCB made to its servicing system designed to prohibit the calling of a cell phone number unless the borrower's loan servicing record is systematically coded to reflect the borrower's prior express consent to call his/her cell phone.

**9.    What if the Claims Administrator determines that my cell phone number wasn't called? Am I entitled to anything?**

If you were not called, you will benefit from the Settlement by the enhancements JPMCB made to its servicing system designed to prohibit the calling of a cell phone number unless the borrower's loan servicing record is systematically coded to reflect the borrower's prior express consent to call his/her cell phone.

**10.    When would I get my payment?**

The Court will hold a "Final Approval" or "Fairness" hearing on August 3, 2012, to decide whether to grant final approval of the Settlement.  If Judge Sabraw grants final approval, and there is no appeal of the approval ruling, the ruling will become final by law in thirty days from the date of the ruling.  The Claims Administrator will attempt to pay all claims within 30 days of the date the ruling becomes final, but there may be some delay beyond that date.  If there are any appeals of the Court's approval of the Settlement, the approval order does not take effect until those appeals are resolved.  It is

always uncertain whether and when appeals would be resolved, and payment under this Settlement cannot be made until the approval order is final.

**11.    What am I giving up to get my monetary payment and staying in the Class?**

As an eligible Class Member, unless you exclude yourself, you are a member of the Class.  That means that you cannot sue, or be part of any other lawsuit against Defendants that arise out of or relate in any way to the facts alleged in this Action, including the fact that Chase called you on your cellular telephone number. It also means that all of the Court's orders will apply to you and legally bind you.  By staying in the Settlement Class, you agree to release claims, known and unknown, arising from the facts alleged in the Action.  The full text of the Release of Claims sections of the Settlement Agreement are set forth in the Appendix at the end of this Notice.

You are releasing those "Released Claims" against the "Released Parties" which means Defendants Fannie Mae and Chase, and each of their past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, clients, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit.

<u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>

If you do not want to participate in this Settlement, or you want to keep the right to sue or continue to sue the Defendants on your own, then you must take steps to get out of the Settlement.  This is called "excluding yourself" from or "opting out" of the Class.

**12.    How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in *Connor v. JPMorgan Chase, et. al.*   Be sure to include your name, address, telephone number, and your signature.  **You must mail your exclusion request postmarked no later than June 10, 2012** to the Claims Administrator at the following address:

Connor Settlement
P.O. Box 8060
San Rafael, CA 94912-8060

You cannot exclude yourself by telephone or email.  If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this Action.

**13.    If I don't exclude myself, can I sue the Defendants for the same thing later?**

No.  Unless you exclude yourself from the Settlement, you give up any right to sue the Defendants for the claims that this Settlement resolves.  If you have a pending lawsuit against either or both of these entities, and you are not certain if that lawsuit is about any of the issues in this case, speak to your lawyer in that case immediately.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, the exclusion deadline is June 10, 2012.

**14.    If I exclude myself, can I get the monetary payment?**

No.

<u>THE LAWYERS REPRESENTING YOU</u>

**15.    Do I have a lawyer in this case?**

Douglas J. Campion, of the Law Offices of Douglas J. Campion, Joshua B. Swigart, of Hyde & Swigart, both of San Diego, California, and Abbas Kazerounian or The Kazerouni Law Group, PC, of Santa Ana, California, have been approved by the Court to represent you and other Class Members.  These lawyers are called Class Counsel.

**16.    How will the lawyer be paid and what other costs are there to be paid and by whom?**

You will not be charged individually for these lawyers as they will ask the Court to award their attorneys' fees and costs of litigation from the Settlement Fund obtained for the Class.  Chase agrees not to object to any attorneys' fees amount requested by Class Clounsel so long as it is less than or equal to $3,000,000, which is one-third of the $9,000,000 maximum settlement amount agreed upon in the Settlement Agreement.  Class Counsel intends to request the Court award an amount less than or equal to that amount for attorneys' fees at the Final Approval hearing.  Class Counsel also will ask that the Court award their costs of suit incurred in the Action, in an amount less than $25,000.  The Court has to approve any

request for attorneys' fees and costs in this Action.  If you want to be personally represented by your own lawyer, you may hire one at your expense.

Class Counsel will also seek Court approval and reimbursement from the Settlement Fund of the costs of giving Notice and providing claims administration in this case.  Those costs are estimated to be approximately $916,523 but could be more or less than that amount after notice is provided and after the administration of the claims.

## INCENTIVE PAYMENTS PAID TO THE CLASS REPRESENTATIVES

**17.     Do the Class Representatives get paid anything for their services?**
Subject to Court approval, for their efforts in litigating this case, Class Counsel will seek to pay from the Settlement Fund Chase a total of $5,000 in incentive payments to be divided between and paid to Plaintiffs Patricia Connor and Sheri L. Bywater.

