# Exhibit B

# Group 1

Connor Settlement
c/o Gilardi & Co. LLC
P.O. Box 808003
Petaluma CA 94975-8003



**UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF CALIFORNIA**

Connor, et al., v. JPMorgan Chase, et al.,
Case No. 10 CV 1284 DMS BGS

**OFFICIAL NOTICE OF PROPOSED
CLASS ACTION SETTLEMENT AND
FAIRNESS HEARING**

*The court authorized this notice.
This is not a solicitation from a lawyer.*

**TO: All present or former borrowers or co-borrowers whose residential mortgage loan(s) or home equity line(s) of credit is or was serviced or subserviced by JPMorgan Chase Bank, N.A. or Chase Home Finance LLC between June 16, 2006 to June 15, 2011, as well as former EMC Mortgage customers whose loans were or are serviced by JPMCB or Chase Home Finance LLC between June 16, 2006 to July 7, 2011, and who may have been contacted on their cellular telephone(s) by Chase through the use of an automated dialer system regarding their loan(s).**

**THIS CARD CONTAINS LIMITED
INFORMATION ABOUT THE SETTLEMENT.**

# JPCN1



Postal Service: Please Do Not Mark Barcode
<<BarDisplay>>

CLAIM ID: <<Claim 7>>
<<First Name>> <<Last Name>>
<<Address>>
<<City>>, <<St>> <<Zip>>

You received this postcard because JPMorgan Chase Bank, N.A.'s records indicate you have a residential mortgage loan or home equity line of credit that is or was serviced or subserviced by Chase ("JPMorgan Chase Bank, N.A." and "Chase Home Finance LLC" collectively, "Chase") and you or a co-borrower on the loan may have been contacted on your (or your co-borrower's) cellular telephone number(s) by Chase through the use of an automated dialer system and/or an artificial or pre-recorded voice ("autodialer") between June 16, 2006 and June 15, 2011 (for former EMC Mortgage customers, the class period ends July 7, 2011).

The Plaintiff in *Connor, et. al., v. JPMorgan Chase, et. al.*, Case No. 10 CV 1284 DMS BGS (the "Action") alleges Chase violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C., Section 227(b)(1)(A)(iii), by calling persons with home mortgages or home equity lines of credit serviced by Chase on their cell phone numbers with an autodialer without prior express consent. The Court did not decide in favor of Plaintiffs or Chase, and Chase denies any such violation. However, to settle the case, Chase will provide a Settlement Fund of at least $7,000,000 and no greater than $9,000,000. (The Federal National Mortgage Association a/k/a Fannie Mae is also a defendant, and denies any violation of the TCPA.)

The purpose of this Summary Notice is: (a) to advise you of the proposed settlement of this Action; (b) to summarize your rights under the Settlement, including the possibility of a settlement check; (c) to advise of a court hearing to consider the final approval of the Settlement; (d) to advise you how to make a settlement claim; and (e) to advise you to go to www.connorTCPAsettlement.com to obtain more information.

The "Settlement Class" is all present or former borrowers or co-borrowers whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by Chase and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by Chase through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Periods. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by Chase during the Class Period, and are those entitled to a monetary payment.

Chase's records list the cell numbers called during the relevant time period, but do not include the names of the persons associated with the cell numbers. This Notice was sent to all persons associated with mortgage accounts with cell numbers, not just those persons who received a call on their cell numbers and are entitled to make a claim. If Chase's records show your cell number was called during the Class Period, you may make a claim. If your cell number was not called during the Class Period, you are not eligible to make a claim, but you will benefit from procedures Chase put in place to prevent future calls to your cell phone number unless your loan servicing record is coded to reflect your prior express consent to receive calls on your cell phone.

When you submit a claim by identifying yourself and a cell phone number, the Claims Administrator will determine if that cell phone number actually was called according to Chase's records. If it was, you may make a claim for a monetary payment. If the Claims Administrator determines that cell phone number was not called, you will not be entitled to file a claim for a monetary payment.

Subject to final Court approval, each person called on his or her cell phone number will be paid from the Settlement Fund an amount between $25.00 and $500.00 (or less than $25.00 depending on the number of claims). Each claimant will be paid the same amount depending on (1) the number of claims and (2) the amount of the Settlement Fund to pay those claims, after costs of litigation, notice, claims administration and attorneys' fees are deducted. If insufficient claims are submitted to exhaust the $7,000,000 minimum Settlement Fund, any funds remaining will be paid to a charity approved by the court.

