SCOTT A. KRON, ESQ. [State Bar No. 237769]
scott@kronandcard.com
ANNE L. CARD, ESQ. [State Bar No. 273435]
anne@kronandcard.com
KRON & CARD LLP
A Limited Liability Partnership
23421 S. POINTE DR., STE. 280
LAGUNA HILLS, CA 92653-1556
Telephone: (949) 367-0520
Facsimile: (949) 613-8472

Attorney for Objectors
Stephen A. Kron and Cheryl L. Kron

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CONNOR, AND SHERI L. BYWATER, INDIVIDUALLY AND BEHALF OF ALL OTHER SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK AND FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE,<br><br>Defendants. | Case No.: 10-cv-1284 GPC (BGS)<br><br>**CLASS ACTION**<br><br>**OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT**<br><br><br><br>**The Hon. Gonzalo P. Curiel** |

Class members, Stephen A. Kron and Cheryl Kron, pursuant to the proposed settlement make the following statement[1]:

    a. My name is Stephen A. Kron;

    b. My name is Cheryl Kron;

    c. Our address is 5 Marques, Dana Point, CA;

---

[1] Objectors will be filing a Motion for Leave to File a Late Claim.

-1-

KRON & CARD LLP
23421 S. POINTE DR., STE. 280
LAGUNA HILLS, CA 92653-1556

  d. Our telephone number is (949) 283-2214;

  e. We are members of this class pursuant to a post card notice Cheryl Kron 59881259 and Stephen Kron 59881240

  f. Neither I nor my attorney will appear at the fairness hearing;

  g. I object to the proposed settlement as stated herein.

Class member, Stephen A. Kron and Cheryl Kron, pursuant to the proposed settlement make the following objections to such settlement in this case:

## OBJECTIONS
### I. Claims Procedure

Only 9% of eligible claimants filed claims. The fact that 9 out of 10 Class Members will be forced to release their claims against Defendants in exchange for no cash benefits raises fairness questions. Was the Notice Plan sufficient in this case? There were 1,303,112 eligible claimants, but only 121,032 Class Members filed claims. Notice of the Group 2 settlement should have been provided to Group 1 Class Members. Additionally, Group 1 Class Members should have been afforded an additional opportunity to either submit a claim, opt-out, or object to the Settlement.

### II. Inappropriate Claims Deadline

Class Counsel's Fee Motion was filed five days after the Claims deadline. Group 2 Class Members were forced to decide whether or not to submit a claim without the opportunity of reviewing Class Counsel's fee motion. A Class Member should have the opportunity to review Class Counsel's Fee Motion before he or she is forced to submit a claim. Class members may or may not have requested exclusion or filed an objection had they read the Fee Motion. Moreover, the claims deadline of September 25, 2014 is prior to the objection deadline of October 15, 2014, which forces the class member to make a claim

before fully evaluating the settlement with respect to an objection. The objection deadline should be on or after the claims date to give class members a full opportunity to evaluate the reasonableness of the settlement. This Court should extend the claims deadline.

### III. Overbroad Release

The Release is overbroad. The "Released Claims" includes any and all claims that arise out of or relate in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice." While it may be reasonable for Defendants to seek protection from such claims, it is unfair and unreasonable to place no timeframe on the Release. As written, the Release covers an indefinite timeframe that would exempt Defendants from future automated calls to Class Members. The Class has not been adequately compensated for such an expansive release. The Court should limit the Release to cover the Class Period only.

### IV. Class Counsel's Fee Award

Class Counsel's fee award should be tied to the Class' actual recovery, not the total Settlement Amount. The actual amount paid to class members is approximately $8,468,609. Class Counsel seeks $2,364,441 in fees. Class Counsel's fee award should not be based on the total Settlement Fund Amount ($11,665,592), which includes notice and claims administration costs, and incentive payments. Instead, Class Counsel's fee award should be based on the total amount recovered for Class Members ($8,468,609). Based on actual Class recovery, a 20% fee award (the percentage Class Counsel requests) is $1,693,721.

If the Court does not tie the fee award to Class recovery, the Court should exclude the costs of notice and claims administration from the total Settlement Amount when it calculates the fee award.

### V. Cy Pres Inappropriate

The proposed cy pres distribution is inappropriate. The objective of cy pres is to achieve the best approximation of righting the wrongs caused by the

-3-

**OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT**
**Case No. 10-cv-1284 GPC (BGS)**

underlying lawsuit. A cy pres award beneficiary must qualify as "the next best distribution" to giving the funds directly to class members. The Parties have not selected a proposed cy pres recipient nor have they determined the proposed use of the cy pres funds. These facts alone are grounds for rejecting any cy pres distribution. As a result, the proposed cy pres distribution is inappropriate and the Court should reject or modify the Settlement Agreement's cy pres provision. If the settlement fund is not exhausted, the Court should: (a) increase the payments to those who filed claims or provide additional notice to the class and extend the claims period; or (b) require clarification with regards to the cy pres distribution.

**Conclusion**

For the foregoing reasons we object to the proposed class action settlement.

DATED: October 15, 2014   KRON AND CARD LLP

By:  /s/ Scott A. Kron
SCOTT A. KRON, ESQ.
Attorney for Objectors
Stephen A. Kron and Cheryl L. Kron

OBJECTOR   OBJECTOR

_____   _____
Stephen A. Kron   Cheryl L. Kron

SCOTT A. KRON, ESQ. [State Bar No. 237769]
scott@kronandcard.com
ANNE L. CARD, ESQ. [State Bar No. 273435]
anne@kronandcard.com
KRON & CARD LLP
A Limited Liability Partnership
23421 S. POINTE DR., STE. 280
LAGUNA HILLS, CA 92653-1556
Telephone: (949) 367-0520
Facsimile: (949) 613-8472

Attorney for Objector
Stephen A. Kron and Cheryl L. Kron

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CONNOR, AND SHERI L. BYWATER, INDIVIDUALLY AND BEHALF OF ALL OTHER SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>JP MORGAN CHASE BANK AND FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE,<br><br>Defendants. | Case No.: 10-cv-1284 GPC (BGS)<br><br>**CERTIFICATE OF SERVICE** |

# CERTIFICATE OF SERVICE

I hereby certify that October 15, 2014, I caused the foregoing Objections To Proposed Class Action Settlement to be filed with the Clerk of the Court and to be served upon all counsel of record in this action using the United States District Court for the Southern District of California Electronic Case Filing ("EFC") System.

The document is available for reviewing and downloading from the ECF System.

/s/ Scott A. Kron
Scott A. Kron, Esq.