|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA |
| 3 | PATRICIA CONNOR, INDIVIDUALLY . <br> AND ON BEHALF OF ALL OTHERS    . |
| 4 | SIMILARLY SITUATED,            . <br>                                . Docket |
| 5 |           Plaintiffs,          . No. 10-cv-1284-GPC <br>                                . |
| 6 |                v.              . December 15, 2014 <br>                                . 1:30 p.m. |
| 7 | JPMORGAN CHASE BANK AND        . <br> FEDERAL NATIONAL MORTGAGE      . |
| 8 | ASSOCIATION A/K/A FANNIE MAE,  . <br>                                . |
| 9 |           Defendants.          . San Diego, California |

. . . . . . . . . . . . . . . . .

```
         TRANSCRIPT OF FINAL APPROVAL AND MOTION HEARING
              BEFORE THE HONORABLE GONZALO P. CURIEL
                    UNITED STATES DISTRICT JUDGE

                      A-P-P-E-A-R-A-N-C-E-S


For the Plaintiffs:     Law Offices of Douglas J. Campion
                        409 Camino Del Rio South, Suite 303
                        San Diego, California 92108
                        By:  DOUGLAS J. CAMPION, ESQ.
                        – AND –
                        Kazerounian Law Group, APC
                        245 Fischer Avenue, Suite D1
                        Costa Mesa, California 92626
                        By:  ABBAS KAZEROUNIAN, ESQ.

For the Defendant       Stroock & Stroock & Lavan, LLP
JPMORGAN CHASE BANK:    2029 Century Park East, Suite 1600
                        Los Angeles, California 90067
                        By:  JULIA B. STRICKLAND, ESQ.
                             ARJUN P. RAO, ESQ.
                             JULIETA STEPANYAN, ESQ.

For the Objector        Kendrick & Nutley
DAVIS:                  1055 E. Colorado Boulevard, 5th Floor
                        Pasadena, California 91106
                        By:  BENJAMIN NUTLEY, ESQ.

///
```

```
 1                    A-P-P-E-A-R-A-N-C-E-S (CONTINUED)

 2   For Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION, ALSO KNOWN
     AS FANNIE MAE:           AlvaradoSmith, APC
 3                            1 MacArthur Place, Suite 200
                              Santa Ana, California 92707
 4                            By:  SUNG-MIN CHRISTOPHER YOO, ESQ.

 5


 6   For the Kron Objectors:
                              Kron & Card, LLP
 7                            23421 South Pointe Drive, Suite 280
                              Laguna Hills, California 92653
 8                            By:  SCOTT A. KRON, ESQ.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   Court Reporter:          Chari L. Possell, RPR, CRR
                              333 West Broadway, Suite 420
24                            San Diego, California 92101
                              chari_possell@casd.uscourts.gov
25   Reported by Stenotype, Transcribed by Computer
```

              SAN DIEGO, CALIFORNIA; DECEMBER 15, 2014; 1:30 P.M.
                                    -o0o-
          THE CLERK:  Number 2 on calendar, Case 10-cv-1284, Connor versus JPMorgan Chase, et al., for a final approval hearing and a motion hearing.
          THE COURT:  Appearances, please.
          MR. CAMPION:  Good afternoon, Your Honor.  Douglas Campion appearing on behalf of class counsel for the plaintiffs.
          MR. KAZEROUNIAN:  Good afternoon, Your Honor.  Abbas Kazerounian on behalf of class counsel.
          MR. NUTLEY:  Good afternoon, Your Honor.  Ben Nutley on behalf of objector John Davidson.
          THE COURT:  Good afternoon.
          MS. STRICKLAND:  Good afternoon, Your Honor.  Julia Strickland, of Stroock & Stroock & Lavan, on behalf of Chase.
          MR. RAO:  Good afternoon, Your Honor.  Arjun Rao, also on behalf of Chase.
          THE COURT:  Good afternoon.
          MS. STEPANYAN:  Good afternoon, Your Honor.  Julieta Stepanyan, also on behalf of Chase.
          MR. YOO:  Good afternoon, Your Honor.  Christopher Yoo on behalf of Fannie Mae.
          MR. KRON:  Good afternoon, Your Honor.  Scott Kron appearing on behalf of objector Steve Kron.

