1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CONNOR AND SHERI L. BYWATER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., AND FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a/ FANNIE MAE,<br><br>Defendants. | Case No. 3:10-cv-01284-GPC-BGS<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL** |

Class Counsel have moved for an order for final approval of this class action settlement and request a final judgment and order of dismissal with prejudice. The Court heard argument regarding final approval at the Fairness Hearing held on December 4, 2014. Based upon all papers filed with the Court and oral argument at the Fairness Hearing, it is ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement and Release, fully executed on January 13, 2012, including its exhibits, and the Amendment to Settlement Agreement and Release, fully executed on March 20, 2014 (collectively, the "Settlement Agreement"), and the definitions of words and terms contained therein, are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Orders (Dkt. Nos. 55 and 113) are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this Action and over the Parties, including all members of the following Settlement Class and Subclass certified for settlement purposes in this Court's Preliminary Approval Order:

> Settlement Class: All present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMCB or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or prerecorded voice during the Class Period.
>
> Subclass A: Those persons whose cell phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment.

The following persons are excluded from the Settlement Class:

> Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in

which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

4. The Court again finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Settlement Class Members are so numerous that joinder of all of them in the Action would be impracticable;

B. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

C. The claims of the Plaintiffs appointed as Class Representatives are typical of the claims of the Settlement Class Members;

D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5. The Court hereby finds and concludes that Settlement Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement, and that Settlement Notice and its dissemination were in compliance with this Court's Preliminary Approval Orders dated March 12, 2012 (Dkt. No. 55) and May 30, 2014 (Dkt. No. 113).

6. The Court further finds and concludes that the Settlement Notice and Claims submission procedures, as set forth in Sections 9.01-10.03 of the Settlement

Agreement and Release and Section 9.06 of the Amendment to Settlement Agreement and Release, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

7.  This Court hereby finds and concludes that the notice provided by JPMCB pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8.  The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs consummation of the Settlement pursuant to its terms and conditions.

9.  The Court hereby finally certifies for settlement purposes the Settlement Class and Subclass A of the Settlement Class and finds for settlement purposes that all requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied.

10. This Court hereby dismisses the Action with prejudice and without costs to any party except as expressly provided for in the Settlement Agreement.

11. Upon entry of the Final Judgment and Order of Dismissal approving the Settlement (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Judgment and Order of Dismissal), the Plaintiffs and each and every one of the Settlement Class Members fully, finally, and forever release and discharge the Released Parties from the Released Claims. In addition, any rights of the Class Representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the

California Civil Code and/or any other similar, comparable, or equivalent laws are terminated.

12. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgment.

13. The Settlement Agreement, and any and all negotiations, documents, and discussions associated with the Settlement, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, of any liability or wrongdoing, by JPMCB or Fannie Mae, or of the truth of any of the claims asserted by Plaintiffs in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Final Judgment and Order of Dismissal.

14. If for any reason the Settlement terminates or Final Approval does not occur, then certification of the Settlement Class and Subclass A of the Settlement Class shall be deemed vacated. In such an event, the Parties will return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered

1  into and the Settlement and its existence shall be inadmissible to establish any fact
2  relevant to any alleged liability of the Released Parties for the matters alleged in the
3  Action or for any other purpose.  In that event, any amounts paid by either party for
4  costs of notice and claims administration to date shall not be refunded.

5      15.    In the event that any provision of the Settlement or this Final Judgment
6  and Order of Dismissal is asserted by JPMCB or Fannie Mae as a defense in whole
7  or in part to any Claim, or otherwise asserted (including, without limitation, as a
8  basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class
9  Member or any person actually or purportedly acting on behalf of any Settlement
10 Class Member(s), that suit, action or other proceeding shall be immediately stayed
11 and enjoined until this Court or the court or tribunal in which the claim is pending
12 has determined any issues related to such defense or assertion.  Solely for purposes
13 of such suit, action, or other proceeding, to the fullest extent they may effectively do
14 so under applicable law, the Parties irrevocably waive and agree not to assert, by way
15 of motion, as a defense or otherwise, any claim or objection that they are not subject
16 to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or
17 an inconvenient forum.  These provisions are necessary to protect the Settlement
18 Agreement, this Final Judgment and Order of Dismissal and this Court's authority to
19 effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to
20 protect its judgment.

21     16.    By attaching the Settlement Agreement as Exhibit A and incorporating
22 its terms herein, the Court determines that this Final Judgment complies in all
23 respects with Federal Rule of Civil Procedure 65(d)(1).

24     17.    Those persons who submitted valid and timely Requests for Exclusion
25 from the Settlement Class and the Settlement are named on Exhibit B to this Order.[1]

---

[1] Twenty-five additional Requests for Exclusion were submitted by bankruptcy trustees that cannot be identified on the Settlement Class List; regardless, these individuals are also included in Exhibit B to this Order.

The Court hereby excludes these individuals from the Settlement Class and the Settlement.

18. Settlement Class Members were given an opportunity to file Objections to the Settlement. After consideration of each of the Objections, the Court hereby overrules such Objections. The Court overrules the objection of Robert J. Michener, (ECF No. 130), and DENIES his motion to continue. The Court finds that Objector Michener has failed to establish good cause for a continuance because he has not proven that he actually sent correspondence to Gilardi and his lack of preparedness is not a basis for delaying the final approval hearing. As discussed above, the Court has found that the settlement is fair and reasonable. The Court approves Class Counsel's application for $2,398,878.58 in attorneys' fees and costs, and for incentive payments in the amount of $2,500 to each of the Class Representatives. Additionally, the Court approves a payment of $1,392,238.39 to the Claims Administrator for its costs and fees incurred in connection with the notice and claims administration process, with $811,738.39 to be paid from the Settlement Fund for Group 1 and $580,500 to be paid directly by JPMCB for the Group 2 notice and claims administration process. The Court approves a payment of $345,000 by Class Counsel to C. Benjamin Nutley, counsel for objector John W. Davis, payable from the fees awarded herein to Class Counsel.

//
//
//
//
//
//
//
//

19. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of Dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this Order on the docket forthwith.

IT IS SO ORDERED.

Dated: February 5, 2015

HON. GONZALO P. CURIEL
United States District Judge