# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement, dated as set forth below, is entered into by Plaintiffs Patricia Connor and Sheri L. Bywater ("Plaintiffs"), individually and on behalf of the Settlement Class members (defined below), and JPMorgan Chase Bank, N.A. ("JPMCB") and Federal National Mortgage Association a/k/a Fannie Mae ("Defendants") (collectively, the "Parties"), subject to Court approval.

## RECITALS

1.01.   On June 16, 2010, Patricia Connor filed a Complaint in the United States District Court for the Southern District of California (the "Court") entitled *Patricia Connor, individually and on behalf of herself and all others similarly situated vs. JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae*, Case No. 10 CV 1284 DMS BGS (the "Action").  The Complaint alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by using an automatic telephone dialing system or an artificial or prerecorded voice to call cell phones without the prior express consent of Connor and the putative class members.

1.02.   On May 6, 2011, Sheri L. Bywater filed a Complaint in the United States District Court for the Northern District of California, San Francisco/Oakland Division, entitled *Sheri L. Bywater, on behalf of herself and all others similarly situated vs. JPMorgan Chase Bank, N.A. and Chase Bank USA, N.A.*, Case No. CV 11 2257 (the "Bywater Action") also alleging that JPMCB violated the TCPA by using an automatic telephone dialing system or an artificial or prerecorded voice to call cell phones without the prior express consent of Bywater and the putative class members.  Plaintiffs' Motion for Preliminary Approval will include a request for leave from the Court to file a Second Amended Complaint in the Action to add Bywater as an additional named plaintiff and class representative and Bywater's counsel will join Connor's counsel in this Action as Class Counsel. After the Court grants the Motion for Final Approval of the Agreement, the Bywater Action will be dismissed with prejudice.  Plaintiffs and Class Counsel understand that dismissal with prejudice of the Bywater Action is a material term of this Agreement.

1.03.   Defendants vigorously deny all claims asserted against them in the Action and the Bywater Action, deny all allegations of wrongdoing and liability, and deny all material

allegations in the Complaints. Defendants desire to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty inherent in litigation.

1.04.   This Agreement resulted from good faith arm's length settlement negotiations over several months, which included two settlement conferences before Magistrate Judge Bernard Skomal. The Parties also had numerous telephonic meetings regarding settlement. The Parties' respective information technology persons participated in a telephone conference regarding the call data and the process involved in determining the number of persons in the Settlement Class. Additionally, JPMCB produced documents requested by Class Counsel prior to the second settlement conference with Magistrate Judge Skomal. These arms' length settlement negotiations resulted in a Memorandum of Understanding ("MOU") executed on September 9, 2011, which sets forth the material terms of settlement.

1.05.   Based on the investigation and negotiation described above, and the additional confirmatory discovery described in paragraph 15.01 below, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of the Action, and the substantial benefits to be received pursuant to this Agreement, that a settlement with the Released Parties on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class.

1.06.   The parties understand, acknowledge and agree that the execution of this Agreement constitutes the Settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any party to this Agreement. It is the parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.07.   The Settlement contemplated by this Agreement is subject to preliminary and final approval by the court, as set forth herein. This Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## DEFINITIONS

2.01.   "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

2.02.   "Approved Claims" means claims that have been timely submitted and approved for payment.

2.03.   "CAFA Notice" means the notice required by 28 U.S.C. Section 1715(b).

2.04.   "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

2.05.   "Claims Administrator" shall mean Gilardi & Co., LLC.

2.06.   "Class Period" means June 16, 2006 to June 15, 2011, except for former EMC Mortgage customers whose loans were or are serviced by JPMCB or Chase Home Finance LLC. The Class Period for those borrowers is June 16, 2006 to July 7, 2011.

2.07.   "Court" shall mean the United States District Court for the Southern District of California, and the U.S. District Judge to which this case is assigned.

2.08.   "Effective Date" means the date when the Judgment has become final as provided in paragraph 14.01.

2.09.   "Final Approval Hearing" means the hearing held by the Court to determine whether to approve the Settlement set forth in this Agreement as fair, reasonable and adequate, sometimes referred to herein as the "Fairness Hearing."

2.10.   "Final Approval Order" means the Court's Order entered in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit 3.

2.11.   "Objection Deadline" means ninety (90) days from the Settlement Notice Date.

2.12.   "Opt-Out Deadline" means ninety (90) days from the Settlement Notice Date.

2.13.   "Preliminary Approval Order" means the Court's Order entered in connection with the Preliminarily Approving Hearing, substantially in the form attached as Exhibit 2.

2.14.   "Released Claims" means the releases in paragraph 16.01.

2.15.   "Released Parties" shall mean JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. (for itself and as successor by merger to Chase Home Finance LLC), the Federal National Mortgage Association, and each and all of their respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each and all of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each and all of their respective executors, successors, assigns, and legal representatives.

3

2.16.   The "Settlement Class" or "Settlement Class Members" means all present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMCB or Chase Home Finance LLC and either the borrower, co-borrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Period.  Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment.  Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

2.17.   "The Settlement Class List" means the list of Settlement Class Members prepared by JPMCB and provided to the Claims Administrator by Class Counsel.

2.18.   "Settlement Costs" means all costs incurred in the litigation by the Class and their attorneys, including but not limited to Plaintiff's attorneys' fees, their costs of suit, Plaintiff's expert or consultant fees, incentive payments paid to Connor and Bywater, notice costs, costs of claims administration and all other costs of administering the settlement.

2.19.   "Settlement Fund" shall mean the funds to be paid by JPMCB pursuant to paragraphs 5.01 and 5.02 below.

2.20.   "Settlement Notice" means the notice of settlement on the form attached hereto as Exhibit 1, or as otherwise approved by this Court.

2.21.   "Settlement Notice Date" shall mean the date the Settlement Notices are required by the Court to be mailed to all Settlement Class Members.

### TERMS OF SETTLEMENT

3.01.   <u>Conditional Certification of Settlement Class</u>.  Defendants dispute that a class would be manageable and further deny that a litigation class properly could be certified on the claims asserted in the Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the certification for *settlement purposes only* of the Settlement Class, per Fed. R. Civ. P. 23(b)(3), as defined above in

paragraph 2.16. Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendants be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved, including the Bywater Action. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action. No agreements made by or entered into by Defendants in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action, the *Bywater* action or any other judicial proceeding.

    4.01. <u>Class Representative And Class Counsel Appointment</u>. For settlement purposes, and subject to Court approval, Patricia Connor and Sheri L. Bywater are appointed as the Class Representatives for the Settlement Class and the law firms are appointed Class Counsel for the Settlement Class as follows: 1) Connor Class Counsel: Hyde & Swigart, the Law Offices of Douglas J. Campion, and The Kazerouni Law Group, APC; 2) Bywater Class Counsel: Lieff, Cabraser, Heimann & Bernstein, LLP and David P. Meyer & Associates Co., LPA. Those firms are hereinafter referred to as "Plaintiffs' Counsel" or "Class Counsel".

## SETTLEMENT CLASS BENEFITS

    5.01. JPMCB shall pay a maximum total settlement cost of $9,000,000, including Approved Claims and Settlement Costs. Settlement Class Members will be paid a cash amount dependent upon the number of Approved Claims, as explained in paragraph 5.02 below. If the Approved Claims and Settlement Costs are less than $7,000,000, the amount paid per claim will be subject to paragraph 5.02 below. If the Approved Claims and Settlement Costs are greater than $7,000,000, then JPMCB will pay the additional amount owed for those Approved Claims with an upper limit for all payments of $9,000,000, at the rate set forth in paragraph 5.02 below. If total Approved Claims and Settlement Costs exceed $7,000,000, but are less than $9,000,000, the difference between the amount of Approved Claims and Settlement Costs and the $9,000,000 will not go to a *cy pres* recipient.

5.02.   If the amount of Approved Claims is such that no more than the minimum of the $7,000,000 floor is needed to pay all Approved Claims and Settlement Costs, the amount paid per Approved Claim shall be divided among the approved claimants on a *pro rat*a basis from the amount remaining after deducting the Settlement Costs from the $7,000,000, up to a maximum recovery of $500 per approved claim.  If a sufficient number of Approved Claims are submitted such that the amount paid per claim on a *pro rata* basis is $25, then the Approved Claims shall all be paid $25 until, and if, a sufficient number of Approved Claims are received to exceed the maximum payout amount of $9,000,000 after deducting the Settlement Costs.  If that occurs, all Approved Claims shall be paid a *pro rata* amount of the funds remaining of the $9,000,000 after the Settlement Costs are paid from the $9,000,000.  In other words, no approved claim shall be paid less than $25 unless the amount of total Approved Claims and Settlement Costs exceed $9,000,000.  If fewer claims are received to leave funds available in the $7,000,000 minimum payout amount after all such claims are paid (capped at $500), and after Settlement Costs are paid, those remaining funds shall be paid to a *cy pres* recipient.  Plaintiffs' Counsel shall propose the *cy pres* recipient(s) and the Parties shall attempt to agree upon the recipients of the *cy pres* recipient(s), and if they cannot agree, the Court shall decide the recipient(s).  If the Parties are able to agree, the Court shall approve of such recipients prior to any *cy pres* payments.  JPMCB's responsibility to pay any amounts in settlement shall not exceed the $9,000,000, and if the total amount of Approved Claims and Settlement Costs exceeds $7,000,000 but does not exceed $9,000,000, JPMCB shall only be liable for such total amount.

5.03.   The Settlement Class includes persons who fall within the class definition in paragraph 2.16, but some of those class members may not have been contacted on their cell phone number.  When the Settlement Class member submits a claim by identifying him or herself and cell phone number, the Claims Administrator will determine if that cell phone number was called for that particular account according to JPMCB's records.  If it was, that person will be able to make a claim for a monetary payment, as set forth in paragraphs 10.01 through 10.03 below, as part of Subclass A.  If the Claims Administrator determines that cell phone number was not called, that person will not be entitled to file a claim for a monetary payment, but will instead benefit from JPMCB's newly implemented procedures described in paragraph 5.04.  Further, if Settlement Class members on the same account receive the

Settlement Notice, it is likely either the borrower or the co-borrower on that account received a cell phone call and will be able to submit a claim and receive a monetary payment.

5.04.   Software Changes to Systemically Code Borrower's Consent.  As an additional benefit to all Settlement Class Members, JPMCB developed significant enhancements to its servicing system designed to prohibit the calling of a cell phone unless the Settlement Class Member's mortgage loan servicing record is systematically coded to reflect the borrower's prior express consent to call his/her cell phone.  These procedures were largely developed and implemented after the *Connor* complaint was filed in June 2010.

## ATTORNEYS' FEES, COSTS AND PAYMENT TO NAMED PLAINTIFFS

6.01.   Class Counsel shall move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund.  Defendants will not object to any request by Class Counsel for attorneys' fees totaling $3,000,000 or less (up to one-third of the maximum Settlement Fund), plus costs.  The amount of attorneys' fees and costs approved by the Court shall be paid from the Settlement Fund, and not in addition thereto.  Within five (5) days of the Effective Date and after receipt of payees completed W-9 forms, JPMCB shall pay to Class Counsel the amount of attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, as directed by written instructions from Connor Class Counsel.

6.02.   Payment to Named Plaintiffs.  Plaintiffs will also move the Court seeking incentive payments for the time and effort they have personally invested in this Action. Defendants shall not object to such incentive payments to Connor and Bywater paid from the Settlement Fund that does not exceed $5,000 in the aggregate, subject to Court approval.  Within five (5) days of the Effective Date and after receipt of payees' completed W-9 forms, JPMCB shall pay to Plaintiffs' counsel the amount of incentive payments awarded by the Court, and Plaintiffs' counsel shall disburse such funds.