## OBJECTING TO THE SETTLEMENT

**18.     If I want to object to the Settlement, how do I do so?**
As a Class Member, you can object to the Settlement if you do not like all or any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the *Connor v. JPMorgan Chase, et. al.* Settlement, and include the Case No. 10 CV 1284 DMS BGS. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement.

**Mail the objection to the following addresses no later than July 20, 2012**.

| | | |
|---|---|---|
| Clerk of the Court | Douglas J. Campion, Esq. | LeAnn Pedersen Pope, Esq. |
| U.S. District Court | Law Offices of Douglas J. Campion | Burke, Warren, MacKay & Serritella, P.C. |
| Southern District of California | 409 Camino Del Rio South, Suite 303 | |
| 940 Front Street | San Diego, California 92108 | 330 North Wabash Avenue, 22nd Floor |
| San Diego, CA 92101 | | Chicago, IL 60611 |

You may also ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Connor v. JPMorgan Chase, et. al.,* Case No. 10 CV 1284 DMS BGS. Be sure to include your name, address, telephone number, and your signature. **Your Notice of Intention to Appear must be postmarked no later than July 20, 2012 and be sent to the Court, Class Counsel and Defendant's counsel at the above addresses.**

You cannot object or speak at the hearing if you "excluded yourself" from the Class.

**19.     What's the difference between "objecting" and "excluding yourself?"**
Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to give final approval to the Settlement.  You may attend and you may speak, but you don't have to.  The hearing is called a Fairness Hearing or Final Approval Hearing.

**20.     When and where will the Court decide whether to give final approval to the Settlement?**
The Court will hold a Fairness Hearing at 1:30 p.m. on August 3, 2012 at the U.S. District Court, Southern District of California, 940 Front Street, Courtroom 10, San Diego, CA 92101 before the Honorable Dana M. Sabraw.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  If anyone has asked to speak at the hearing, Judge Sabraw will listen to them at that time.  The Court

will decide after the hearing whether to approve the Settlement as fair and reasonable, to give final approval to the amount of attorneys' fees and costs to be paid from the Settlement Fund that Class Counsel seek for their representation of the Class, approval of the costs of notice and claims administration to be paid from the Settlement Fund, and to the incentive payments from the Settlement Fund to be provided to the Class representatives for bringing and litigating this action. We do not know how long these decisions will take.

**21.      Do I have to come to the hearing?**

No.  Class Counsel will answer questions Judge Sabraw may have that are directed to the Class.  But you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.

**22.      What if I want my own lawyer to attend the fairness hearing?**

At your own expense, you may have your own lawyer appear for you if you like.  If you hire your own lawyer, that lawyer must send a Notice of Intention to Appear detailed in 16 above which is postmarked no later than July 24, 2012. The Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defendant's counsel at the addresses above.

## IF YOU DO NOTHING

**23.      What happens if I do nothing at all?**

If you do nothing, you will be part of the Class and you will receive the benefits detailed above, including the monetary payment if you make a claim.

You will also be precluded from being part of any other lawsuit against the Defendants Chase and Fannie Mae relating to the released claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

## GET MORE INFORMATION

**24.      Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement, and more details are in the Settlement Agreement, which is part of the Court file, a public record.  Many of the court papers, including the Settlement Agreement, are also posted on the Settlement website www.connorTCPAsettlement.com.  You also can get a copy of the Settlement Agreement or review any other part of the papers relating to the lawsuit by examining the records of this case, *Connor v. JPMorgan Chase, et. al.,* Case No. 10 CV 1284 DMS BGS at the Clerk's office at the U.S. District Court, Southern District of California, 940 Front Street, San Diego, California 92101.  The clerk's office has the ability to make copies of any such public documents for you.  Also, all filed documents in the case, including the Settlement documents, are available for viewing online through the Court's PACER document review system.

## PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

Dated: March 12, 2012                                              By Order of The U.S. District Court
                                                                            San Diego, California

**APPENDIX**

Released Claims as defined in the Settlement Agreement:

**RELEASE OF CLAIMS**

16.01. <u>Released Claims</u>. Plaintiff and each Settlement Class Member, their respective assigns, heirs, executors, administrators, successors and agents hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably attributable to the Released Claims. The release does not apply to Settlement Class Members who timely opt-out of the Settlement.