IF YOU DO NOT WANT TO BE A PART OF THIS SETTLEMENT, YOU MAY EXCLUDE YOURSELF BY SENDING A REQUEST OF EXCLUSION TO: CONNOR SETTLEMENT, C/O GILARDI & CO LLC, P.O. BOX 8060, SAN RAFAEL, CA 94912-8060 POSTMARKED BY **JUNE 10, 2012**. EXCLUSION REQUESTS MUST INCLUDE THE FULL NAME, ADDRESS AND CELL PHONE NUMBER OF THE PERSON(S) REQUESTING THE EXCLUSION, A STATEMENT TO THE EFFECT THAT THEY WANT TO BE EXCLUDED FROM THE SETTLEMENT AND MUST BE SIGNED. IF YOU DO NOT EXCLUDE YOURSELF, YOU WILL BE BOUND BY ANY FINAL JUDGEMENT IN THE ACTION, INCLUDING THE RELEASE OF DEFENDANTS FROM ANY CLAIMS ARISING OUT OF OR RELATING TO THE USE OF AN "AUTOMATIC TELEPHONE DIALING SYSTEM" OR AN "ARTIFICIAL OR PRERECORDED VOICE."

IF YOU WANT TO OBJECT TO THE SETTLEMENT, YOU MUST FILE AN OBJECTION, POSTMARKED BY **JULY 20, 2012** WITH THE COURT AND MAIL IT TO EACH OF THE FOLLOWING: Connor Counsel: Douglas J. Campion, 409 Camino Del Rio South, Suite 303, San Diego, CA 92108; and JPMCB Counsel: LeAnn Pedersen Pope, Burke, Warren, MacKay & Serritella, P.C., 330 North Wabash Avenue, 22nd Floor, Chicago, IL 60611. In order to be heard at the hearing, you must make any objection in writing and file it with the Court not later than July 20, 2012.

**To make a claim**, you can (1) call 1-877-265-2018 by **July 10, 2012**; (2) file online at www.connorTCPAsettlement.com by **July 10, 2012**; or (3) send a written claim by mail to the Claims Administrator at Connor Settlement, c/o Gilardi & Co., LLC, P.O. Box 8060, San Rafael, CA 94912-8060, postmarked by **July 10, 2012**.

The Court has scheduled a Fairness Hearing for August 3, 2012 at 1:30 p.m., at the U.S. District Court, 940 Front Street, San Diego, CA 92101, in Courtroom 10 to decide whether to approve the Settlement, and if so, to determine the amount of fees and costs to be awarded to Class Counsel from the Settlement Fund. Class Counsel is seeking fees of up to one-third of the $9,000,000 Settlement Fund, and costs not to exceed $25,000.

Upon final approval, the Action will be dismissed with prejudice and Class Members who do not request exclusion will be deemed to release Chase, Fannie Mae and related entities as detailed in the Settlement Agreement. See www.connorTCPAsettlement.com for more information about the settlement.

# Group 2

Connor Settlement
c/o Gilardi & Co. LLC
P.O. Box 808003
Petaluma, CA 94975-8003

**THIS IS A LEGAL NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA**

Connor, et al., v. JPMorgan Chase, et al.,
Case No. 10 CV 1284 GPC BGS

**OFFICIAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**TO:** All present or former borrowers or co-borrowers as identified in the records of JPMorgan Chase Bank, N.A. ("Chase") whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by Chase or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) through the use of an automated dialer system and/or an artificial or pre-recorded voice by Chase between June 16, 2006 and June 15, 2011 or between June 16, 2006 and July 7, 2011 for former EMC Mortgage customers (the "Class").