1   THE COURT: Good afternoon to you all. Let me
2  inquire first, with respect to Kron, it's my understanding that
3  the Krons' objections have been withdrawn; is that correct?
4   MR. KRON: Yes. We are just waiting for Your Honor's
5  approval on that, and it moots the motion for leave to file the
6  late claim.
7   THE COURT: So then, at this time -- please be
8  seated -- let me note we are here on a final approval hearing.
9  There are four motions that are pending: A motion for
10 settlement and final approval of class action settlement; a
11 motion for attorney fees and costs and incentive payments; a
12 motion to exclude Thomas Berry from class or, alternatively,
13 objection to motion for final settlement approval; and then
14 finally, a motion for leave to file claim.
15   With respect to Berry, Kron, and Kron, there were
16 objections filed. It is my understanding those have been
17 withdrawn to the extent modifications to the settlement have
18 been made to address these objectors' concerns. The Court is
19 prepared to grant the motion to withdraw the objections. And
20 then, with that -- that covers Berry and Kron; is that correct?
21   MR. KRON: That's correct, Your Honor.
22   THE COURT: So then the Court then would find that
23 the motion for leave to file claim is mooted.
24   And then we are left with the motion for settlement and
25 final approval of class action settlement. Currently, there is

one objection pending, and that is an objection by an individual, Michener, and that's found at Docket Number 130. Michener opposes the settlement on two grounds: One, that the facts of our case are so different that this matter does not meet the predominance requirement for a class action; and, second of all, that the $70 recovery that has been proposed/offered is insufficient compared to the $1,000 statutory maximum penalty that is available under 15 USC Section 1692k. It's my understanding that Mr. Michener did not intend to appear at today's proceedings. And so at this point, then, let me just address Mr. Michener's concerns.

Ultimately, Judge Sabraw had found that this action was suitable for a class action settlement. This Court shares that view. And so to the extent that Mr. Michener has any problems with that aspect or the amount of the recovery, he is free to opt out, and he can file his lawsuit against the defendants in this case. But ultimately, as far as the substance of these complaints, the Court does not find that they represent any basis to challenge or to basically deep-six a proposed class action settlement in this matter.

With respect to the settlement, the Court notes that it's been a long time coming, since we first took up this matter a couple of years ago, and there's been a significant amount of work done by the attorneys in this case. And then later, with the objector Davis' role and involvement in bringing in a

Group 2 settlement, with Mr. Nutley's legal services being the -- if not the agitator, the moving force for this additional settlement.

At this time, it appears that Chase will be paying a total of $11.6 million. The class counsel in this case is requesting approximately 2.36 million in attorney's fees, with objector Davis' counsel to receive $345,000. What this translates into for each of the group members is approximately $70 per class member. The Court is of the view that given the nature of the case -- that is, the TCPA cause of action -- given the extent of damages that would be provable, that $70 per group member or per class member is sufficient. It's adequate. It's fair under all the circumstances. The Court is prepared to accept this settlement as it has evolved to today's date as being fair.

With respect to attorney fees, as noted, this case has been before this court for a couple of years. There have been a significant amount of actions taken by the attorneys to ensure that all class members who are entitled to relief received relief. Looking at the percentage of the attorney fees to the amount to be paid out, the Court is of the view that it is fair. It's approximately 25 or less than 25 percent of the actual payout. And while the lodestar is approximately 3.0, the Court believes that given the contingent nature of this litigation, given the fact that the amounts to be

1  recovered by the class members is fair and reasonable, that
2  ultimately, the attorney fee request is also fair.  And the
3  Court is prepared to approve the attorney fees as well as the
4  costs noted and the incentive payments requested by the
5  parties.
6      At this time, are there any other others that the Court
7  needs to address?
8          MR. CAMPION:  Your Honor, if I may, Douglas Campion
9  appearing for the plaintiffs.
10     As of Friday afternoon, I spoke to the claims
11 administrator, Gilardi & Company, and I wanted to get that
12 final number since, in the last declaration, there were still
13 some claims that were pending and they weren't certain if they
14 were going to be accepted.  I have a declaration for Your
15 Honor.  And the total final number is 107,625 claims, which
16 reduced the Group 2 claims to 52,356.
17         THE COURT:  Have you filed that, or do you have that?
18         MR. CAMPION:  I was going to give it to Your Honor.
19 It was signed this morning.  May I approach?
20         THE COURT:  Yes, please.
21    Does this have any effect on either the total amount of
22 the payout or any other aspect?
23         MR. CAMPION:  It will affect the total amount of the
24 payout in the sense that it's 69.97 times the total number of
25 claims that are submitted.  So it will reduce the payout by