## PRELIMINARY APPROVAL

7.01.   Order Of Preliminary Approval.  As soon as practicable after the execution of this Agreement, Plaintiffs shall move the Court for the entry of the Preliminary Approval Order in substantially the form attached as Exhibit 2.  Pursuant to the motion for preliminary approval, the Plaintiffs will request that:

A.   the Court conditionally certify the Settlement Class for settlement purposes only and appoint Class counsel as Counsel for the Settlement Class for settlement purposes only;

B.   the Court preliminarily approve the settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

C.   the Court approve the form of Settlement Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and of Rules of Federal Civil Procedure 23;

D.   the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and

E.   the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

## ADMINISTRATION AND NOTIFICATION PROCESS

8.01.   <u>Third-Party Claims Administrator</u>.   The Claims Administrator, Gilardi & Co., LLC, shall be responsible for all matters relating to the administration of this settlement, as set forth herein.   Those responsibilities include, but are not limited to, giving notice, obtaining follow-up addresses for returned mail, setting up and maintaining the settlement website and toll-free telephone number, fielding inquiries about the settlement, processing of claims, acting as a liaison between claimants and the Parties regarding claims information, rejecting a claim form where there is evidence of fraud, directing the mailing of settlement payments to claimants, and any other tasks reasonably required to effectuate the foregoing.   The Claims Administrator shall be permitted to communicate freely and without any restriction with counsel for Defendants and Class Counsel, and will provide monthly updates on the claims status to counsel for all Parties.

8.02.   <u>Payment of Notice and Claims Administration</u>.   JPMCB shall pay the reasonable costs of settlement administration and will be given credit for any such payments in funding the Settlement Fund.   The Claims Administrator shall provide an estimated amount of the costs to mail notice, establish the settlement website, establish a toll-free telephone number and related upfront expenses, and JPMCB shall pay the estimated amount within 10 days after the entry of the Preliminary Approval Order.   After that upfront payment of costs, the Claims Administrator shall bill JPMCB monthly for the reasonable costs of settlement administration.   Any amount paid by JPMCB for the estimate costs of mailing notice that is not used for mailing notice will be

8

deducted from the first monthly bill from the Claims Administrator. All settlement administration costs paid to the Settlement Administrator shall be deducted from the Settlement Funds.

8.03. Payment for Approved Claims and Remaining Settlement Costs, Including *Cy Pres* Awards. Within five (5) business days after the Effective Date, JPMCB shall provide funds to the Claims Administrator in an amount required to pay the Approved Claims and Settlement Costs, subject to the terms of this Agreement.

If a *cy pres* is necessary under paragraph 5.02, JPMCB shall pay the amount of the *cy pres* through Connor Class Counsel to those *cy pres* recipients within thirty (30) days after the Effective Date, or upon such approval by the Court, whichever is later.

## NOTICES

9.01. Mailing of Settlement Notice. The Claims Administrator shall send the Settlement Notice to each Settlement Class Member via first class mail within forty-five (45) days after entry of the Preliminary Approval Order. The Claims Administrator shall use the Class Settlement List to either confirm or obtain each Settlement Class Member's last known address, subject to updating as follows: (a) the Claims Administrator will check each address against the United States Post Office National Change of Address Database, as they deem necessary; (b) the Claims Administrator will conduct reasonable research to locate valid address information for Class Members whose Notices were returned as undeliverable as described below in paragraph 9.02; (c) the Claims Administrator shall update addresses based on forwarding information received from the United States Post Office; and (d) the Claims Administrator will update addresses based on any requests to do so received from Class Members.

9.02. Re-Mailing of Returned Settlement Notices. Any Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address. To the extent that any Notices are returned as non-deliverable without a forwarding address, the Claims Administrator shall conduct reasonable research using whatever method they deem most expedient and effective, which may include LexisNexis and skip tracing, to locate valid address information for the intended recipients of such Settlement Notices, and shall promptly re-mail the Settlement Notice, as applicable, to any Class Members for whom new address information is identified.

9.03.   <u>Website Notice</u>.  By the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated settlement website (www.connorTCPAsettlement.com) containing class information and related documents, along with an electronic version of the Claim Form members can download, complete and submit electronically.  The Parties shall agree on all information and documents to be posted on this website, and at a minimum, such documents shall include the Settlement Agreement and Exhibits, the Notice, the Preliminary Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint, and when filed, the Final Approval Order.

9.04.   <u>Toll Free Telephone Number</u>.  By the Settlement Notice Date, the Claims Administrator shall designate a toll-free number for receiving toll-free calls related to the settlement.  That telephone number shall be maintained until thirty (30) days after the Claims Deadline.  After that time, either a person or a recording will advise the caller that the Claims Deadline has passed and the details regarding the settlement may be reviewed on the related settlement website.

9.05.   <u>CAFA Notice</u>.  JPMCB shall serve the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within 10 days of the filing of the Preliminary Approval Motion.  JPMCB shall bear the cost of this CAFA notice.

## CLAIMS PROCESS

10.01.  Each Settlement Class member who has not opted-out of the Settlement and who was contacted on their cell phone(s) using an automated dialer or pre-recorded voice message during the Class Period is entitled to make a claim.  Each such Settlement Class Member shall be entitled to make one claim, regardless of the number of calls that were made to the Settlement Class member's cell phone number (or cell phone numbers), and regardless of the number of loans serviced by JPMCB or Chase Home Finance LLC.

10.02.  In order to make a claim, a Settlement Class member must either:  (a) submit a claim by calling the toll-free number; (b) submit a claim online at the Settlement website; or (c) submit the completed Claim Form downloaded from the Settlement website to the Claims Administrator, by mail or otherwise.  All claims must be submitted by the Claims Deadline as set forth in the Settlement Notice.  Any Claim Form postmarked after the Claims Deadline shall be deemed untimely, and an invalid claim.

10

10.03. The Claim Form shall require the Settlement Class member to provide (1) their name; (2) cell phone number(s) on which they may have been called by JPMCB; (3) current address for mailing the Settlement payment, if different from the address on the Class Notice List; and (4) the last four digits of their social security number. They may also provide a telephone number if they agree to do so, only for the purpose of facilitating the settlement process. Because JPMCB's records have more than one cell phone number linked to a separate loan number, the Settlement Class Member is required to provide the cell phone number called by JPMCB as part of the claims process.

## CLAIM REVIEW PROCESS

11.01. Each Settlement Class member who does not exclude himself or herself from the class and who makes a timely claim shall have their claim reviewed by the Claims Administrator. If the cell phone number provided by the claimant matches the cell phone number called as indicated in JPMCB's records, the claim will be approved (provided no other claim for that same cell phone was previously approved). The Claims Administrator shall review the claims and advise the Parties, at a minimum, on a monthly basis of the claims that are approved and denied. If either party wants to contest the denial or approval of any claims, they shall meet and confer, and if they are unable to resolve a dispute regarding the administration of a claim, they shall seek assistance of the Court to resolve the issues at the earliest possible date, and to attempt to have a resolution before any fairness hearing. However, if those issues are unresolved at the time of the fairness hearing, that will not prevent the fairness hearing from going forward, with the issues to be resolved at a later date but within sixty (60) days of the entry of any order regarding the fairness hearing, including any order for final approval of the settlement.

11.02. <u>Mailing of Settlement Check</u>. The settlement checks shall be sent by the Claims Administrator via U.S. mail no later than thirty (30) days after the Effective Date. If any settlement checks are returned, the Claims Administrator shall verify the mailing address using the efforts described in paragraph 9.02. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to mail the check again. The Claims Administrator shall advise Class Counsel and counsel for Defendants of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each settlement check will be negotiable for a minimum of one hundred twenty (120) days after it is

mailed. Any returned checks and un-cashed settlement checks shall be paid as a *cy pres* award as determined by the Parties and approved by the Court.

## OPT-OUTS AND OBJECTIONS

12.01. <u>Opting Out of the Settlement</u>. Any Settlement Class members who wish to exclude themselves from the Settlement Class ("opt out") must advise the Claims Administrator in writing of that intent postmarked no later than the Opt-Out Deadline. The Claims Administrator shall provide the Parties with copies of all completed Settlement Opt-Out requests, and Plaintiffs shall file a list of all who have opted out with the Court no later than ten (10) days prior to the Fairness Hearing. Except for those persons who have properly and timely submitted a Settlement Opt-Out request, all Settlement Class Members will be bound by this Agreement and the Judgment, including the Release in paragraph 16.01 below. If more than 10% (ten percent) of the Settlement Class members opt-out of the Settlement Class, then Defendants may void the settlement and proceed with the litigation, as provided in paragraphs 17.02 and 17.03 below.

A.   In the written request for exclusion, the Settlement Class member must state his or her full name, address, and telephone number. Further, the Settlement Class member must include a statement in the written request for exclusion that he or she wishes to be excluded from the settlement.

B.   Any Settlement Class member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

12.02. <u>Objections</u>. Any Settlement Class member who intends to object to the fairness of this settlement must file a written objection with the Court with a copy to class Counsel and Counsel for Defendants by the Objection Deadline.

A.   In the written objection, the Settlement Class member must state his or her full name, address, and telephone number, the reasons for his or her objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the Objection.

B.   Any Class Member who objects, as described herein, may appear at the Fairness Hearing, either in person or through an attorney hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. A Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must:

(a) file a notice of appearance with the Court no later than ten (10) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance on counsel for both Parties. Any Class Member who fails to comply with the provisions of this Section 12.02 shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Stipulation of Settlement and the Settlement, and by all proceedings, orders, and judgments in the Action.

## FINAL APPROVAL AND JUDGMENT ORDER

13.01. No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order. The Claims Administrator shall also file with the Court under seal, and serve on counsel for all parties, a final list of all Settlement Class Members (which excludes the opt-outs).

13.02. If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, at least fourteen (14) calendar days prior to Final Approval Hearing:

      A.    The Parties shall jointly request that the Court enter a Final Order and Judgment ("Final Approval Order") in substantially the form attached as Exhibit 3, with Class Counsel filing a memorandum of points and authorities in support of the motion; and

      B.    Class counsel shall file a memorandum addressing any timely submitted Objections to the Settlement, and counsel for defendants may file an additional memorandum in response.

13.03. At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable, and adequate, whether any Objections to the Settlement should be overruled, whether the Fee Award and Class Representative Award should be approved, and whether a Judgment finally approving the Settlement should be entered.

13.04. This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

      A.    Finds that the Settlement Notice provided in this action satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

B. Finds that the Settlement Class Members have been adequately represented by the named Plaintiffs and Class Counsel.

C. Finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each member of the Settlement Class (except those who submit a timely and valid request for exclusion) shall be bound by this Settlement Agreement, including the release and covenant not to sue in paragraphs 16.01 and 16.02, and that this Settlement Agreement should be and is approved;

D. Dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action against JPMCB and Fannie Mae;

E. Permanently enjoins each and every Settlement Class Member (excluding those who submit a timely and valid request for exclusion) from bringing, joining, or continuing to prosecute against JPMCB or Fannie Mae any action involving the Released Claims; and

F. Retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## **FINAL JUDGMENT**

14.01. The Judgment entered at the Final Approval Hearing shall be deemed final:

A. Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the Judgment; or

B. If any such document is filed, then fourteen (14) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the Judgment to take effect in substantially the form described in paragraph 13.04.