A. "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order that arise out of or relate in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law) by any of the Released Parties to contact or attempt to contact Settlement Class Members including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice, including any claim under any federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppels.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they

now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

16.03. <u>Covenant Not To Sue</u>. Plaintiffs agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

# Group 2

*Patricia Connor and Shari L. Bywater, individually and on behalf of themselves and all others similarly situated, v. JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae; Case No. 10 CV 1284 GPC BGS.*

### A court authorized this notice. This is not a solicitation from a lawyer.

**TO: All present or former borrowers or co-borrowers as identified in the records of JPMorgan Chase Bank, N.A. ("Chase") whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by Chase or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) through the use of an automated dialer system and/or an artificial or pre-recorded voice by Chase between June 16, 2006 and June 15, 2011, or between June 16, 2006 and July 7, 2011 for former EMC Mortgage customers (the "Class Period").**

The purpose of this notice is: (a) to advise you of a proposed settlement (the "Settlement") of the action entitled Patricia Connor, Shari L. Bywater, individually and on behalf of themselves and all others similarly situated, v. JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae, Case No. 10 CV 1284 GPC BGS (S.D. Cal.) (the "Action") between plaintiffs Patricia Connor and Shari L. Bywater ("Plaintiffs"), Chase and the Federal National Mortgage Association ("Fannie Mae," together with Chase, "Defendants," and together with Chase and Plaintiffs, the "Parties"); (b) to summarize your rights under the Settlement, including the possibility of receiving a settlement check; (c) to advise you of a court hearing to consider final approval of the Settlement (the "Fairness or Final Approval Hearing"); (d) to advise you how to make a claim to be paid from the settlement funds ("Settlement Fund"); and (e) to advise as to how you can obtain additional information, including from the Settlement website at www.connorTCPAsettlement.com.

You are in the second group ("Group 2") to receive notice of the Settlement. Another group ("Group 1") was sent notice and submitted claims in this Action in 2012. You are receiving this notice and are in Group 2 because members of Group 2 were inadvertently not identified as Settlement Class Members prior to distribution of the earlier notice. Members of Group 2 are now entitled to submit claims as allowed by the Settlement. Any Settlement Class Member previously provided notice is not entitled to make a claim at this time, as that process was completed in 2012. For the notice of the Settlement relating to the Group 1 Settlement, see the Settlement website at www.connorTCPAsettlement.com.

Plaintiffs allege in this Action that defendants Chase and Fannie Mae violated the Telephone Consumer Protection Act, 47 U.S.C., Section 227(b)(1)(A)(iii), (the "TCPA"), by calling persons with home mortgages or home equity loans serviced by Chase or its predecessors on their cell phones with an automated dialer system and/or an artificial or pre-recorded voice without prior express consent. Defendants deny that any such violations occurred and deny liability in the Action.

Chase previously agreed to provide a Settlement Fund of at least $7,000,000 and no greater than $9,000,000 to settle the claims alleged in the Action. Chase will now supplement the agreed-upon Settlement Fund by up to $4,428,637 to pay valid and timely claims of Group 2 Settlement Class Members. The Group 2 Settlement is structured to provide approximately $69.97 for each approved Group 2 claim, which is the same amount likely to be paid to the Group 1 claimants based on the prior claims process. However, that amount could be less if more than the projected claims are submitted; if so, then the total available funds for Group 1 and Group 2 claims will be divided among Group 1 and Group 2 claimants on a pro rata basis so that Group 1 and Group 2 claimants receive the same amount.

Chase will also pay additional notice and claims administration costs for Group 2 of up to $580,500. If these costs exceed $580,500, the Parties have agreed to seek a mediator's assistance to renegotiate the allocation of notice and administration costs if necessary. Subject to Court approval, Chase also has agreed to pay an additional $125,000 for Class Counsel's attorneys' fees for work related to the Group 2 Settlement. Thus, Chase may pay up to $5,134,137 to fund the Group 2 Settlement, in addition to the amounts which Chase previously agreed to pay as the Settlement Fund.

<u>**Settlement Class:**</u> The Settlement Class is defined in the Settlement Agreement between the Parties filed with the Court on January 17, 2012 (the "Settlement Agreement") as:

> All present or former borrowers or co-borrowers as identified in JPMorgan Chase Bank, N.A.'s records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMorgan Chase Bank, N.A. or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by JPMorgan Chase Bank, N.A. through the use of an automated dialer system and/or an artificial or prerecorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMorgan Chase Bank, N.A. or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

Chase's records indicate that a cell phone number associated with a home mortgage or home equity line of credit (the "Account") was called, but Chase's records do not indicate the name of the person called on the cell phone. Receiving the postcard notice of the Settlement does not necessarily mean you will have a claim for payment under the Settlement, but it does mean that you are a Settlement Class Member. Only those Settlement Class Members <u>whose cell phone numbers actually were called</u> are eligible for a monetary payment. In addition, those Settlement Class Members who previously received notice of the Settlement as part of Group 1 are not entitled to make a claim at this time. If you submit a claim and identify your cell phone number, the Claims Administrator will then confirm if your cell phone number matches Chase's records as to the cell phone number called and if you are entitled to payment

from the Settlement Fund as a result. If the Claims Administrator determines your cell phone number was not called, you will benefit from the Settlement by the procedures put in place by Chase designed to prevent calling of a cell phone number unless the borrower's loan servicing record is coded to reflect the borrower's prior express consent to call his/her cell phone.