**THIS CARD CONTAINS LIMITED INFORMATION ABOUT THE SETTLEMENT.**

# JPCN1

First-Class Mail
US Postage
**PAID**
Gilardi & Co

2D



Postal Service: Please Do Not Mark Barcode

JPCN1-<<Claim8>>-<<CkDig>>

<<M1_Name>: <<M1_ClaimID>>
<<M2_Name>: <<M2_ClaimID>>
<<M3_Name>: <<M3_ClaimID>>

<<M4_Name>: <<M4_ClaimID>>

<<FName>> <<LName>>
<<Addr1>> <<Addr2>>
<<City>>, <<State>> <<Zip>>

You received this postcard because Chase's records indicate that Chase, Chase Home Finance LLC and/or its affiliates, members associated with your mortgage or home equity account. The person actually called on his or her cell phone about the account may be entitled to make a monetary claim. The purpose of this Summary Notice is: (1) to advise you of a proposed settlement (the "Settlement") of this action against Chase and the Federal National Mortgage Association ("Fannie Mae"); (b) to summarize your rights under the Settlement, including the possibility of receiving a settlement check; (c) to advise you of a court hearing to consider final approval of the Settlement; (d) to advise you how to make a settlement claim, exclude yourself from or object to the Settlement, and the deadlines for each; and (e) to advise you to go to www.connorTCPAsettlement.com to obtain more information.

You are in the second group ("Group 2") to receive notice of the Settlement. Another group ("Group 1") was sent notice and submitted claims in this case in 2012. You are receiving this notice and are a part of Group 2 because members of Group 2 were inadvertently not identified as Class Members prior to distribution of the earlier notice.

Chase's records contain one or more cell phone numbers associated with each account and list the cell phone numbers called during the Class period, but do not include the names of the persons associated with the cell phone numbers that were called. Notices of the Settlement therefore have been sent to all persons associated with each account for which a cell phone number was called, even if not all of those persons received a cell phone call from Chase. Chase originally agreed to settle this action and provide a Settlement Fund of at least $7,000,000 and no greater than $9,000,000. Chase has agreed to supplement the Settlement Fund by up to $4,428,637 to pay approved claims of Group 2 Class Members – approximately $69.97 for each approved Group 2 claim, which is the same amount estimated to be paid to Group 1 Class members. Class Counsel are seeking fees of up to 1/3 of the $9,000,000 maximum Settlement Fund and $25,000 in costs related to efforts expended in the Group 1 Settlement, and an additional $125,000 for fees and costs related to efforts expended in the Group 2 Settlement.

To receive a payment from the Group 2 Settlement, you must be the person whose cell phone number was called according to Chase's records, and must not have been previously provided notice of the Settlement as part of Group 1. Whether your cell phone number was in fact called between June 16, 2006 and June 15, 2011, or between June 16, 2006 and July 7, 2011 for former EMC Mortgage customers will be determined during the claims process. If your cell phone number was called, you may submit a claim for a monetary payment. **To make a claim**, you can either (1) call 1-877-265-2018; (2) go online to www.connorTCPAsettlement.com; or (3) send a written claim by mail to the Claims Administrator at Connor Settlement, Gilardi & Co. LLC, P.O. Box 8060, San Rafael, CA 94912. **The deadline to submit a claim is September 25, 2014.** If the Claims Administrator determines that your phone number was not called, you will not receive a monetary payment but will still be part of the Class and will benefit from procedures put in place by Chase to prevent future calls to cell phones without express consent.

Requests to exclude yourself from the Settlement must be in writing and mailed to Connor Settlement, Gilardi & Co. LLC, P.O. Box 6002, Larkspur, CA 94977-6002 postmarked no later than **August 28, 2014**. Any objections to any part of the Settlement must be in writing, filed with the Court and also sent to counsel postmarked no later than **October 15, 2014**. See www.connorTCPAsettlement.com for more information.

The Court has scheduled a Fairness Hearing for November 14, 2014, at 1:30 p.m., at the U.S. District Court, Courtroom 2D, 221 West Broadway, San Diego, CA 92101, to decide whether to approve the Settlement, and if so, to determine the amount of fees and costs to be awarded to Class Counsel and the incentive awards to be awarded to the Class Representatives from the Settlement Fund. You do not need to appear at that hearing.

Upon final approval, the Action will be dismissed with prejudice and Class Members who do not request exclusion will be deemed to release Chase, Fannie Mae and related entities as detailed in the Settlement Agreement. See www.connorTCPAsettlement.com for more information about the Settlement.

*Para ver este aviso en español, visita* www.connorTCPAsettlement.com.