1  4,000 times the 69.97.  So it will reduce it a little bit.  I
2  am not certain of the exact number, but I know it's 4,000 less,
3  because there were duplicate claims that were filed.
4              THE COURT:  Is there anything else?
5              MR. CAMPION:  The other matter I did want to bring
6  up -- because when I was discussing the objection of Mr. Kron,
7  he had an objection that the -- as to the cy-près, there was no
8  cy-près named.  And the settlement agreement says, in
9  section 11.02, that any returned checks and uncashed settlement
10 checks shall be paid as a cy-près award, "as determined by the
11 parties and approved by the Court," end quote.
12     And section 5.02 details the procedures to choose that.
13 And the plaintiffs choose the recipient, and if the parties
14 can't agree, the Court will then decide.
15     We have suggested, and Mr. Kron has approved, the
16 Electronic Frontier Foundation, Inc.  It is a non-profit
17 company that was proposed and approved in the *Rose v. Bank of*
18 *America* case.  They are a non-profit public benefit corporation
19 dedicated to protecting consumers' privacy rights.  And the
20 parties have agreed on that.  And we have advised Mr. Kron we
21 would be submitting that as the proposed recipient.  I do have
22 a printout from the website if the Court is so inclined to look
23 at that.
24             THE COURT: Please.  (Pause.)
25             MR. CAMPION:  We believe it meets the requirements of

1 the *Kellogg* case and the relevant case authority.
2     THE COURT:  The Court is prepared to accept the EFF
3 as the cy-près recipient in this case.  This matter involves a
4 TCPA class action which is addressing the privacy rights of
5 consumers who were allegedly contacted in a manner that
6 violates the TCPA and ultimately, allegedly, their privacy
7 rights.  To the extent that the Electronic Frontier Foundation
8 is focused on defending the civil liberties of consumers in the
9 digital world, the Court finds that the cy-près contribution or
10 gift to the EFF would further the purposes, the goals of the
11 basis for the laws that gave rise to the TCPA.  So the Court
12 will approve the EFF.
13    And then is there anything else?
14     MR. CAMPION:  Thank you, Your Honor.  One other
15 ministerial point.  It's addressing the allocation of the costs
16 and the fees.  I just wanted to remind the Court that Group 1
17 and Group 2 had different costs and different fees.
18    The Group 1 costs, including part of the payment to the
19 claims administrator, will come out of the settlement fund, and
20 part of it will come out of other fund.
21     THE COURT:  Yes.  And the order that we sign will
22 make that clear.
23     MR. CAMPION:  Thank you very much, Your Honor.
24 Appreciate it, Your Honor.  Thank you for your time.  Nothing
25 further.

1       THE COURT:  Anything else?
2       MS. STRICKLAND:  Your Honor, just to note to the
3  Court that there was a proposed order submitted to the Court in
4  a form agreed upon by the parties.
5       THE COURT:  All right.  So we will finalize the
6  Court's orders and particularly with the corrected amounts that
7  we need to input into the orders.
8     Is there anything else from any other counsel?
9       MR. NUTLEY:  Note just, Your Honor, that the Davis
10 objection also -- there's a motion to withdraw that in
11 connection with this.  I didn't hear the Court mention it, but
12 I am sure it is on the Court's list.
13      THE COURT:  Yes.  We have a proposed order also
14 granting the withdrawal of that as well.
15      MS. STRICKLAND:  Your Honor, just on behalf of Chase,
16 I wanted to thank you.  We would agree that this has been a
17 long time coming, in your words, and we are pleased to be at
18 the end of the road.  Thank you.
19      THE COURT:  Well, I am glad you all were able to work
20 out a resolution.  And although it did take a little while, at
21 this point, it looks like we have a settlement with only one
22 objection and, frankly, I think it's an objection that is not
23 particularly reasonable given everything that I know about this
24 case.
25      MR. CAMPION:  We echo the sentiments of

1  Ms. Strickland.
2          ALL:  Thank you, Your Honor.
3          THE COURT:  Thank you.
4     (End of proceedings at 1:49 p.m.)
5                        -o0o-
6            C-E-R-T-I-F-I-C-A-T-I-O-N
7
8        I hereby certify that I am a duly appointed,
9  qualified and acting official Court Reporter for the United
10 States District Court; that the foregoing is a true and correct
11 transcript of the proceedings had in the aforementioned cause;
12 that said transcript is a true and correct transcription of my
13 stenographic notes; and that the format used herein complies
14 with rules and requirements of the United States Judicial
15 Conference.
16          DATED:  December 22, 2014, at San Diego,
17 California.
18
19                           /s/  Chari L. Possell
                              _____
20                           Chari L. Possell
                             CSR No. 9944, RPR, CRR
21
22
23
24
25