C. If the only appeal taken in connection with Settlement Agreement is an appeal of the Court's decision relating to Class Counsel's attorneys' fees and costs, the Settlement shall be considered final as to all other issues. The Parties agree that any such appeal shall not delay or prevent the implementation of the Settlement and the effectiveness of the Final Approval Order, excepting only the issues relating to Class Counsel's attorneys' fees and costs. If, following any such appeal, the Court awards attorneys' fees and costs to Class Counsel in an amount less than the requested attorneys' fees or costs, the positive difference between the amount sought and the amount awarded (the "Returned Fees") shall be distributed, after

14

deduction of mailing costs associated with such distribution, to Settlement Class Members, whose claims were approved, on a pro rata basis. If the amount of the Returned Fees is so small as to make it impractical to distribute the funds in that manner, the Parties may seek assistance from the Court to determine how the Returned Fees should be distributed.

## CONFIRMATORY DISCOVERY

15.01. Class Counsel has conducted limited confirmatory discovery. The purpose of that discovery was to confirm the total number of Settlement Class Members, *i.e.*, those who may have been called by JPMCB on their cellular phone numbers during the Class Period and the total number of cellular phone numbers that were called by JPMCB during the Class Period. The Confirmatory Discovery also will confirm JPMCB's enhanced loan servicing functions as described in paragraph 5.04 for electronically memorializing borrowers' express consent to be called on their cellular phone numbers.

## RELEASE OF CLAIMS

16.01. <u>Released Claims</u>. Plaintiff and each Settlement Class Member, their respective assigns, heirs, executors, administrators, successors and agents hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably attributable to the Released Claims. The release does not apply to Settlement Class Members who timely opt-out of the Settlement.

    A.    "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order that arise out of or relate in any way to the use of an

15

"automatic telephone dialing system" or an "artificial or prerecorded voice" (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law) by any of the Released Parties to contact or attempt to contact Settlement Class Members including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice, including any claim under any federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppels.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

16

16.03. <u>Covenant Not To Sue</u>. Plaintiffs agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

<b><u>TERMINATION OF AGREEMENT</u></b>

17.01. The Class Representatives in the Action, on behalf of the Settlement Class Members, by Class Counsel, and the Defendants, by their counsel, shall each have the right to unilaterally terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") to all other Parties hereto within fourteen (14) calendar days of any of the following occurrences:

        a.    the District Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

        b.    an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the District Court on remand;

        c.    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Defendants or Class Counsel seeking to terminate the Settlement Agreement reasonably considers material;

        d.    the Effective Date does not occur; or

        e.    any other ground for termination provided for elsewhere in this Agreement.

17.02. If, at the conclusion of Opt-Out Deadline, more than ten (10) percent of the Settlement Class Members opt-out of the Settlement, the Defendants shall have, in their sole and absolute discretion, the option to terminate this Agreement, within ten (10) business days after the Opt-Out Deadline.

17.03. If either Class Counsel or Defendants terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any Orders entered by the Court in connection with this Agreement shall be vacated. However, any payments made to the Claims Administrator for services rendered to the

date of termination, shall not be refunded, and JPMCB shall pay the costs of notice and claims administration incurred but not paid to that date.

## NO ADMISSION OF LIABILITY

18.01. JPMCB and Fannie Mae deny any liability or wrongdoing of any kind associated with the alleged claims in the operative complaint. JPMCB and Fannie Mae have denied and continue to deny each and every material factual allegation and alleged claim asserted in the Action. Nothing herein shall constitute an admission by JPMCB or Fannie Mae of wrongdoing or liability or of the truth of any factual allegations in the Action. Nothing herein shall constitute an admission by JPMCB and Fannie Mae that the Action is properly brought on a class or representative basis other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of JPMCB and Fannie Mae or of the truth of any of the factual allegations in the Action; (ii) are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of JPMCB in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and (iii) are not, shall not be deemed to be and may not be used as, an admission of the appropriateness of these or similar claims for class certification. Nonetheless, JPMCB and Fannie Mae have concluded that further litigation would be protracted and expensive, and would also divert management and employee time. JPMCB and Fannie Mae have taken into account the uncertainty and risks inherent in litigation. JPMCB and Fannie Mae have therefore concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

18.02. Pursuant to Federal Rules of Evidence 408 and California Evidence Code Sections 1119 and 1152, this Agreement and any related documents filed or created in connection with it shall be inadmissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## FUTURE CHANGES IN LAW OR REGULATIONS

19.01. To the extent Congress, the FCC, the Office of the Comptroller of Currency, the Consumer Financial Protection Bureau or any other relevant regulatory authority promulgates

18

any law or regulation that would govern any conduct affected by the Settlement, or promulgates different requirements under the Telephone Consumer Protection Act, 47 U.S.C. § 277, *et seq*., those laws and regulatory provisions shall control.

## MISCELLANEOUS

20.01.  <u>Entire Agreement</u>.  This Agreement and the exhibits hereto constitute the entire agreement between the Parties.  No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

20.02.  <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of California.

20.03.  <u>Non-Waiver Of Debts/Obligations Owing By Class Members</u>.  The settling parties understand and agree that this Settlement Agreement and any terms therein shall not affect in any regard any debt or obligation owed by any Settlement Class Member herein to Defendants and/or their clients, principals and their related or affiliated entities.  This Settlement Agreement does not operate to waive, extinguish or terminate any debt or obligation owed by any of the class members herein and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendants and their clients, principals and their related or affiliated entities.

20.03.  <u>Jurisdiction</u>.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class members, and over the administration and enforcement of this Agreement.

20.04.  <u>No Construction Against Drafter</u>.  This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such Party.

20.05.  <u>Resolution of Disputes</u>.  The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

20.06.  <u>Counterparts</u>.  This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

19

20.07. <u>Time Periods</u>.  The time periods and dates described herein are subject to Court approval and may be modified upon written stipulation by the parties.

20.08. <u>Authority</u>.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

20.09. <u>No Oral Modifications</u>.  This Agreement may not be amended, modified, altered or otherwise changed in any manner except by a writing signed by a duly authorized agent of Defendants and Class Counsel, and approved by the Court.

20.10. <u>Press Releases</u>.  The Parties and their counsel agree they will not issue any press releases concerning this Settlement Agreement or the resolution of the Action.

20.11. <u>Notices</u>.   Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

<u>If to Connor Class Counsel:</u>

| | | |
|---|---|---|
| Joshua B. Swigart, Esq. | Douglas J. Campion, Esq. | Abbas Kazerounian, Esq. |
| Hyde & Swigart | Law Offices of Douglas J. | Kazerouni Law Group, APC |
| 411 Camino Del Rio South, | Campion | 2700 North Main Street, |
| Suite 301 | 409 Camino Del Rio South, | Suite 1000 |
| San Diego, CA 92108 | Suite 303 | Santa Ana, California 92705 |
| Telephone:  (619) 233-7770 | San Diego, CA 92108 | Telephone: (800) 400-6808 |
| josh@westcoastlitigation.com | Telephone:  (619) 299-2091 | ak@kazlg.com |
| | doug@djcampion.com | |

<u>If to Bywater Class Counsel:</u>

Jonathan D. Selbin, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  (212) 355-9500
jselbin@lchb.com

<u>If to counsel for Settling Defendants:</u>

| | |
|---|---|
| <u>For JPMorgan Chase Bank, N.A.:</u> | <u>For Federal National Mortgage Association:</u> |
| LeAnn Pedersen Pope | Christopher Yoo |
| Burke, Warren, MacKay & Serritella, P.C. | AlvaradoSmith |
| 330 North Wabash Avenue, 22nd Floor | 1 MacArthur Place, Suite 200 |
| Chicago, IL 60611 | Santa Ana, CA 92707 |
| Telephone:  (312) 840-7000 | Telephone: (714) 852-6800 |
| lpope@burkelaw.com | cyoo@AlvaradoSmith.com |

20

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this /3 day of January, 2012.

_____
Patricia Connor, Plaintiff and Class
Representative

_____
Sheri L. Bywater, Plaintiff and Class
Representative

**APPROVED AS TO FORM:**

_____
Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108

_____
Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

_____
Abbas Kazerounian, Esq.
Kazaerouni Law Group, APC
2700 North Main Street, Suite 1000
Santa Ana, California 92705

**Counsel for Plaintiff Patricia Connor
and the Settlement Class**

_____
Jonathan Selbin, Esq.
Lieff, Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413

**Counsel for Plaintiff Sheri L. Bywater
and the Settlement Class**

Defendant JPMorgan Chase Bank, N.A
Authorized Representative

[Name] _____

Defendant Federal National Mortgage
Association, a/k/a Fannie Mae
Authorized Representative

[Name] _____

_____
LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611

_____
Christopher Yoo
Adorno Yoss Alvarado & Smith
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

**Counsel for Defendants**

21

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this _17_ day of January, 2012.

_____
Patricia Connor, Plaintiff and Class
Representative

_____
Sheri L. Bywater, Plaintiff and Class
Representative

**APPROVED AS TO FORM:**

_____
Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108

_____
Defendant JPMorgan Chase Bank, N.A
Authorized Representative

[Name] _____

_____
Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

_____
Defendant Federal National Mortgage
Association, a/k/a Fannie Mae
Authorized Representative

[Name] _____

_____
Abbas Kazerounian, Esq.
Kazerouni Law Group, APC
2700 North Main Street, Suite 1000
Santa Ana, California 92705

**Counsel for Plaintiff Patricia Connor
and the Settlement Class**

_____
LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611

_____
Jonathan Selbin, Esq.
Lieff, Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413

**Counsel for Plaintiff Sheri L. Bywater
and the Settlement Class**

_____
Christopher Yoo
Adorno Yoss Alvarado & Smith
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

**Counsel for Defendants**

21

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this _____ day of January, 2012.

_____
Patricia Connor, Plaintiff and Class
Representative

_____
Sheri L. Bywater, Plaintiff and Class
Representative

**APPROVED AS TO FORM:**

_____
Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108

_____
Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

_____
Abbas Kazerounian, Esq.
Kazerouni Law Group, APC
2700 North Main Street, Suite 1000
Santa Ana, California 92705

**Counsel for Plaintiff Patricia Connor
and the Settlement Class**

_____
Jonathan Selbin, Esq.
Lieff, Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413

**Counsel for Plaintiff Sheri L. Bywater
and the Settlement Class**

_____
Defendant JPMorgan Chase Bank, N.A
Authorized Representative

[Name] _____

_____
Defendant Federal National Mortgage
Association, a/k/a Fannie Mae
Authorized Representative

[Name] _____

_____
LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611

_____
Christopher Yoo
Adorno Yoss Alvarado & Smith
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

**Counsel for Defendants**

21

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 17th day of January, 2012.

_____
Patricia Connor, Plaintiff and Class
Representative

_____
Sheri L. Bywater, Plaintiff and Class
Representative

**APPROVED AS TO FORM:**

_____
Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108

_____
Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

_____
Abbas Kazerounian, Esq.
Kazaerouni Law Group, APC
2700 North Main Street, Suite 1000
Santa Ana, California 92705

**Counsel for Plaintiff Patricia Connor
and the Settlement Class**

_____
Jonathan Selbin, Esq.
Lieff, Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413

**Counsel for Plaintiff Sheri L. Bywater
and the Settlement Class**

_____
Defendant JPMorgan Chase Bank, N.A
Authorized Representative

[Name] _____

_____
Defendant Federal National Mortgage
Association, a/k/a Fannie Mae
Authorized Representative

[Name] _____

_____
LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611

_____
Christopher Yoo
Adorno Yoss Alvarado & Smith
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

**Counsel for Defendants**

21

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this _____ day of January, 2012.