Subject to Court approval, the Parties originally agreed that Class Counsel in the Action may apply to the Court to be awarded from the Settlement Fund attorneys' fees in an amount up to $3,000,000 based upon the original $9,000,000 maximum Settlement Fund, and that Chase would not oppose any such attorneys' fees application. In connection with the Group 2 Settlement, the Parties agreed that Class Counsel also may seek Court approval of an additional $125,000 in fees. Class Counsel also will seek to be reimbursed from the Settlement Fund up to $25,000 for their costs incurred in the Action. Also subject to Court approval, for their efforts in litigating this case, Class Counsel will seek to pay from the Settlement Fund a total of $5,000 in incentive payments to the Class Representatives, Patricia Connor and Shari L. Bywater.

As detailed below, if your cell phone number was called by Chase regarding an Account, and if you were not previously provided notice of the Settlement as part of Group 1, you are in Group 2 Subclass A and are entitled to make a claim for a monetary payment. Even if you received a postcard notice, to receive a monetary payment, you must be the person associated with the Account whose cell phone number was called by Chase. To make a claim, you must provide your cell phone number that you believe may have been called by Chase to the Claims Administrator. If Chase's records indicate that your cell phone number was called regarding the Account, you are considered to be in Group 2 Subclass A. If you submit a claim, you will be required to provide a current address for receiving any settlement payment. Any information you provide in connection with your claim will not be provided to Defendants, and only will be used by the Claims Administrator for processing your claim.

Upon final approval of the Settlement, the Action will be dismissed with prejudice and Settlement Class Members who do not request exclusion from the Settlement Class will be deemed to release and forever discharge Chase and Fannie Mae, and their predecessors and successors, parent companies, subsidiaries and all affiliated companies and released parties, from any and all claims arising from the facts alleged in the Action. The full release is set forth in the Settlement Agreement available at www.connorTCPAsettlement.com, and in the Appendix hereto.

Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing** | Stay in the lawsuit. Receive no payment. |
| **Submit a Claim** | Make a claim by September 25, 2014, either online, by mail, or over the phone and receive payment if you are an eligible Group 2 Settlement Class Member and the Settlement is finally approved. |
| **Object** | Write to the Court and explain why you do not like the Settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever be part of another lawsuit involving the Released Claims in the Action against Defendants. |

These rights and options – and the deadlines to exercise them – are explained in this notice. The Court still must decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

SUMMARY OF LAWSUIT AND SETTLEMENT ...............................................................................................1

BASIC INFORMATION
    1. Why did I get a postcard notice? ...............................................................................................3
    2. What is this lawsuit about? ...............................................................................................3
    3. What is a class action? ...............................................................................................3
    4. Why is there a Settlement and what is it? ...............................................................................................3
    5. Am I eligible to be part of the Settlement? ...............................................................................................4

THE SETTLEMENT BENEFITS – WHAT YOU GET
    6. What does the Settlement provide? ...............................................................................................4

HOW YOU GET THE MONETARY PAYMENT
    7. How can I get a monetary payment? ...............................................................................................4
    8. When would I get my payment? ...............................................................................................5
    9. What am I giving up to get my monetary payment and staying in the Settlement Class? ...............................................................................................5

EXCLUDING YOURSELF FROM THE SETTLEMENT
    10. How do I get out of the Settlement? ...............................................................................................5
    11. If I don't exclude myself, can I sue the Defendants for the same thing later? ...............................................................................................5
    12. If I exclude myself, can I get the monetary payment? ...............................................................................................6
THE LAWYERS REPRESENTING YOU
    13. Do I have a lawyer in this case? ...............................................................................................6
    14. How will the lawyers be paid and what other costs are there to be paid and by whom? ...............................................................................................6

SERVICE AWARDS PAID TO THE CLASS REPRESENTATIVES
  15.  Do the Class Representatives get paid anything for their services? ...................................................6

OBJECTING TO THE SETTLEMENT
  16.  If I want to object to the Settlement, how do I do so? .....................................................................6
  17.  What's the difference between "objecting" and "excluding yourself?"...............................................6