_____
Patricia Connor, Plaintiff and Class
Representative

_____
Sheri L. Bywater, Plaintiff and Class
Representative

**APPROVED AS TO FORM:**

_____
Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108

_____
Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108

_____
Abbas Kazerounian, Esq.
Kazerouni Law Group, APC
2700 North Main Street, Suite 1000
Santa Ana, California 92705

**Counsel for Plaintiff Patricia Connor
and the Settlement Class**

_____
Jonathan Selbin, Esq.
Lieff, Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413

**Counsel for Plaintiff Sheri L. Bywater
and the Settlement Class**

_____
Defendant JPMorgan Chase Bank, N.A
Authorized Representative

[Name] Scott Powell

_____
Defendant Federal National Mortgage
Association, a/k/a Fannie Mae
Authorized Representative

[Name] _____

LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, IL 60611

Christopher Yoo
~~Adorno Yoss Alvarado & Smith~~  *Alvarado Smith, a Professional Corp.*
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

**Counsel for Defendants**

21

Exhibit 1

FRONT

Connor TCPA Settlement c/o Gilardi & Co., LLC P.O. Box 8090 San Rafael, CA 94912-8090

*Connor, et. al., v. JPMorgan Chase, et. al.*, Case No. 10 CV 1284 DMS BGS (S.D. Cal.)

## OFFICIAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

*The court authorized this notice. This is not a solicitation from a lawyer.*
**TO:** All present or former borrowers or co-borrowers whose residential mortgage loan(s) or home equity line(s) of credit is or was serviced or subserviced by JPMorgan Chase Bank, N.A. or Chase Home Finance LLC between June 16, 2006 to June 15, 2011, as well as former EMC Mortgage customers whose loans were or are serviced or subserviced by JPMCB or Chase Home Finance LLC between June 16, 2006 to July 7, 2011, and who may have been contacted on their cellular telephone(s) by Chase through the use of an automated dialer system regarding their loan(s).

## THIS CARD CONTAINS LIMITED INFORMATION ABOUT THE SETTLEMENT.

BACK

You received this postcard because JPMorgan Chase Bank, N.A.'s records indicate you have a residential mortgage loan or home equity line of credit that is or was serviced or subserviced by JPMorgan Chase Bank, N.A. or Chase Home Finance LLC (collectively, "Chase") and either you or a coborrower on the loan was contacted on your (or your co-borrower's) cellular telephone numbers(s) by Chase through the use of an automated dialer system and/or an artificial or pre-recorded voice ("autodialer") between June 16, 2006 and June 15, 2011 (for former EMC Mortgage customers, the class period ends July 7, 2011).

The Plaintiff in *Connor, et. al., v. JPMorgan Chase, et. al.,* Case No. 10 CV 1284 DMS BGS (the "Action") alleges Chase violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C., Section 227(b)(1)(A)(iii), by calling persons with home mortgages or home equity lines of credit serviced

by Chase on their cell phone numbers with an autodialer without prior express consent. The Court did not decide in favor of Plaintiffs or Chase, and Chase denies any such violation. However, to settle the case, Chase will provide a Settlement Fund of at least $7,000,000 and no greater than $9,000,000. (The Federal National Mortgage Association a/k/a Fannie Mae is also a defendant, and denies any violation of the TCPA.)

The purpose of this Summary Notice is: (a) to advise you of the proposed settlement of this Action; (b) to summarize your rights under the Settlement, including the possibility of a settlement check; (c) to advise of a court hearing to consider the final approval of the Settlement; (d) to advise you how to make a settlement claim; and (e) to advise you to go to www.connorTCPAsettlement.com to obtain more information.

The "Settlement Class" is all present or former borrowers or co-borrowers whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by Chase and either the borrower, co borrower or both, were contacted on their cellular telephone(s) by Chase through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Periods. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by Chase during the Class Period, and are thus entitled to a monetary payment.

Chase's records list the cell numbers called during the relevant time period, but do not include the names of the persons associated with the cell numbers. This Notice was sent to all persons associated with mortgage accounts with cell numbers called, not just those persons who received a call on their cell numbers and are entitled to make a claim. If Chase's records show your cell number was called during the Class Period, you may make a claim. If your cell number was not called during the Class Period, you are not eligible to make a claim, but you will benefit from procedures Chase put in place to prevent future calls to your cell phone number unless your loan servicing record is coded to reflect your prior express consent to receive calls on your cell phone.

When you submit a claim by identifying yourself and a cell phone number, the Claims Administrator will determine if that cell phone number actually was called according to Chase's records. If it was, you may make a claim for a monetary payment. If the Claims Administrator determines that cell phone number was not called, you will not be entitled to file a claim for a

monetary payment.

Subject to final Court approval, each person called on his or her cell phone number will be paid from the Settlement Fund an amount between $25.00 and $500.00 (or less than $25.00 depending on the number of claims). Each claimant will be paid the same amount depending on (1) the number of claims and (2) the amount of the Settlement Fund to pay those claims, after costs of litigation, notice, claims administration and attorneys' fees are deducted. If insufficient claims are submitted to exhaust the $7,000,000 minimum Settlement Fund, any funds remaining will be paid to a charity approved by the court.

IF YOU DO NOT WANT TO BE PART OF THIS SETTLEMENT, YOU MAY EXCLUDE YOURSELF BY ADVISING THE CLAIMS ADMINISTRATOR IN WRITING postmarked no later than Month DD, 2012. IF YOU DO NOT EXCLUDE YOURSELF, YOU WILL BE BOUND BY ANY FINAL JUDGMENT IN THE ACTION, INCLUDING THE RELEASE OF DEFENDANTS FROM ANY CLAIMS ARISING OUT OF OR RELATING TO THE USE OF AN "AUTOMATIC TELEPHONE DIALING SYSTEM" OR AN "ARTIFICIAL OR PRERECORDED VOICE."

IF YOU WANT TO OBJECT TO THE SETTLEMENT, YOU MAY FILE AN OBJECTION WITH THE U.S. DISTRICT COURT, 940 Front Street, San Diego, CA 92101 postmarked no later than Month DD, 2012, and send a copy to the Claims Administrator addressed as follows: Connor Settlement, c/o Gilardi & Co., LLC, P.O. Box 1110, Corte Madera, CA 94976-1110.

**To make a claim**, you can either (1) call XXX-XXX-XXXX; (2) go online to www.connorTCPAsettlement.com; or (3) send a written claim by mail to the Claims Administrator at the address above.

The Court has scheduled a Fairness Hearing for Month DD, 2012, at 00:00 p.m., at the U.S. District Court, 940 Front Street, San Diego, CA 92101, in Courtroom 10 to decide whether to approve the Settlement, and if so, to determine the amount of fees and costs to be awarded to Class Counsel from the Settlement Fund. Class Counsel is seeking fees of up to one-third of the $9,000,000 Settlement Fund, and costs not to exceed $25,000.

Upon final approval, the Action will be dismissed with prejudice and Class Members who do not request exclusion will be deemed to release Chase, Fannie Mae and related entities as detailed in the Settlement Agreement. See www.connorTCPAsettlement.com for more information about the settlement.

Exhibit 2

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:      (619) 233-7770
Facsimile:      (619) 297-1022

Douglas J. Campion (SBN 75381)
doug@djcampion.com
**Law Offices of Douglas J. Campion**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108

Attorneys for the Plaintiffs and Proposed
Settlement Class

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Patricia Connor**, Individually and on Behalf of All Others Similarly Situated<br><br>                    Plaintiffs,<br><br>v.<br><br>**JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae,**<br><br>                    Defendants. | Case No.: 10-CV-1284 DMS(BGS)<br>**CLASS ACTION**<br><br>**ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**<br><br><br>**THE HON. DANA M. SABRAW COURTROOM 10 (2ND. FL.)** |

WHEREAS, a putative class action is pending in this Court entitled *Patricia Connor, Individually and on Behalf of All Others Similarly Situated, v. JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae*, Case No. 10 CV 1284 DMS BGS (the "Action");

WHEREAS, a putative class action is pending in the United States District Court for the Northern District of California, San Francisco/Oakland Division, entitled *Sheri L. Bywater, on behalf of herself and all others similarly situated v. JPMorgan Chase Bank, N.A. and Chase Bank USA, N.A.*, Case No. CV 11 2257 (the "Bywater Action");

WHEREAS, the parties to the Action and to the Bywater Action have agreed, subject to Court approval following notice to the proposed Settlement Class (as described in Paragraph 2 below) and a hearing, to settle this Action upon the terms and conditions set forth in the Settlement Agreement lodged with this Court (the "Agreement"), and the Parties now request preliminary certification of a Fed. R. Civ. P. 23(b)(3) settlement class and preliminary approval of the proposed class action settlement;

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, and the Bywater Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 6 below) to confirm that the Agreement and settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

The Court has read and considered the Agreement, Preliminary Approval Motion and the record.

NOW, THEREFORE IT IS HEREBY ORDERED:

1. <u>Preliminary Approval of Proposed Settlement</u>.    The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of

reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

2. <u>Class Certification For Settlement Purposes Only</u>. Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> [A]ll present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMCB or Chase Home Finance LLC and either the borrower, coborrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

In connection with this conditional certification, the Court makes the following preliminary findings:

(a)     The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b)     There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

(c)     Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

(d)     Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

HYDE & SWIGART
San Diego, California

(e)     For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members.   Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f)     For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

3.    Class Representatives.  Plaintiffs Patricia Connor and Sheri L. Bywater are designated as class representatives for the Settlement Class.

4.    Class Counsel.  The Court appoints Hyde & Swigart, The Kazerouni Law Group, APC, the Law Offices of Douglas J. Campion, Lieff Cabraser Heimann & Bernstein, LLP, and David P. Meyer & Associates Co., LPA, as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

5.    Settlement Hearing.  A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Dana M. Sabraw, at the U.S. District Court, 940 Front Street, Courtroom 10, San Diego, CA 92101, on _____[DATE OF FINAL APPROVAL HEARING], at _____[TIME], as set forth in the notice to the Settlement Class, to determine whether the Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive award to Plaintiffs and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 14 below.   The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.   After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

6.    Class Notice.  Class Notice shall be sent within forty-five (45) days following entry of this Order.  The Court approves the form and substance of the proposed notice procedure set forth in the Agreement.  As provided in the Agreement, Defendant JPMorgan Chase

Bank, N.A. ("JPMCB") provided the Settlement Class List to Class Counsel who provided it to the Claims Administrator, Gilardi & Co. Gilardi & Co. shall mail a short form Postcard Notice to each Class Member at their last known address as provided on the Settlement Class List. The Claims Administrator will check each address against the United States Post Office National Change of Address Database, will conduct reasonable research to locate valid address information for Class Members whose Notices were returned as undeliverable, will update addresses based on forwarding information received from the United States Post Office, and will update addresses based on any requests to do so received from Settlement Class Members. The mailed notice will reference the dedicated settlement website (www.connorTCPAsettlement.com) containing the full details of the Settlement and allowing claim submission. The Settlement web page will be established prior to the mailing of any Notice and shall remain active at least thirty (30) days after the Effective Date of the Final Approval Order. The mailed notice also will contain the Claims Administrator's toll-free telephone number for telephonic inquiries about the Settlement.

7. Declaration to be Filed Regarding Notice. At least fourteen (14) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Agreement and a final list of Class Members under seal as required by the Agreement.

8. Findings Concerning Class Notice. The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.

9. Approval Of Claims Process, Settlement Fund and Cy Pres Procedure. The claims submission process described in the Agreement is hereby approved. The Court preliminarily approves the process set forth in the Agreement for submitting, reviewing, approving and paying all claims from the Settlement Fund, which Fund shall be either in the amount of $9,000,000 or $7,000,000, with the Agreement stipulating the $7,000,000 will be the

HYDE & SWIGART
San Diego, California

minimum amount paid under the Settlement by JPMCB, and the $9,000,000 will be the maximum amount paid under the Settlement by the JPMCB.  The Court also approves the process for paying the costs of notice and claims administration, Incentive Payments and the Class Counsel's attorneys' fees and litigation costs and any *cy pres* amounts from that Settlement Fund.