THE COURT'S FAIRNESS HEARING
  18.  When and where will the Court decide whether to give final approval to the Settlement? ......................7
  19.  Do I have to come to the hearing? ..................................................................................................7
  20.  What if I want my own lawyer to attend the Fairness Hearing? ........................................................7

IF YOU DO NOTHING
  21.  What happens if I do nothing at all? ...............................................................................................7

GET MORE INFORMATION
  22.  Are there more details about the Settlement? ..................................................................................7

## BASIC INFORMATION

### 1. Why did I get a postcard notice?

The postcard notice sent to Group 2 Settlement Class Members provides a summary of the Action, the Settlement, your legal rights and how they are affected by the Settlement, what benefits are available, who is eligible for them and how to get them. You received the notice because Chase's records indicate that you or a co-borrower were called on a cell phone between June 16, 2006 and June 15, 2011 by Chase or Chase Home Finance LLC, or between June 16, 2006 and July 7, 2011 if you were a former EMC Mortgage customer (the "Class Period") and that you did not previously receive notice of the Settlement as part of Group 1. You may be entitled to a cash payment under the Settlement of the Action.

If you submit a valid and timely claim and your cell phone number matches the cell phone number called as reflected in Chase's records and as determined by the Claims Administrator, you may be entitled to a payment. Chase's records list the cell phone numbers called during the relevant time period, but do not include the names of the persons associated with those cell phone numbers. Therefore, a postcard notice has been sent to all persons associated with Accounts with cell phone numbers that were called during the Class Period, not just those persons who received a call on their cell phone numbers and who are therefore entitled to make a claim. If you believe you may have been called on your cell phone by Chase during the Class Period, and you did not previously receive notice of the Settlement as part of Group 1, you may contact the Claims Administrator to confirm whether your cell phone number was called. If Chase's records show that your cell phone number was called during the Class Period, you are in Group 2 Subclass A and you may make a claim. If your cell phone number was not called during the Class Period, you are in Group 2 but you are not eligible to make a claim.

The Court preliminarily approved the settlement of Group 1 claims in 2012. The Court has now preliminarily approved this proposed Group 2 Settlement and ordered the postcard notice to be sent to persons whose names appeared in Chase's records associated with a home mortgage or home equity line of credit and a cell phone number called during the Class Period and who were not previously provided notice of the Settlement as part of Group 1. The Court also ordered that this more detailed notice be placed on the Settlement website. As a Settlement Class Member, you have a right to know about a proposed Settlement of a class action lawsuit and about all your options before the Court decides whether to give final approval to the settlement. If the Court gives final approval to the Settlement, payments under the terms of the Settlement will be made and you will be bound by the Settlement unless you exclude yourself, as discussed below.

Group 1 Settlement Class Members were previously provided notice and submitted claims in 2012; their claims period and other deadlines have passed and their claims will be paid at the same time that Group 2 claims are paid. The deadlines in the postcard notice and this notice are only for Group 2 Settlement Class Members.

### 2. What is this lawsuit about?

Plaintiffs allege that Chase violated the TCPA by calling persons on their cell phone numbers with either an autodialer or by a prerecorded voice message, or both, without that person's prior express consent. Plaintiffs sought statutory damages of up to $500 for each call made negligently and up to $1,500 for each call made intentionally. Defendants deny that any such violations occurred and deny liability in the Action, but agreed to the Settlement to avoid the expense and inconvenience of litigation.

### 3. What is a class action?

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Patricia Connor and Shari L. Bywater), sue on behalf of people who have similar claims. All these people are a "Settlement Class" or, in other words, "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those who ask to be excluded from the Settlement Class. U.S. District Court Judge Gonzalo P. Curiel is the judge currently assigned to this lawsuit. He will decide whether the Settlement should be approved.

### 4. Why is there a settlement and what is it?

The Court did not decide in favor of the Settlement Class or the Defendants. Instead, both sides have voluntarily agreed to a settlement instead of any trial. Chase previously agreed to a Settlement Fund of at least $7,000,000 and no greater than $9,000,000,

with the amount paid depending on the number of claims received. The Settlement has been amended for Group 2 Settlement Class Members as follows: (1) Chase will pay approximately $69.97 for each approved Group 2 claim, up to a maximum of $4,428,637. That $69.97 is the same amount which is estimated be paid to the Group 1 claimants based on the prior completion of the Group 1 claims process; however, that amount could be less if more than the projected claims are submitted; if so, then the total available funds will be divided among Group 1 and Group 2 claimants on a pro rata basis so that Group 1 and Group 2 claimants receive the same amount; (2) Chase will also pay notice and claims administration costs for Group 2 of up to $580,500; if these costs exceed $580,500, the Parties have agreed to seek a mediator's assistance to renegotiate the allocation of notice and administration costs if necessary; and (3) Chase has agreed to pay an additional $125,000 for Class Counsel's attorneys' fees and costs for work related to the Group 2 Settlement, subject to Court approval.