10.  <u>Exclusion From The Settlement Class</u>.

(a)  Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address within ninety (90) days after the Settlement Notice date.  All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

(b)  Exclusion requests must:  (i) be signed; (ii) include the full name, address and cell phone number of the person(s) requesting exclusion; and (iii) include a statement to the effect that they wish to be excluded from this settlement.  No request for exclusion will be valid unless all of the information described above is included.    No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

(c)  The Claims Administrator will retain a copy of all requests for exclusion.  Not later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received and the final list of Class members filed under seal.

(d)  If 10% (ten percent) or more persons in the Settlement Class opt out of the Settlement, then JPMCB, in its sole discretion, will have the right to terminate the Settlement and the Agreement.  In the event that the Settlement is terminated pursuant to this Paragraph, the parties will be returned to the status quo ante pursuant to the terms of the Settlement Agreement.

11.  <u>Objections And Appearances</u>.

(a)  Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may file an objection or appear at the Final Approval Hearing to argue that the proposed Settlement should

HYDE & SWIGART
San Diego, California

not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the Plaintiffs. Any persons in the Settlement Class may object to the Settlement by filing their objection with the Court and mailing a copy to Class Counsel and Defense counsel by no later than the end of the Claims Period. The objection must state the objector's full name, address and the reasons for their objection. Any documents supporting the objection must be filed with the objection.

That objection must be mailed to i) Connor Counsel: Douglas J. Campion, 409 Camino Del Rio South, Suite 303, San Diego, CA 92108; (ii) Bywater Counsel: Daniel M. Hutchinson, Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, CA 94111; (iii) JPMCB Counsel: LeAnn Pedersen Pope, Burke, Warren, MacKay & Serritella, P.C., 330 North Wabash Avenue, 22nd Floor, Chicago, IL 60611; and (iv) Fannie Mae Counsel: Christopher Yoo, AlvaradoSmith, 1 MacArthur Place, Suite 200, Santa Ana, CA 92707.

(b) In order to be heard or make an appearance at the Fairness Hearing, a Class Member or his or her attorney intending appear must: (a) file a notice of appearance with the Court no later than ten (10) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance by mail on both Counsel for Defendants and Class Counsel within the same time period at the addresses set forth directly above. Any Class Member who fails to comply with these provisions shall waive and forfeit any and all rights the Class Member may have to appear separately and/or to object, and shall be bound by all the terms of this Stipulation of Settlement and the Settlement, and by all proceedings, orders, and judgments in the Litigation. Any objections that are not timely filed and mailed shall be forever barred.

12. Further Papers In Support Of Settlement And Fee Application. Any responses to objections to the Agreement shall be filed with the Court on or before the date of the Final Approval Hearing. Any general briefing in support of final approval of the Settlement not specifically directed to objections shall be filed fourteen (14) days before the Final Approval Hearing. Any application for attorneys' fees and costs shall be filed no later than thirty (30) days prior to the last date for objecting to the Settlement. Supplemental papers in support of such fees and costs application, including objections to such fees and costs, may be filed on or before the

date of the Final Approval Hearing.

13. <u>Effect of Failure to Approve the Agreement</u>. In the event the Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect except as to payment of notice and claims administration costs to  date, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of JPMCB or Fannie Mae for the matters alleged in the Actions or for any other purpose;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against JPMCB, Fannie Mae or Plaintiffs on any point of fact or law; and

(d) Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, JPMCB or Fannie Mae's withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

14. <u>Stay/Bar Of Other Proceedings</u>. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any

HYDE & SWIGART
San Diego, California

of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

15.   <u>Second Amended Complaint.</u>   The Court approves the filing of the proposed Second Amended Complaint and orders that it be filed.  No answer or other response by the Defendants to the Second Amended Complaint is necessary, and no allegations are deemed admitted.

16.   <u>Continuing Jurisdiction</u>.   The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

**IT IS SO ORDERED.**

Dated: _____        _____

The Honorable Dana M. Sabraw

United States District Court Judge

HYDE & SWIGART
San Diego, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 3

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:      (619) 233-7770
Facsimile:      (619) 297-1022

Douglas J. Campion (SBN 75381)
doug@djcampion.com
**Law Offices of Douglas J. Campion**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108

Attorneys for the Plaintiffs and Proposed
Settlement Class

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Patricia Connor**, Individually and on Behalf of All Others Similarly Situated <br><br> Plaintiffs, <br><br> v. <br><br> **JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae,** <br><br> Defendants. | Case No.: **10-CV-1284 DMS(BGS)** <br> **CLASS ACTION** <br><br> **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** <br><br><br> **THE HON. DANA M. SABRAW COURTROOM 10 (2ND. FL.)** |

On January 13, 2012, after extensive arms-length negotiations, and settlement discussions before Magistrate Judge Bernard G. Skomal, Plaintiffs and Defendants (herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter

referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. On January 17, 2012, the Parties filed the Agreement, along with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

On _____, 2012, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement and Stipulated Injunction; (iii) appointed Plaintiffs Patricia Connor and Shari L. Bywater as the Class Representatives; (iv) appointed Hyde & Swigart, The Kazerouni Law Group, PC and the Law Offices of Douglas J. Campion as "Connor Class Counsel" and appointed Lieff, Cabraser, Heimann & Bernstein, LLP as "Bywater Class Counsel"; and (v) set the date and time of the Final Approval Hearing.

On _____, 2012, the Plaintiffs filed their Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Plaintiffs request final certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and (b)(3) and final approval of the proposed class action settlement.

On _____, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

HYDE & SWIGART
San Diego, California

The Court has read and considered the Agreement, Final Approval Motion and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. JURISDICTION: The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. SETTLEMENT CLASS MEMBERS: Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Settlement Class members with respect to the claims asserted in the Lawsuit:

> The "Settlement Class" or "Settlement Class Members" means all present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMCB or Chase Home Finance LLC and either the borrower, coborrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

3. CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT: Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs Patricia Connor and Shari L. Bywater as the Class Representatives and Hyde & Swigart, The Kazerouni Law Group, PC and the Law Offices of Douglas J. Campion as "Connor Class Counsel", and Lieff, Cabraser, Heimann & Bernstein, LLP as "Bywater Class Counsel".

4. NOTICE AND CLAIMS PROCESS: Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as

HYDE & SWIGART
San Diego, California

confirmed in its declaration filed with the Court.   The form and method for notifying the Settlement Class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.   The Court finds that the notice process was designed to advise the Settlement Class members of their rights.   Further, the Court finds that the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

5.   <u>FINAL CLASS CERTIFICATION</u>:   The Court again finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.   The Settlement Class members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

B.   There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

C.   The claims of Plaintiffs are typical of the claims of the Settlement Class members;

D.   The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

E.   Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.   The Court finds that the settlement of the Action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiffs' case, the complexity, expense and probable duration

HYDE & SWIGART
San Diego, California

of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

7. <u>SETTLEMENT TERMS</u>: The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A. The Claims Administrator shall pay each of the _____ claimants that made a timely and valid claim the sum of $_____;

B. Defendants shall pay from the Settlement Fund a total *cy pres* award of $_____ through Class Counsel to one or more organizations agreed to by the Parties and approved by the Court as set forth on Exhibit A hereto;

C. The Claims Administrator shall pay from the Settlement Fund the total sum of $5,000 to the Plaintiffs Patricia Connor and Sheri L. Bywater, payable through Connor Class Counsel, as Incentive Payments for bringing and participating in this Action;

D. The Claims Administrator shall be paid from the Settlement Fund the sum of $_____ for its costs and fees incurred for the cost of notice and claims administration; and

E. The Claims Administrator shall pay from the Settlement Fund to Connor Class Counsel the sum of $_____ as attorneys' fees and the sum of $_____ as costs incurred in litigating this Action, in the manner specified in the Agreement.

8. <u>EXCLUSIONS AND OBJECTIONS</u>: A total of ____ exclusions were received. Those persons requesting exclusion are named on Exhibit B to this Order. The Court hereby excludes these individuals from the class and settlement.

10.  The Settlement Class members were given an opportunity to object to the settlement. Only _____ Settlement Class members filed objections. After consideration of each of the objections, the Court hereby overrules such objections.

11.  This Order is binding on all Settlement Class members, except those individuals named on Exhibit B, who validly and timely excluded themselves from the Class.

12.  <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>: The Class Representative, Settlement Class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

13.  The Action is hereby dismissed with prejudice in all respects.

14.  This Order is not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

15.  Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

Dated: _____      _____

THE HONORABLE DANA M. SABRAW
UNITED STATES DISTRICT COURT JUDGE

HYDE & SWIGART
San Diego, California

Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

*Patricia Connor, Shari L. Bywater, individually and on behalf of themselves and all others similarly situated, v.*
*JPMorgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae; Case No. 10 CV 1284 DMS BGS.*

*A court authorized this notice. This is not a solicitation from a lawyer.*

**TO: All present or former borrowers or co-borrowers whose residential mortgage loan(s) or home equity line(s) of credit are or were serviced or subserviced by JPMorgan Chase Bank, N.A. or Chase Home Finance LLC ("Chase") and either the borrower, coborrower or both, were contacted on their cellular telephone(s) by Chase through the use of an automated dialer system and/or an artificial or pre-recorded voice between June 16, 2006 to June 15, 2011, except the time period for former EMC Mortgage Corp. customers whose loans were or are serviced or subserviced by Chase is June 16, 2006 to July 7, 2011.**

The purpose of this Notice is: (a) to advise you of a proposed settlement (the "Settlement") of the civil action entitled *Patricia Connor, Shari L. Bywater, individually and on behalf of themselves and all others similarly situated, vs. JP Morgan Chase Bank and Federal National Mortgage Association a/k/a Fannie Mae*, Case No. 10 CV 1284 DMS BGS (S.D. Cal.) (the "Action") between Plaintiffs, Chase and the National Federal National Mortgage Association ("Fannie Mae") (collectively, the "Defendants"); (b) to summarize your rights under the Settlement, including the possibility that you may receive a Settlement check; (c) to inform you of a court hearing to consider the final approval of the Settlement (the "Fairness or Final Approval Hearing"); (d) to advise you how to make a claim for a portion of the Settlement Fund; and (e) to advise as to how you can obtain additional information.

Patricia Connor and Shari L. Bywater, the persons who sued, are the Plaintiffs in the Action, and the companies they sued, Chase and Fannie Mae, are the Defendants. Plaintiffs allege the Defendants violated a provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227(b)(1)(A)(iii), by calling borrowers or co-borrowers on their cellular phones with autodialers or with a prerecorded voice message without prior express consent ("calls to cell phones").

Chase will fund a Settlement Fund of at least $7,000,000 and no greater than $9,000,000 to settle the claims alleged in this Action.

**Settlement Class:** Those persons in the Settlement Class are defined in the Settlement Agreement as:
All present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMCB or Chase Home Finance LLC and either the borrower, coborrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

Chase's records indicate a cell phone number was called that was associated with a home mortgage or home equity line of credit (the "account"). Chase's records do not indicate the name of the person called on the cell phone, which could have been the borrower or co-borrower listed in the account records. Receiving the postcard notice of this Settlement does not necessarily mean you will have a claim for payment under the Settlement, but it does mean that you are a Settlement Class Member. Only those class members whose cell phone numbers actually were called are entitled to receive a monetary payment. If you submit a claim and identify your cell phone number, the Claims Administrator will then confirm if your cell phone number matches the number in Chase's records as the cell phone number called, and you are entitled to monetary compensation in this action as a result. If the Claims Administrator determines your cell phone number was not called, you will benefit from the Settlement by the enhancements Chase made to its servicing system designed to prohibit the calling of a cell phone number unless the borrower's loan servicing record is systematically coded to reflect the borrower's prior express consent to call his/her cell phone.