The costs of notice and claims administration for Group 1 will be paid from the original Settlement Fund, as will Plaintiffs' attorneys' fees and costs of litigation they have incurred, other than the up to $125,000 which Chase has agreed to pay for the Group 2 Settlement efforts set forth above, subject to Court approval. Upon taking all matters into consideration, the Class Representatives and Class Counsel think the Group 2 Settlement, and the Settlement in general, is in the best interests of all Settlement Class Members.

## 5. Am I eligible to be part of the Settlement?

If you received the postcard notice by mail, you are part of the Settlement Class. However, that does not guarantee that you are entitled to a monetary payment. Your cell phone number must have been called by Chase regarding an Account for you to qualify for a monetary payment. If your cell phone was not called, you will benefit from the Settlement by procedures put in place by Chase designed to prevent calling a cell phone number unless the borrower's loan servicing record is coded to reflect the borrower's prior express consent to call his/her cell phone.

Potential claimants for monetary payments may submit a claim and provide their cell phone numbers by telephone to the Claims Administrator or on the online or mailed Claim Form. To receive a payment, a valid and timely claim is required. Prior to submitting a claim, a Group 2 Settlement Class Member may check with the Claims Administrator by telephone to determine whether their cell phone number actually was called by Chase. Not every person who received notice of the Settlement is entitled to a payment from the Settlement. Only those persons whose cell phone numbers actually were called by Chase and who were not previously provided notice of the Settlement as part of Group 1 may receive a payment under the Group 2 Settlement.

The Parties agreed and the Judge confirmed that the following persons are included in the Settlement Class:

The "Settlement Class" or "Settlement Class Members" means all present or former borrowers or co-borrowers as identified in JPMorgan Chase Bank, N.A.'s records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMorgan Chase Bank, N.A. or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by JPMorgan Chase Bank, N.A. through the use of an automated dialer system and/or an artificial or prerecorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMorgan Chase Bank, N.A. or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

## 6. What does the Settlement provide?

In addition to the benefits explained in the Settlement Agreement, the "Amendment to Settlement Agreement and Release" filed with the Court on March 20, 2014 in connection with settlement of the claims of Group 2 (both posted on the website) requires that Chase provide the following for the Group 2 Settlement:

(1) Chase will pay all approved claims submitted by Group 2 claimants up the amount of $69.97, to a total maximum of $4,428,637. However, the individual claims payments could be less if more than the projected claims are submitted; if so, then the total amount of available settlement funds will be divided among Group 1 and Group 2 claimants on a pro rata basis. The $69.97 amount is the same amount estimated to be paid to Group 1 claimants based on the prior completion of their claims process;

(2) Chase will pay additional costs of Group 2 notice and claims administration up to $580,500, or another amount as negotiated if those costs exceed that amount; and

(3) Chase will pay an additional $125,000 for Class Counsel's attorneys' fees for efforts related to the Group 2 Settlement, subject to Court approval.

## HOW YOU GET THE MONETARY PAYMENT

## 7. How can I get a monetary payment?

If you believe you may have been called by Chase on your cell phone number between June 16, 2006 and June 15, 2011 (or July 7, 2011 for former EMC Mortgage customers), you may make a claim for a monetary payment under the Settlement. To make a claim, you must either:

(1) Submit a claim by calling the Claims Administrator, Gilardi & Co. LLC, at its toll-free number, 1-877-265-2018, between the hours of 7:00 a.m. and 5:00 p.m. PT;

(2) Submit a claim online at the Settlement website at www.connorTCPAsettlement.com; or

(3) Submit a claim using the Claim Form available at the Settlement website at www.connorTCPAsettlement.com to the Claims Administrator, by mail or otherwise, to the following address:

Connor TCPA Settlement
Gilardi & Co. LLC
P.O. Box 8060
San Rafael, CA 94912-8060

You will need to provide the following information in order to make a claim: (1) your full name; (2) claim number on the postcard sent to you informing you about the Settlement; (3) the cell phone number on which you may have been called; (4) if you believe you are entitled to a monetary payment, your current address for mailing the Settlement payment, if different from the postcard notice address; and (5) if necessary to confirm your identity, the last four digits of your social security number. Prior to submitting a claim, you may contact the Claims Administrator to confirm whether your cell phone number was called, but you are not required to do so. You may also provide a current telephone number if you agree to do so, in order to allow the Claims Administrator to contact you if there are any questions or problems.