Under the Settlement, and subject to final Court approval, Chase will establish a Settlement Fund with a minimum amount of $7,000,000 and a maximum amount of $9,000,000 in Settlement of the claims alleged in this Action. The Claims Administrator will pay an amount between $25.00 and $500.00 (or perhaps less than $25.00 depending on the number of claims made) to each person that Chase called on his or her cell phone number. The amount paid per approved

1

claim will be the same for each approved claimant, and the amount paid per claim will depend only upon 1) the number of claims filed and approved ("Approved Claim"), and 2) the amount of the Settlement Fund allocated to payment of those claims, after costs of litigation, incentive payments, costs of notice and claims administration, and attorneys' fees (collectively "Settlement Costs") are deducted from the Settlement Fund. If the number of claims to be paid exceeds the number that would permit each claimant to be paid $25.00 from the $9,000,000 maximum Settlement Fund after the Settlement Costs are paid, then the Approved Claims will be paid on a *pro rata* basis, in an amount less than $25.00. However, if the number of claims received are so few in number that even after paying all Approved Claims the $500 maximum amount permissible under the Settlement Agreement, and after paying all Settlement Costs, funds still remain in the $7,000,000 minimum Settlement Fund, those remaining funds in the $7,000,000 minimum Settlement Fund shall be paid to a charity chosen by Class Counsel and approved by the Court, and not be retained by Chase or Defendants. Thus, Chase will pay a minimum of $7,000,000 to fund this Settlement.

Subject to Court approval, for their efforts in litigating this case, Class Counsel will seek to pay from the Settlement Fund a total of $5,000 in incentive payments to the named Plaintiffs, Patricia Connor and Shari L. Bywater.

Also subject to Court approval, the Parties have agreed that Class Counsel in this Action may apply to the Court to be awarded from the Settlement Fund attorneys' fees in an amount up to $3,000,000, which is one-third of the maximum $9,000,000 settlement amount that may be paid in the Action. Chase will not oppose any such attorneys' fees request so long as it does not exceed that amount. Class Counsel shall also seek to be reimbursed from the Settlement Fund their costs of litigation incurred in the Action, and to pay the costs of Notice and Claims Administration from the Settlement Fund.

As detailed below, to find out if your cell phone number was called by Chase, and if it was, to make a claim for monetary payment, you can either 1) call [toll free number]; 2) go online to www.connorTCPAsettlement.com; or 3) send a written claim by mail to the third party Claims Administrator Gilardi & Co. at the address shown below. Even if you received this Notice, to receive a monetary payment, you must be the person associated with the account whose cell phone number was called by Chase. To make a claim, you must provide your cell phone number to the Claims Administrator that you believe may have been called by Chase. If Chase's records indicate your cell phone number was called, you may file a claim for monetary compensation. If you file a claim, you will be required to provide a current address for receiving settlement proceeds. Any information you provide in connection with your claim will not be provided to Defendants, and only will be used by the Claims Administrator for processing your claim.

Upon final approval of the Settlement, the Action will be dismissed with prejudice and the individual Plaintiffs and Class Members who do not request exclusion from the Class will be deemed to release and forever discharge Chase and Fannie Mae, and their predecessors and successors, parents companies, subsidiaries, and all affiliated companies from any and all claims arising from the facts alleged in the Action that they have and/or could assert against Defendants.

Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| Do Nothing | Stay in the lawsuit. Receive no payment. |
| File a Claim | Make a claim **by _____, 20__**, either online, by mail, or over the phone and receive payment if you are an eligible Class Member and the Settlement is finally approved. |
| Go to a Hearing | Ask to speak in Court about the fairness of the Settlement. |
| Object | Write to the Court and explain why you do not like the Settlement. |
| Exclude Yourself | Get no payment. This is the only option that allows you to ever be part of another lawsuit involving the claims in this Action against Defendants. |

These rights and options – and the deadlines to exercise them – are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

SUMMARY OF LAWSUIT AND SETTLEMENT ........................................................................................1

BASIC INFORMATION
  1. Why did I get a postcard with a Notice? ........................................................................................4
  2. What is this lawsuit about? ........................................................................................4

3. What is a class action? .................................................................................................5
4. Why is there a Settlement and what is it? .....................................................................5
5. Am I eligible to be part of the Settlement? ...................................................................5

THE SETTLEMENT BENEFITS – WHAT YOU GET
6. What does the Settlement provide? ...............................................................................6

HOW YOU GET THE MONETARY PAYMENT
7. How can I get a monetary payment? .............................................................................6
8. When would I get my payment? ....................................................................................7
9. What am I giving up by getting my monetary payment and staying in the Class? .......7

EXCLUDING YOURSELF FROM THE SETTLEMENT
10. How do I get out of the Settlement? ..............................................................................7
11. If I do not exclude myself, can I sue Defendants for the same thing later? ..................8
12. If I exclude myself, can I get the monetary payment? ..................................................8

THE LAWYERS REPRESENTING YOU
13. Do I have a lawyer in this case? ...................................................................................8
14. How will the lawyer be paid and what other costs are there to be paid and by whom? ...8

OBJECTING TO THE SETTLEMENT
15. Do the Class Representatives get paid anything for their services? .............................8
16. If I want to object to the Settlement, how do I do so? ..................................................9
17. What's the difference between "objecting" and "excluding yourself?" ........................9

THE COURT'S FAIRNESS HEARING
18. When and where will the Court decide whether to give final approval to the Settlement? .......9
19. Do I have to come to the hearing? ................................................................................9
20. What if I want my own lawyer to attend the fairness hearing? ....................................9

IF YOU DO NOTHING
21. What happens if I do nothing at all? .............................................................................9

GET MORE INFORMATION
22. Are there more details about the Settlement? .............................................................10

Appendix (Releases) .............................................................................................................11

## BASIC INFORMATION

**1.     Why did I get a post card notice?**

Chase's records indicate you or a co-borrower were called on a cell phone by Chase between June 16, 2006 and June 15, 2011, or between June 16, 2006 to July 7, 2011 if you were a former EMC Mortgage customer whose loan(s) was serviced by Chase (the "Class Period"). You may be entitled to a cash payment under the Settlement of this Action. If your cell phone number matches the cell phone number called as determined by the Claims Administrator, you are entitled to a payment. Chase's records list the cell phone numbers called during the relevant time period, but do not include the names of the persons associated with accounts with cell numbers that were called during the Class Period, not just those persons who received a call on their cell numbers and are entitled to make a claim. If you believe you may have been called on your cell number by Chase during the Class Period, you may contact the Claims Administrator to confirm whether your cell number was called. If Chase's records show your cell phone number was called during the Class Period, you may make a claim. If your cell number was not called during the Class Period, you are *not* eligible to make a claim.

The Parties have provided Notice of the Settlement to all Class Members. Potential claimants for monetary payments may submit a claim and provide their cell phone numbers on the claim, or prior to submitting a claim, may check with the Claims Administrator to determine whether their cell phone number actually was called by Chase. Not every person who received Notice of Settlement is entitled to a monetary payment from the Settlement. Only those persons whose cell phone numbers actually were called by Chase may receive a monetary payment under the Settlement.

3

The Court has given a preliminary approval to this proposed Settlement and ordered the post card notice to be sent to persons whose names appeared in Chase's records associated with a home mortgage or home equity line of credit and a cell phone number called during the Class Period. The Court also ordered that this Notice to be placed on the Settlement website. As a Class Member, you have a right to know about a proposed Settlement of a class action lawsuit, and about all your options, before the Court decides whether to give final approval to the settlement. If the Court approves it, payments under the terms of the Settlement will be made.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2.     What is this lawsuit about?**

Plaintiffs allege that Chase violated the TCPA by calling persons on their cell phone numbers with either an autodialer or by a prerecorded voice message, or both, without that person's prior express consent. Plaintiffs sought statutory damages of up to $500 for each call negligently made and up to $1,500 for each call made intentionally. Defendants deny they violated the TCPA.

**3.     What is a class action?**

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Patricia Connor and Shari L. Bywater), sue on behalf of people who have similar claims. All these people are a "Class" or, in other words, "Class Members." One court resolves the issues for all Class Members, except for those who ask to be excluded from the Class. U.S. District Court Judge Dana M. Sabraw is the judge assigned to this lawsuit. He will decide whether this Settlement should be approved.

**4.     Why is there a Settlement and what is it?**

The Court did not decide in favor of the Plaintiffs or the Defendants. Instead, both sides have voluntarily agreed to a settlement before any trial which provides for several benefits: (1) Chase will establish a Settlement Fund of a minimum of $7,000,000 and a maximum of $9,000,000, with the amount dependent upon the number of claims received. (2) The costs of Notice and claims administration will be paid from the Settlement Fund, as will Plaintiff's attorneys' fees and costs of litigation they have incurred. (3) The amount paid per claim will be the same for all claims paid, but will depend upon both the amount of claims made and the amount of all costs of Settlement that will have to be paid, including costs of Notice and claims adminsitration, and attorneys' fees and litigation costs ("Settlement Costs"), which will be deducted from the Settlement Fund before determining the amount available to pay the claims. (4) In any event, Chase will be required to pay a minimum of $7,000,000, even if the number of claims made will not justify that amount of payment, even at the maximum amount allowed of $500.00 per claim. If the number of claims is not sufficient to reach the $7,000,000 minimum payment amount after paying all the claims and the Settlement Costs, Chase shall pay the difference between (i) the amount necessary to pay all claims made, the Settlement Costs, and (ii) the minimum $7,000,000 payment to a charity chosen agreed upon by the Parties and approved by the Court. Upon taking all matters into consideration, the Class Representatives and their attorneys think the Settlement is in the best interests of all Class Members.

**5.     Am I eligible to be part of the Settlement?**

If you received the postcard notice by mail you are part of the Settlement Class as defined below. However, that does not guarantee you are entitled to a monetary payment. Your cell phone number must have been called by Chase for you to qualify for the monetary payment. If you were not called, you will benefit from the Settlement by the enhancements Chase made to its servicing system designed to prohibit the calling of a cell phone number unless the borrower's loan servicing record is systematically coded to reflect the borrower's prior express consent to call his/her cell phone.

Potential claimants for monetary payments may submit a claim and provide their cell phone numbers on the claim, or prior to submitting a claim, may check with the Claims Administrator to determine whether their cell phone number actually was called by Chase. Not every person who received Notice of Settlement is entitled to a payment from the Settlement. Only those persons whose cell phone numbers actually were called by Chase may receive a payment under the Settlement.

The Parties agreed and the Judge confirmed that the following persons should be included in the Settlement Class:

The "Settlement Class" or "Settlement Class Members" means all present or former borrowers or co-borrowers as identified in JPMCB's records whose residential mortgage loan or home equity line of credit is or was serviced or subserviced by JPMCB or Chase Home Finance LLC and either the borrower, coborrower or both, were contacted on their cellular telephone(s) by JPMCB through the use of an automated dialer system and/or an artificial or pre-recorded voice during the Class Period. Subclass A of the Settlement Class consists of those persons whose cell

4

phones were actually called by JPMCB or Chase Home Finance LLC during the Class Period, and are thus entitled to a monetary payment. Excluded from the Settlement Class are Defendants, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest, the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs and immediate families, as well as all persons who validly request exclusion from the Settlement Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.     What does the Settlement provide?**

The Settlement Agreement requires that Chase provide a Settlement Fund as follows:

(1)   Chase shall pay a maximum total settlement amount of $9,000,000, and a minimum settlement amount of $7,000,000. That Settlement Fund shall pay for all Approved Claims and Settlement Costs. Class members who were called on their cell phones will be paid a cash amount for their Approved Claims and that amount will be dependent upon the number of Approved Claims and the amount of Settlement Costs. The Settlement Agreement provides for the claims to be no more than $500.00 and no less than $25.00, unless the total number of claims and the Settlement Costs deducted from the $9,000,000 maximum settlement fund require a *pro rata* reduction of the $25.00 amount.