The deadline to submit a claim is September 25, 2014. All calls or online claims must be made on or before close of business on that date. If you submit your claim by mail, your claim must be **postmarked on or before that date**.

The Settlement does not resolve, waive or dispose of any obligation or debt that you may owe to Defendants.

## 8. When would I get my payment?

The Court will hold a Final Approval Hearing on November 14, 2014, to decide whether to grant final approval of the Settlement. If the Court grants final approval, and there is no appeal of the approval ruling, the ruling will become final by law in thirty days from the date of the ruling. If there are any appeals of the Court's approval of the Settlement, the approval order will not take effect until those appeals are resolved. It is always uncertain whether and when appeals would be resolved, and payment under this Settlement cannot be made until the approval order is final. The Claims Administrator will attempt to pay all claims within 30 days of the date after the ruling becomes final, but there may be delay beyond that date.

## 9. What am I giving up by staying in the Settlement Class?

As an eligible Settlement Class Member, unless you exclude yourself, you are a member of the Settlement Class. That means that you cannot sue, or be part of any other lawsuit against Defendants that arises out of or relates in any way to the Released Claims, including the fact that Chase called you on your cell phone number. It also means that all of the Court's orders in the Action will apply to you and legally bind you. By staying in the Settlement Class, you agree to release the "Released Claims," including claims known and unknown. The full text of the Release of Claims sections, including descriptions of the "Released Claims" and "Released Parties," of the Settlement Agreement that applies to both Group 1 and Group 2 is available at www.connorTCPAsettlement.com and is set forth in the Appendix at the end of this notice.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in the Settlement, or you want to keep the right to sue or continue to sue the Defendants on your own, then you must take steps to get out of the Settlement. This is called "excluding yourself" from or "opting out" of the Settlement Class.

## 10. How do I get out of the Settlement?

If you are a Group 2 Settlement Class Member and want to exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in Connor v. JPMorgan Chase, et. al. You must include your full name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than August 28, 2014 to the Claims Administrator at the following address:

Connor TCPA Settlement
Gilardi & Co. LLC
P.O. Box 6002
Larkspur, CA 94977-6002

You cannot exclude yourself by telephone or email. If you ask to be excluded, you are not eligible for a monetary payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Action. The deadline for Group 1 Settlement Class Members to exclude themselves already has passed so only Group 2 Settlement Class Members may exclude themselves by the deadline above.

## 11. If I don't exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself from the Settlement, you give up any right to sue the Defendants for the Released Claims that the Settlement resolves. If you have a pending lawsuit against either of the Defendants, and you are not certain if that lawsuit is about any of the issues resolved by the Settlement, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class to continue your own lawsuit. Remember, **the exclusion deadline is August 28, 2014**.

**12. If I exclude myself, can I get the monetary payment?**

No.

## THE LAWYERS REPRESENTING YOU

**13. Do I have a lawyer in this case?**

The Court has appointed Hyde & Swigart, Kazerouni Law Group, APC, the Law Offices of Douglas J. Campion, APC, Lieff Cabraser Heimann & Bernstein, LLP and David P. Meyer & Associates Co., LPA to represent you and other Settlement Class Members for settlement purposes. These lawyers are called "Class Counsel."

**14. How will the lawyers be paid and what other costs are there to be paid and by whom?**

You will not be charged individually for the services of Class Counsel, as they will ask the Court to award their attorneys' fees and costs of litigation from the Settlement Fund obtained for the Settlement Class. Chase has agreed not to object to any attorneys' fees amount requested by Class Counsel so long as it is less than or equal to $3,000,000, which is one-third of the $9,000,000 maximum settlement amount as agreed upon in the Settlement Agreement. Class Counsel also will ask that the Court award their costs of suit incurred in the Action, in an amount less than $25,000. In addition, they will seek Court approval of the agreed-upon amount of an additional $125,000 to pay for Group 2 Settlement-related efforts. Any request for attorneys' fees and costs in the Action must be approved by the Court.

Reimbursement also will be provided from the Settlement Fund of the Claims Administrator's costs of giving notice of the Settlement and providing claims administration in the Action. Those costs were estimated to be approximately $916,523 for the Group 1 notice and claims administration but will increase due to the Group 2 notice and claims administration costs; Chase has agreed to pay up to $580,500 of those increased costs, subject to further negotiation if that amount is exceeded.

If you want to be personally represented by your own lawyer, you may hire one at your expense.

## SERVICE AWARDS PAID TO THE CLASS REPRESENTATIVES

**15. Do the Class Representatives get paid anything for their services?**

Subject to Court approval, for their efforts in litigating this case, Class Counsel will seek to pay from the Settlement Fund a total of $5,000 in incentive awards to be divided between and paid to Plaintiffs Patricia Connor and Sheri L. Bywater.