(2)   If the amount of submitted approved claims is such that no more than the minimum of the $7,000,000 floor is needed to pay all Approved Claims and Settlement Costs, the amount paid per approved claim shall be divided among the approved claimants on a *pro rata* basis from the amount remaining after deducting the Settlement Costs from the $7,000,000, the "Minimum Claims Payment Fund", up to a maximum recovery of $500 per approved claim. If the Approved Claims and Settlement Costs are greater than $7,000,000, then Chase will pay the additional Approved Claims with an upper limit of $9,000,000 for all Approved Claims payments and Settlement Costs. If the total Approved Claims and Settlement Costs exceed $7,000,000, but are less than $9,000,000, Chase will not be required to pay any amounts greater than the Approved Claims and Settlement Costs amount, even if that amount is less than $9,000,000.

(3)   If a sufficient number of Approved Claims are submitted so as to reduce the amount paid per approved claim on a *pro rata* basis to $25.00, then the Approved Claims shall all be paid $25.00 until and, if, a sufficient number of Approved Claims are received to exceed the maximum payout amount of $9,000,000 after deducting the Settlement Costs. If that occurs, all Approved Claims shall be paid a *pro rata* amount of the funds remaining of the $9,000,000 after the Settlement Costs are paid from the $9,000,000. In other words, no approved claim shall be paid less than $25.00 unless the amount of total Approved Claims and Settlement Costs exceed $9,000,000.

(4)   If fewer claims are received to leave funds available in the $7,000,000 minimum payout amount after all such claims are paid capped at $500, and after Settlement Costs are paid, those remaining funds shall be paid to a *cy pres* recipient (a charity approved by the court), and designated by Plaintiff's counsel and approved by Chase's counsel, or if not so approved, the court will decide on the *cy pres* recipient. Chase's' responsibility to pay any amounts in settlement shall not exceed the $9,000,000, and if the total amount of Approved Claims and Settlement Costs exceeds $7,000,000 but does not exceed $9,000,000, Chase shall only be liable for such total amount.

**7.     How can I get a monetary payment?**

To determine if you are eligible for a monetary payment under the Settlement, first you must confirm if your cell phone number was called by Chase. You can do so in a number of ways:

(1)   Calling the Claims Administrator, Gilardi & Co. LLC, at its toll-free number, 1-888-_____, between the hours of 7:00 a.m. and 5:00 p.m. PT. You will provide your cell phone number. and the Claims Administrator will check it against the list of cell phone numbers called. If your number is on the list, you can file a claim for payment at that time;

(2)   Submitting a request for cell phone confirmation online at the website www.connorTCPAsettlement.com; or

(3)   Submitting a a request for cell phone confirmation in writing to the Claims Administrator. If in writing, you must include your name, your identfying claim number from the postcard you received informing you of the Settlement, and your cell phone number that you think may have been called. You must also advise how the Claims Administrator can contact you (either by telephone, email or in writing) to advise you if your cell

phone number is on the list of cell phone numbers called. If the Claims Administors informs you your cell phone numbers is on the list, you then may submit a request for a monetary payment, either in writing, at the toll-free number above, or online. Written requests must be submitted to the following address:

Connor Lawsuit
Gilardi & Co., LLC
P.O. Box 1110
Corte Madera, CA 94976-1110

In order to request confirmation of a call to your cell phone number, if you believe you may have been called by Chase on your cell phone number between June 16, 2006 and June 15, 2011 (or July 7, 2011 for former EMC Mortgage cusomters), you need to provide the following information: (1) name; (2) claim number on the post card sent to you informing you about the Settlement; (3) cell phone number on which you may have been called; (4) if you believe you are entitled to a monetary payment, your current address for mailing the Settlement payment, if different from the postcard notice address; and (5) if necessary to confirm your identity, the last four digits of your social security number. You may also provide a current telephone number if you agree to do so, in order to allow the Claims Administrator to contact you if there are any questions or problems.

**The deadline to submit a claim is _____, 2012**. All calls or online claims must be made on or before close of business on that date. If you submit your claim by mail, your claim must be **postmarked** on or before that date.

**The Settlement Agreement incorporated in the Court's Order provides that none of the information you give to the Claims Administrator is going to be given to Defendants, including any updated addresses or telephone numbers**.

This Settlement does not resolve, waive or dispose of any obligation or debt that you may owe to Defendants.

**8.      When would I get my payment?**
The Court will hold a "Final Approval" or "Fairness" hearing on _____, 2012, to decide whether to grant final approval of the Settlement. If Judge Sabraw grants final approval, and there is no appeal of the approval ruling, the ruling will become final by law in thirty days from the date of the ruling. The Claims Administrator will attempt to pay all claims within 30 days of the date the ruling becomes final, but there may be some delay beyond that date. If there are any appeals of the Court's approval of the Settlement, the approval order does not take effect until those appeals are resolved. It is always uncertain whether and when appeals would be resolved, and payment under this Settlement cannot be made until the approval order is final.

**9.      What am I giving up to get my monetary payment and staying in the Class?**
As an eligible Class Member, unless you exclude yourself, you are a member of the Class. That means that you cannot sue, or be part of any other lawsuit against Defendants that arise out of or relate in any way to the facts alleged in this Action, including the fact that Chase called you on your cellular telephone number. It also means that all of the Court's orders will apply to you and legally bind you. By staying in the Settlement Class, you agree to release claims, known and unknown, arising from the facts alleged in the Action. The full text of the Release of Claims sections of the Settlement Agreement are set forth in the Appendix at the end of this Notice.

You are releasing those "Released Claims" against the "Released Parties" which means Defendants Fannie Mae and Chase, and each of their past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, clients, re-insurers, shareholders, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, joint ventures, and any entities directly or indirectly involved in the Lawsuit.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, or you want to keep the right to sue or continue to sue the Defendants on your own, then you must take steps to get out of the Settlement. This is called "excluding yourself" from or "opting out" of the Class.

**10.      How do I get out of the Settlement?**
To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in *Connor v. JPMorgan Chase, et. al.*  Be sure to include your name, address, telephone number, and your

6

signature.   **You must mail your exclusion request postmarked no later than _____, 2012** to the Claims Administrator at the following address:

Connor TCPA Lawsuit
Gilardi & Co., LLC
P.O. Box 8090
San Rafael, CA 94912-8090

You cannot exclude yourself by telephone or email.  If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this Action.

**11.    If I don't exclude myself, can I sue the Defendants for the same thing later?**

No.  Unless you exclude yourself from the Settlement, you give up any right to sue the Defendants for the claims that this Settlement resolves.  If you have a pending lawsuit against either or both of these entities, and you are not certain if that lawsuit is about any of the issues in this case, speak to your lawyer in that case immediately.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2012.

**12.    If I exclude myself, can I get the monetary payment?**

No.

### THE LAWYERS REPRESENTING YOU

**13.    Do I have a lawyer in this case?**

Douglas J. Campion, of the Law Offices of Douglas J. Campion, Joshua B. Swigart, of Hyde & Swigart, both of San Diego, California, and Abbas Kazerounian or The Kazerouni Law Group, PC, of Santa Ana, California, have been approved by the Court to represent you and other Class Members.  These lawyers are called Class Counsel.

**14.    How will the lawyer be paid and what other costs are there to be paid and by whom?**

You will not be charged individually for these lawyers as they will ask the Court to award their attorneys' fees and costs of litigation from the Settlement Fund obtained for the Class.  Chase agrees not to object to any attorneys' fees amount requested by Class Clounsel so long as it is less than or equal to $3,000,000, which is one-third of the $9,000,000 maximum settlement amount agreed upon in the Settlement Agreement.  Class Counsel intends to request the Court award an amount less than or equal to that amount for attorneys' fees at the Final Approval hearing.  Class Counsel also will ask that the Court award their costs of suit incurred in the Action, in an amount less than $25,000.  The Court has to approve any request for attorneys' fees and costs in this Action.  If you want to be personally represented by your own lawyer, you may hire one at your expense.

Class Counsel will also seek Court approval and reimbursement from the Settlement Fund of the costs of giving Notice and providing claims administration in this case.   Those costs are estimated to be approximately $916,523 but could be more or less than that amount after notice is provided and after the administration of the claims.

### INCENTIVE PAYMENTS PAID TO THE CLASS REPRESENTATIVES

**15.    Do the Class Representatives get paid anything for their services?**

Subject to Court approval, for their efforts in litigating this case, Class Counsel will seek to pay from the Settlement Fund Chase a total of $5,000 in incentive payments to be divided between and paid to Plaintiffs Patricia Connor and Sheri L. Bywater.

### OBJECTING TO THE SETTLEMENT

**16.    If I want to object to the Settlement, how do I do so?**

As a Class Member, you can object to the Settlement if you do not like all or any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the *Connor v. JPMorgan Chase, et. al.* Settlement, and include the Case No. 10 CV 1284 DMS BGS. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement.

**Mail the objection to the following addresses no later than _____, 2012.**

| Clerk of the Court | Douglas J. Campion, Esq. | LeAnn Pedersen Pope, Esq. |
|---|---|---|
| U.S. District Court | Law Offices of Douglas J. Campion | Burke, Warren, MacKay & Serritella, P.C. |
| Southern District of California | 409 Camino Del Rio South, Suite 303 | |
| 940 Front Street | San Diego, California 92108 | 330 North Wabash Avenue, 22nd Floor |
| San Diego, CA 92101 | | Chicago, IL 60611 |

You may also ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Connor v. JPMorgan Chase, et. al.,* Case No. 10 CV 1284 DMS BGS. Be sure to include your name, address, telephone number, and your signature. **Your Notice of Intention to Appear must be postmarked no later than _____, 2012 and be sent to the Court, Class Counsel and Defendant's counsel at the above addresses.**

You cannot object or speak at the hearing if you "excluded yourself" from the Class.

**17.     What's the difference between "objecting" and "excluding yourself?"**
Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to give final approval to the Settlement. You may attend and you may speak, but you don't have to. The hearing is called a Fairness Hearing or Final Approval Hearing.

**18.     When and where will the Court decide whether to give final approval to the Settlement?**
The Court will hold a Fairness Hearing at _____ .m. on _____, 20__ at the U.S. District Court, Southern District of California, 940 Front Street, Courtroom 10, San Diego, CA 92101 before the Honorable Dana M. Sabraw. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. If anyone has asked to speak at the hearing, Judge Sabraw will listen to them at that time. The Court will decide after the hearing whether to approve the Settlement as fair and reasonable, to give final approval to the amount of attorneys' fees and costs to be paid from the Settlement Fund that Class Counsel seek for their representation of the Class, approval of the costs of notice and claims administration to be paid from the Settlement Fund, and to the incentive payments from the Settlement Fund to be provided to the Class representatives for bringing and litigating this action. We do not know how long these decisions will take.

**19.     Do I have to come to the hearing?**
No. Class Counsel will answer questions Judge Sabraw may have that are directed to the Class. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

**20.     What if I want my own lawyer to attend the fairness hearing?**
At your own expense, you may have your own lawyer appear for you if you like. If you hire your own lawyer, that lawyer must send a Notice of Intention to Appear detailed in 16 above which is postmarked no later than _____, 2012. The Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defendant's counsel at the addresses above.