## OBJECTING TO THE SETTLEMENT

**16. If I want to object to the Settlement, how do I do so?**

As a Settlement Class Member, you can object to the Settlement if you do not like all or any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Connor v. JPMorgan Chase, et. al. Settlement, and include the Case No. 10 CV 1284 GPC BGS. You must include your full name, address, telephone number, your signature, and the reasons you object to the Settlement. You must also file the objection with the Court.

File the objection with the Court and mail the objection, postmarked no later than October 15, 2014, to the following addresses:

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Douglas J. Campion, Esq.
Law Offices of Douglas J.
Campion, APC
409 Camino Del Rio South,
Suite 303
San Diego, CA 92108

Julia B. Strickland
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067

Christopher Yoo
AlvaradoSmith
1 MacArthur Place,
Suite 200
Santa Ana, CA 92707

You may also ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in Connor v. JPMorgan Chase, et. al., Case No. 10 CV 1284 GPC BGS." You must include your full name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than October 30, 2014 and be sent to the Court, Class Counsel and Defendants' counsel at the above addresses.

You cannot object or speak at the Final Approval Hearing if you "excluded yourself" from the Settlement Class.

**17. What's the difference between "objecting" and "excluding yourself?"**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to give final approval to the Settlement. You may attend and you may speak, but you don't have to. The hearing is called a Fairness Hearing or Final Approval Hearing.

**18. When and where will the Court decide whether to give final approval to the Settlement?**

The Court will hold the Final Approval Hearing on November 14, 2014 at 1:30 p.m. at the U.S. District Court, Southern District of California, Courtroom 2D, 221 West Broadway, San Diego, CA 92101 before the Honorable Gonzalo P. Curiel. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate and whether to finally approve the Settlement. If there are objections, the Court will consider them. The Court will decide after the Final Approval Hearing: (1) whether to approve the Settlement, including the Amendment; (2) whether to give final approval to the amount of attorneys' fees and costs to be paid from the Settlement Fund that Class Counsel seek for their representation of the Settlement Class; and (3) whether to approve the incentive awards from the Settlement Fund to be provided to the Class Representatives for bringing and litigating the Action. We do not know how long these decisions will take.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer questions the Court may have that are directed to the Settlement Class. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it.

**20. What if I want my own lawyer to attend the Fairness Hearing?**

At your own expense, you may have your own lawyer appear for you if you would like. If you hire your own lawyer, that lawyer must send a Notice of Intention to Appear as detailed in Section 16 above, **postmarked no later than October 30, 2014**. The Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defendants' counsel at the addresses above.

## IF YOU DO NOTHING

**21. What happens if I do nothing at all?**

If you do nothing, you will be part of the Settlement Class and you will receive the benefits detailed above, including the monetary payment if you are eligible and you make a timely and valid claim.

You will also be precluded from being part of any other lawsuit relating to the Released Claims in the Action. It also means that all of the Court's orders in the Action will apply to you and legally bind you.

## GET MORE INFORMATION

**22. Are there more details about the Settlement?**

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement and the Amendment to Settlement Agreement and Release, which are part of the Court file, a public record, and are posted on the Settlement website at www.connorTCPAsettlement.com. You also can get a copy of the Settlement Agreement and Amendment to Settlement Agreement and Release, or review any other part of the papers relating to the action by examining the records in Connor v. JPMorgan Chase, et al., Case No. 10 CV 1284 GPC BGS at the Clerk's office at the United States District Court, Southern District of California, 333 West Broadway, Suite 420, San Diego, California 92101. The Clerk's office has the ability to make copies of any such public documents for you. Also, all filed documents in the Action, including the documents in connection with the Settlement, are available for viewing online through the Court's PACER document review system.

## PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

Dated: May 30, 2014

By Order of The U.S. District Court
San Diego, California

2.15.  Released Parties. "Released Parties" means JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. (for itself and as successor by merger to Chase Home Finance LLC), the Federal National Mortgage Association, and each and all of their respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their respective executors, successors, assigns, and legal representatives.

16.01.  Released Claims. Plaintiff and each Settlement Class Member, their respective assigns, heirs, executors, administrators, successors and agents hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably attributable to the Released Claims.  The release does not apply to Settlement Class Members who timely opt-out of the Settlement.

A. "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order that arise out of or relate in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law) by any of the Released Parties to contact or attempt to contact Settlement Class Members including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice, including any claim under any federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppels.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective.  This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

16.03.  Covenant Not To Sue. Plaintiffs agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.