## IF YOU DO NOTHING

**21.     What happens if I do nothing at all?**
If you do nothing, you will be part of the Class and you will receive the benefits detailed above, including the monetary payment if you make a claim.

You will also be precluded from being part of any other lawsuit against the Defendants Chase and Fannie Mae relating to the released claims in this case. It also means that all of the Court's orders will apply to you and legally bind you.

8

## GET MORE INFORMATION

**22.    Are there more details about the Settlement?**

    This Notice summarizes the proposed Settlement, and more details are in the Settlement Agreement, which is part of the Court file, a public record.  Many of the court papers, including the Settlement Agreement, are also posted on the Settlement website www.connorTCPAsettlement.com.  You also can get a copy of the Settlement Agreement or review any other part of the papers relating to the lawsuit by examining the records of this case, *Connor v. JPMorgan Chase, et. al.,*  Case No. 10 CV 1284 DMS BGS at the Clerk's office at the U.S. District Court, Southern District of California, 940 Front Street, San Diego, California 92101.  The clerk's office has the ability to make copies of any such public documents for you.  Also, all filed documents in the case, including the Settlement documents, are available for viewing online through the Court's PACER document review system.

### PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

Dated: _____

By Order of The U.S. District Court<br>San Diego, California

9

## APPENDIX

Released Claims as defined in the Settlement Agreement:

## RELEASE OF CLAIMS

16.01.  Released Claims.  Plaintiff and each Settlement Class Member, their respective assigns, heirs, executors, administrators, successors and agents hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have in state or federal court, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably attributable to the Released Claims.  The release does not apply to Settlement Class Members who timely opt-out of the Settlement.

A.   "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order that arise out of or relate in any way to the use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law) by any of the Released Parties to contact or attempt to contact Settlement Class Members including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any other statutory or common law claim arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice, including any claim under any federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppels.

Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective.  This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to

10

release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

    16.03.  <u>Covenant Not To Sue</u>.  Plaintiffs agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

# AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE

This Amendment to Settlement Agreement and Release (the "Amendment") is made by and among Plaintiffs and Defendants.[1]

## I.    RECITALS

This Amendment is made with reference to and in contemplation of the following facts and circumstances:

A.     On January 17, 2012, Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement in the Action attaching, as an exhibit, the Settlement Agreement.  On March 12, 2012, the Court granted Preliminary Approval of the Class Action Settlement.

B.     Following Preliminary Approval, notice was provided to 1,381,406 Settlement Class Members.

C.     On July 20, 2012, Plaintiffs filed their Motion for Final Approval of Class Action Settlement.  The Final Approval Hearing was set for August 3, 2012.

D.     Prior to the hearing date on the Motion for Final Approval, Defendants identified a portion of the Settlement Class that inadvertently was not provided notice.  As a result, the Parties agreed to continue the hearing on the Motion for Final Approval in order to allow Defendants to identify the entire population.  Defendants have identified an additional 1,498,593 Settlement Class Members ("Newly-identified Settlement Class Members"), of which 1,303,112 are potentially entitled to make a claim.

E.     On July 31, 2013, the Parties participated in mediation with a private mediator (Judge Edward A. Infante (Ret.) of JAMS) to address inclusion of the Newly-identified Settlement Class Members.  Following mediation, the Parties continued negotiations and Defendants thoroughly reviewed its processes in an effort to ensure that they identify each Settlement Class Member.  This Amendment reflects the agreement reached at mediation and finalized thereafter.

---

[1] Terms are used herein as defined in the Settlement Agreement And Release ("Settlement Agreement").

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree to the following Amendment to the specified sections of the Settlement Agreement, subject to approval by the Court:

### SETTLEMENT CLASS BENEFITS

5.05. The Maximum Total Settlement Cost is increased from $9,000,000 to $11,268,058.

5.06. Newly-identified Settlement Class Members who were actually called on their cellular telephones by JPMCB or Chase Home Finance LLC during the Class Period ("Newly-identified Settlement Class Members of Subclass A") are entitled to make a claim not to exceed $69.97 per claim on the same basis as set forth in the Settlement Agreement. Claims of the Newly-identified Settlement Class Members of Subclass A are capped at $69.97 but may be reduced pro rata, along with the claim amount for all Approved Claims previously received, if more than 60,998 new, valid and timely claims are received. Alternatively, the claim amount for all Approved Claims may increase if the Court reduces the amount of attorneys' fees and costs sought by Class Counsel.

5.07. Notice and administration costs associated with providing notice to the Newly-identified Settlement Class Members of up to $580,500 will be paid by JPMCB. If the notice and administration costs exceed this amount, the Parties will renegotiate the allocation of notice and administration costs before Judge Infante.

### ATTORNEYS' FEES, COSTS AND PAYMENT TO NAMED PLAINTIFFS

6.03. Class Counsel shall move the Court for an award of attorneys' fees and costs to be paid from the Settlement Fund. Defendants will not object to a request by Class Counsel for attorneys' fees and costs associated with the Newly-identified Settlement Class Members totaling $125,000.

## NOTICES

9.06.  The Claims Administrator shall send the Settlement Notice to each Newly-identified Settlement Class Member via first class mail or e-mail, if available, within forty-five (45) days after approval by the Court.  The Claims Administrator shall use the list of Newly-identified Settlement Class Members provided to it by JPMCB.  The Settlement Administrator shall send one Settlement Notice to each unique address but will address that single Settlement Notice to each and every Settlement Class Member located at that address.  Additional notice will not be provided to Settlement Class Members who previously received the Settlement Notice; instead, only the Newly-identified Settlement Class Members will be sent the Settlement Notice.  The Claims Administrator shall use the same methods described in the Sections 9.01-9.04 of the Settlement Agreement for locating, mailing, re-mailing and utilizing a website and toll free number to contact the Newly-identified Settlement Class Members.

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to be executed as of March __, 2014:

**PLAINTIFFS:**

_____
Patricia Connor

_____
Sheri L. Bywater

**JPMorgan Chase Bank, N.A.:**

By:     _____

Its:     _____

**Federal National Mortgage Association:**

By:     _____

## NOTICES

9.06. The Claims Administrator shall send the Settlement Notice to each Newly-identified Settlement Class Member via first class mail or e-mail, if available, within forty-five (45) days after approval by the Court. The Claims Administrator shall use the list of Newly-identified Settlement Class Members provided to it by JPMCB. The Settlement Administrator shall send one Settlement Notice to each unique address but will address that single Settlement Notice to each and every Settlement Class Member located at that address. Additional notice will not be provided to Settlement Class Members who previously received the Settlement Notice; instead, only the Newly-identified Settlement Class Members will be sent the Settlement Notice. The Claims Administrator shall use the same methods described in the Sections 9.01-9.04 of the Settlement Agreement for locating, mailing, re-mailing and utilizing a website and toll free number to contact the Newly-identified Settlement Class Members.

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to be executed as of March ___, 2014.

PLAINTIFFS:

_____
Patricia Connor

_____
Sheri L. Bywater

JPMorgan Chase Bank, N.A.:

By: _____

Its: _____

Federal National Mortgage Association:

By: _____

LA 51732344

**NOTICES**

9.06.  The Claims Administrator shall send the Settlement Notice to each Newly-identified Settlement Class Member via first class mail or e-mail, if available, within forty-five (45) days after approval by the Court.  The Claims Administrator shall use the list of Newly-identified Settlement Class Members provided to it by JPMCB.  The Settlement Administrator shall send one Settlement Notice to each unique address but will address that single Settlement Notice to each and every Settlement Class Member located at that address.  Additional notice will not be provided to Settlement Class Members who previously received the Settlement Notice; instead, only the Newly-identified Settlement Class Members will be sent the Settlement Notice.  The Claims Administrator shall use the same methods described in the Sections 9.01-9.04 of the Settlement Agreement for locating, mailing, re-mailing and utilizing a website and toll free number to contact the Newly-identified Settlement Class Members.

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to be executed as of March __, 2014:

**PLAINTIFFS:**

_____
Patricia Connor

_____
Sheri L. Bywater


**JPMorgan Chase Bank, N.A.:**


By: _____

Its: _____


**Federal National Mortgage Association:**


By: _____

Its:  <u>                           </u>

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

LAW OFFICES OF DOUGLAS J. CAMPION        Dated:  March \_\_\_, 2014

By:  <u>                               </u>
                Douglas J. Campion

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP        Dated:  March \_\_\_, 2014

By:  <u>                               </u>
                Jonathan D. Selbin

HYDE & SWIGART        Dated:  March \_\_\_, 2014

By:  <u>                               </u>
                Joshua B. Swigart

KAZAEROUNI LAW GROUP, APC                            Dated: March ___, 2014


By: _____
              Abbas Kazerounian


**APPROVED AS TO FORM:**


**JPMORGAN CHASE BANK, N.A.'S**                      Dated: March ___, 2014
**COUNSEL**
STROOCK & STROOCK & LAVAN LLP


By: _____
              Julia B. Strickland


**FEDERAL NATIONAL MORTGAGE**                        Dated: March ___, 2014
**ASSOCIATIONS' COUNSEL**
ALVARADO SMITH


By: _____
              Christopher Yoo

Its: _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

LAW OFFICES OF DOUGLAS J. CAMPION                    Dated: March ___, 2014

By: _Douglas J Campion / EID_

          Douglas J. Campion

LIEFF, CABRASER, HEIMANN &                    Dated: March ___, 2014
BERNSTEIN, LLP

By: _____

          Jonathan D. Selbin

HYDE & SWIGART                    Dated: March ___, 2014

By: _____

          Joshua B. Swigart

LA 51732344

Its: _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

LAW OFFICES OF DOUGLAS J. CAMPION                    Dated: March ___, 2014


By: _____

            Douglas J. Campion



LIEFF, CABRASER, HEIMANN &                           Dated: March 20, 2014
BERNSTEIN, LLP

By: _____

            ~~Jonathan D. Selbin~~
            Daniel M. Hutchinson



HYDE & SWIGART                                       Dated: March ___, 2014


By: _____

            Joshua B. Swigart



LA 51732344

Its:  _____

**APPROVED AS TO FORM AND
CONTENT:**

**CLASS COUNSEL**

LAW OFFICES OF DOUGLAS J. CAMPION                    Dated:  March ___, 2014


By:  _____

           Douglas J. Campion




LIEFF, CABRASER, HEIMANN &                           Dated:  March ___, 2014
BERNSTEIN, LLP


By:  _____

           Jonathan D. Selbin




HYDE & SWIGART                                       Dated:  March _18_, 2014


By:  _____

           Joshua B. Swigart


LA 51732344

KAZAEROUNI LAW GROUP, APC                    Dated:  March ___, 2014

By: _____
            Abbas Kazerounian

**APPROVED AS TO FORM:**

**JPMORGAN CHASE BANK, N.A.'S**                 Dated:  March ___, 2014
**COUNSEL**
STROOCK & STROOCK & LAVAN LLP

By: _____
            Julia B. Strickland

**FEDERAL NATIONAL MORTGAGE**                   Dated:  March ___, 2014
**ASSOCIATIONS' COUNSEL**
ALVARADO SMITH

By: _____
            Christopher Yoo

KAZAEROUNI LAW GROUP, APC                     Dated:  March ___, 2014


By:  _____
                Abbas Kazerounian


**APPROVED AS TO FORM:**

**JPMORGAN CHASE BANK, N.A.'S**              Dated:  March 20, 2014
**COUNSEL**
STROOCK & STROOCK & LAVAN LLP

By:  _____
                Julia B. Strickland


**FEDERAL NATIONAL MORTGAGE**                Dated:  March ___, 2014
**ASSOCIATIONS' COUNSEL**
ALVARADO SMITH

By:  _____
                Christopher Yoo


LA 51732344